**KC | KALMANSON COHEN**

Randi M. Cohen
PARTNER
c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

November 1, 2023

**Via ECF**
The Honorable Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    <u>Galvan v. Rolling Lawns, Inc. et al.</u>, Case No. 7:23-cv-06724(CS)

Dear Judge Seibel:

      We represent the Plaintiff, Nepamuceno Galvan ("Mr. Galvan" or "Plaintiff") in the captioned action. Pursuant to Section 2(A) of Your Honor's Individual Rules of Practice, Plaintiff respectfully submits this letter in response to Rolling Lawns, Inc., David Ferraro, and Evan Ferraro's ("Defendants") pre-motion conference letter, dated October 4, 2023.[1] Defendants' anticipated motion is without merit; Defendants do little more than isolate parts of the Complaint in an effort to mischaracterize its contents. Plaintiff's claims are more than sufficiently pled and would easily survive a motion to dismiss.

      Mr. Galvan is a 59-year-old Hispanic man who was a dedicated employee of Defendants for over 30 years. Compl. ¶¶1-2.[2] Plaintiff brought the instant action against Defendants for wage and hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), recordkeeping violations under the FLSA and failure to furnish wage statements in violation of the NYLL, and age and disability-based discrimination under the New York State Executive Law §§ 296 *et seq*. ("NYSHRL"), *only*. Compl. ¶4.[3]

**Plaintiff Has Sufficiently Pled Claims Under the FLSA and NYLL.**

      The Complaint alleges that from 2019 (when Defendants demoted Plaintiff and he became overtime eligible under relevant law) through 2023, Defendants failed to pay Plaintiff overtime wages. *See id*. ¶54, 89. The Complaint also calculates how, in these 4 years, Defendants failed to pay Plaintiff overtime in excess of 40 hours worked. *See id*. ¶¶56-59 (Plaintiff worked from approximately 7:15 a.m. to 5:30 p.m., six days per week, Monday through Saturday, with a 30-minute lunch break each day, totaling approximately 60 hours per week).

---

[1] Defendants' pre-motion conference letter (ECF No. 12) is hereinafter referred to as the "PMC Letter."
[2] Citations to "Compl." refer to the Complaint in this action (ECF No. 1).
[3] Defendants wholly fail to address how Plaintiff's Third Claim for Relief (Recordkeeping violations under the FLSA) and Seventh Claim for Relief, (against Defendants Evan and David Ferraro for Aiding and Abetting Discrimination under the NYSHRL) are purportedly insufficient. These omissions, alone, demonstrate that the Complaint in its entirety cannot be dismissed.

The Complaint alleges that Plaintiff worked approximately 60 hours *each and every* workweek from 2019 to 2023, and Defendants failed to properly pay him for his work during this time period. *Id*. ¶92. ("Defendants knew that Plaintiff worked approximately sixty (60) hours *every workweek*. However, Defendants did not pay for hours worked in excess of forty (40) hours per workweek.") (emphasis added). Nothing more is needed at this stage. Defendants ignore the progeny of *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013), in arguing that Plaintiff must identify a "given workweek" during which Defendants failed to pay overtime. This is not the law. Courts succeeding *DeJesus* have held that "***Dejesus* does not preclude a plaintiff from proceeding with an FLSA claim based on an allegation that her [overtime] work was consistent across a given time period.**" *Gayvoronskaya v. Americare, Inc.*, 2018 U.S. Dist. LEXIS 208232, 2018 WL 4378162, at *4 (E.D.N.Y. Mar. 26, 2018).[4] The allegations of the Complaint do exactly that, and would survive a motion to dismiss on that basis.

### Plaintiff Sufficiently Pled Discrimination Claims Under the NYSHRL.

Defendants misstate the disability discrimination standard under the NYSHRL. Plaintiff *does not have to plead that his impairment substantially limited a major life activity* to sufficiently allege discrimination under the NYSHRL. *Arazi v. Cohen Bros. Realty Corp.*, 2022 U.S. Dist. LEXIS 56549, *19 (S.D.N.Y. Mar. 28, 2022) (citations omitted) ("The NYSHRL . . . has a broader definition of 'disability' than does the ADA . . . [and does not require] any showing that the disability substantially limits a major life activity[.]"). The cases Defendants rely upon are irrelevant, because they only concern ADA claims (which is not at issue here), and do not apply to the NYSHRL. What's more, under the NYSHRL's broader definition of 'disability,' **broken bones do qualify as a disability**. *See Arazi*, 2022 U.S. Dist. LEXIS 56549, at *27 ("[t]he NYSHRL and the NYCHRL define 'disability' more broadly than the ADA . . . . Thus, whether an impairment is 'minor' or 'transitory' has no bearing on [the claim]").[5]

In arguing that Plaintiff failed to provide sufficient details to support the claim, Defendants ignore the allegations of the Complaint, *i.e.*, that in 2022, Plaintiff fell off a ladder and broke his foot with Defendant David Ferraro present, but Defendants, *inter alia*, provided him with no workers' compensation or other mandated disability documentation, forced him return to work right away while his foot was still injured, failed to accommodate him or give him

---

[4] *See also Rotthoff v. N.Y. State Catholic Health Plan, Inc*., 2020 U.S. Dist. LEXIS 177667, *9 (E.D.N.Y. Sept. 28, 2020) ("That the plaintiff alleges that she 'regularly' worked these specific [overtime] hours during this period does not mean that the pleading is insufficient[.]"); *Butt v. HF Mgmt. Servs., LLC, 2020 U.S. Dist. LEXIS 6309*, *7 n.3 (E.D.N.Y. Jan. 13, 2020) ("That the plaintiff alleges that he 'regularly' worked one to two hours overtime per week does not mean that the pleading is insufficient.")

[5] See also *Crawford v. Bronx Cmty. Coll.*, 2023 U.S. Dist. LEXIS 125644, *24 (S.D.N.Y. July 19, 2023) (broken ankle qualified as disability under NYSHRL); *Deering v. City of New York*, 2023 U.S. Dist. LEXIS 103589, *12 (E.D.N.Y. June 14, 2023).

time off to heal, forced him do increasingly riskier physical work, and terminated his employment. *See* Compl. ¶¶67-77. This is more than enough to plead discrimination under the lenient NYSHRL standard.

Defendants' similarly ignore the allegations of the Complaint in arguing that the age discrimination claim is insufficient. Plaintiff has alleged far more than nepotism, and in fact, demonstrates more than sufficiently that Plaintiff's age was a motivating factor in the adverse employment actions he suffered. First, that Evan Ferraro's placement may have been nepotism does not somehow gut the age discrimination claims. Rather, it is alleged that it was <u>*Evan Ferraro*</u> himself (and not his father) who, upon becoming a manager, instantly began hiring a younger workforce, and demoting older employees. *Id.* ¶¶51-52. Mr. Galvan was demoted from Foreman to Laborer, and Mr. Ferraro moved Plaintiff's desk and excluded him from meetings he previously attended. *Id.* ¶66. This occurred against the backdrop of Defendants making <u>*explicit jokes*</u> to Plaintiff regarding his age – telling him he would be "put out to pasture in the river" and calling him "old man" and "papi," *Id.* ¶¶64-65. Then, in March 2023 shortly after his workplace injury, Plaintiff was terminated, and upon information and belief, was replaced by a younger employee. *Id.* ¶83. This, after David Ferraro told Plaintiff: "although there is nothing wrong with your performance, we are getting older and **we need new blood in the Company**." *Id.* ¶81.

### Defendants subjected Plaintiff to a hostile work environment under the NYSHRL.

Defendants' argument that the hostile work environment claim should be dismissed is of no moment.[6] The Complaint lays bare the many instances wherein Defendants subjected Plaintiff to a hostile work environment. These instances include demoting Plaintiff based on his age and disability, harassing Plaintiff with comments about his age; relocating Plaintiff's workspace, telling other employees not to listen to Plaintiff; and terminating Plaintiff's employment. *See* Compl. ¶¶ 137-46.[7]

For all of the foregoing reasons, any motion to dismiss would be futile. We look forward to the conference on November 8, 2023.

Respectfully yours,

   /s/ Randi M. Cohen

Randi M. Cohen

---

[6] Defendants rely on a "severe and pervasive" requirement for NYSHRL claims, but the standard has since been eliminated and replaced with a more lenient standard similar to the NYCHRL. *See Matthew v. Tex. Comptroller of Pub. Accounts*, 2022 U.S. Dist. LEXIS 179291, *29 (S.D.N.Y Sept. 30, 2022).

[7] Plaintiff has standing to bring his NYLL wage notice claims. *See Bueno v. Buzinover*, 2023 U.S. Dist. LEXIS 38154, *5-6 (S.D.N.Y. Mar. 7, 2023) (collecting cases).

cc: all counsel of record (via ECF)