UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEPAMUCENO GALVAN,,<br><br>                                    Plaintiff,<br>            v.<br><br>ROLLING LAWNS, INC., DAVID FERRARO and EVAN FERRARO,<br><br>                                    Defendant. | 23-cv-06724 (CS) |

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
PARTIAL MOTION TO DISMISS

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com

*Attorneys for Defendants*

## TABLE OF CONTENTS
**PRELIMINARY STATEMENT** ...................................................................................................... 1

**PROCEDURAL HISTORY** ............................................................................................................. 1

    I.    A PRIVATE RIGHT OF ACTION DOES NOT EXIST UNDER THE FLSA RECORDKEEPING PROVISIONS............................................................................. 2

    II.   THE PLAINTIFF'S HIRING NOTICE CLAIM UNDER NYLL § 195(1) SHOULD BE DISMISSED BECAUSE THE REQUIREMENT TO FURNISH A HIRING NOTICE DID NOT EXIST IN 1991 WHEN THE PLAINTIFF CLAIMS HE WAS HIRED. ........ 3

    III.  THE PLAINTIFF'S WAGE STATEMENT CLAIMS UNDER NYLL 195(3) SHOULD BE DISMISSED AS THE PLAINTIFF HAS NOT ALLEGED ANY PARTICULARIZED INJURY ARISING FROM THE ALLEGED VIOLATION .......... 4

**CONCLUSION** .................................................................................................................................. 7

## PRELIMINARY STATEMENT

Defendants Rolling Lawns, Inc. ("RLI"), David Ferraro and Evan Ferraro (collectively "Defendants", by their attorneys the Moser Law Firm, PC, respectfully submit this memorandum of law in support of their motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Counts 3, 9 and 10 of the Complaint filed on August 1, 2023. (ECF No. 1). Plaintiff's 3rd cause of action for "Recordkeeping violations under the FLSA"[1], should be dismissed as the FLSA does not authorize employees to bring a private action against an employer for failure to abide by the record-keeping requirements of the FLSA. Plaintiff's 9th cause of action for failing to furnish a hiring notice as required by NYLL § 195(1)[2] should be dismissed because the statutory requirement did not exist when the Plaintiff was hired by RLI some 30 years ago. Plaintiff's 10th cause of action for failing to furnish accurate wage statements as required by NYLL § 195(3)[3] should be dismissed because the Plaintiff claims that he was paid a salary, which is reflected in the wage statements, and he has not described any particularized injury arising from the alleged violation.

## PROCEDURAL HISTORY

Plaintiff filed a complaint on August 1, 2023 alleging, inter alia overtime violations under the NYLL and the FLSA, age and disability discrimination under the New York State Human Rights Law, and hiring and wage statement violations under the NYLL. The Defendants filed a pre-motion letter on October 4, 2023. (ECF No. 12). A pre-motion conference was held on November 8, 2023 and the Plaintiff was given leave to amend the complaint on or before November 29, 2023.

---

[1] Complaint ¶¶ 103-110.
[2] Complaint ¶¶ 147-149.
[3] Complaint ¶¶ 150-152.

1

Plaintiff has not amended the complaint, and Plaintiff respectfully moves for partial dismissal.

## I. A PRIVATE RIGHT OF ACTION DOES NOT EXIST UNDER THE FLSA RECORDKEEPING PROVISIONS

The third claim for relief, titled "Recordkeeping violations under the FLSA" states that the Defendants failure to keep records "bolster[s] Plaintiff's claims of overtime violations." (Complaint ¶ 110). Plaintiff further asserts that "[a]s a result of Defendants' willful FLSA recordkeeping and overtime violations, Defendants are liable to Plaintiff for the full amount of unpaid wages, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff." (Compl. ¶ 111). This indicates that the third cause of action is *duplicative of the first cause of action for overtime wages*.

Putting that aside, there is simply no private right of action against an employer for failure to abide by the FLSA record keeping provisions. *Ayala v. Looks Great Servs., Inc.*, No. 14-CV-6035 (ADS) (SIL), 2015 U.S. Dist. LEXIS 96790, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015) ("courts have repeatedly found that the FLSA does not authorize employees to bring a private action against an employer for failure to abide by the record-keeping requirements of Section 211(c)."); *Serebryakov v. Lokeko Inc.*, No. 12-CV-3990 (AMD) (RER), 2016 U.S. Dist. LEXIS 126569, at *10 (E.D.N.Y. Sept. 16, 2016) (dismissing recordkeeping claims were "plaintiffs' counsel correctly acknowledged…that there is no private cause of action for alleged recordkeeping violations under the FLSA"); *Chan v. Big Geyser, Inc.*, No. 1:17-CV-06473 (ALC), 2018 U.S. Dist. LEXIS 148291, 2018 WL 4168967, at *10 (S.D.N.Y. Aug. 30, 2018) (declining to infer private right of action under NYLL); *Marciano v. SJN Adjustment Grp.*, No. 18-CV-5222 (DLI) (JO), 2019 U.S. Dist. LEXIS 172799, at *6-7 (E.D.N.Y. Sept. 30, 2019) (granting motion to dismiss FLSA recordkeeping claims with prejudice).

## II. THE PLAINTIFF'S HIRING NOTICE CLAIM UNDER NYLL § 195(1) SHOULD BE DISMISSED BECAUSE THE REQUIREMENT TO FURNISH A HIRING NOTICE DID NOT EXIST IN 1991 WHEN THE PLAINTIFF CLAIMS HE WAS HIRED.

"The NYLL requires an employer to provide its employee with a written wage notice 'at the time of hiring.'" *Zhendong Liu v. Little Saigon Cuisine Inc.*, No. 18-CV-2181 (RPK) (VMS), 2021 U.S. Dist. LEXIS 189134, at *38 (E.D.N.Y. Sept. 30, 2021) (citing *NYLL § 195*). Claims under NYLL § 195(1) thus colloquially referred to as "hiring notice claims." *See, e.g.,* A*takhanova v. Home Family Care, Inc.,* No. 16-CV-6707(KAM)(RML), 2020 U.S. Dist. LEXIS 129221, at *19 (E.D.N.Y. July 22, 2020).

Here, the Plaintiff alleges that he was hired by RLI "in or around 1991" (Compl. ¶ 24), and that he was not provided with a "New York State Wage Theft Form." (Compl. ¶ 29). However, the effective date of the WTPA was twenty years later, on *Ayala v. Looks Great Servs.*, No. 14-CV-6035 (ADS) (SIL), 2016 U.S. Dist. LEXIS 81912, 2016 WL 3541548, at *3-4 (E.D.N.Y. June 23, 2016).

"As there was no private right of action for time-of-hire violations prior to the WTPA, courts have consistently held that an employer's failure to provide a wage notice at the time of hiring cannot support a WTPA claim brought by a plaintiff hired before the WTPA's effective date." *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc., No*. 18 Civ. 126 (FB) (VMS), 2019 U.S. Dist. LEXIS 112908, at *31 (E.D.N.Y. July 3, 2019) (collecting cases). In *Perez-White v. Advanced Dermatology of N.Y.P.C.*, No. 15 Civ. 4858 (PGG), 2016 U.S. Dist. LEXIS 120642, at *23 (S.D.N.Y. Sept. 6, 2016), the Defendant moved to dismiss the Plaintiff's hiring notice claims pursuant to Fed. R. Civ. P. 12(b)(6). The court noted that

> Plaintiffs may only assert a damages claim against the Defendants for violating [NYLL § 195(1)] if those violations occurred after April 9, 2011. Here, Plaintiff Rodriguez began her employment with Defendants before April 2011, and she concedes that she does not have a claim under NYLL § 195(1)(a).

3

*Perez-White*, 2016 U.S. Dist. LEXIS 120642, at *23 (internal citations and quotations omitted).

### III. THE PLAINTIFF'S WAGE STATEMENT CLAIMS UNDER NYLL 195(3) SHOULD BE DISMISSED AS THE PLAINTIFF HAS NOT ALLEGED ANY PARTICULARIZED INJURY ARISING FROM THE ALLEGED VIOLATION

The Supreme Court has held "that a technical violation triggering a statutory damage award only confers Article III standing if the plaintiff demonstrates an actual and concrete injury resulting from that violation." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021). Recently, Courts within the Second Circuit have dismissed wage statement claims where the plaintiff fails to allege a "concrete and particularized" injury arising out of the violation. *See, e.g., Guthrie v. Rainbow Fencing Inc.,* No. 21-CV-5929 (KAM)(RML), 2023 U.S. Dist. LEXIS 31177, at *10 (E.D.N.Y. Feb. 24, 2023).

In Guthrie, Judge Matsumoto observed:

To be sure, courts in the Second Circuit have reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show Article III standing to pursue NYLL wage notice and wage statement claims in federal court. Some cases have found that the denial of the right to information about one's wages tied to an entitlement to one's unpaid wages is sufficient to satisfy Article III.

\* \* \*

Other courts have found that plaintiffs have not alleged or cannot allege an adequate concrete injury to satisfy Article III with respect to the New York wage notice and wage statement claims. *See Sevilla v. House of Salads One L.L.C.*, No. 20 Civ. 6072 (PKC) (CLP), 2022 U.S. Dist. LEXIS 58496, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (holding that "it is not clear that [such] policies led to an 'injury' that can be recognized by a federal court" (citations omitted)); *Wang v. XBB, Inc.*, No. 18 Civ. 7341 (PKC)(ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to [the d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim." (citation omitted)); *Francisco v. NY Tex. Care, Inc.*, No. 19 Civ. 1649 (PKC) (ST), 2022 U.S. Dist. LEXIS 55633, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) ("While those may be technical violations of the NYLL, neither [p]laintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action[.]"); *Perez v. Postgraduate Ctr. for Mental Health*, No. 19-CV-0931(EK)(PK), 2021 U.S. Dist. LEXIS 156116, 2021 WL 3667054, at *7 (E.D.N.Y. Aug. 18, 2021) (finding that the plaintiff lacked

4

>Article III standing for a claim alleging that the content of his wage notices violated the NYLL because of an inaccuracy because "not all inaccuracies cause harm or present any material risk of harm" (quoting Spokeo, 136 S. Ct. at 1550)).

*Guthrie*, 2023 U.S. Dist. LEXIS 31177, at *12-13

"The Court [found] the reasoning of these [latter] cases applicable and persuasive, given that Plaintiff has not provided any factual allegations relative to his standing or actual injuries suffered as a result of the alleged NYLL wage notice and wage statement violations." *Guthrie*, 2023 U.S. Dist. LEXIS 31177, at *13.

Plaintiff's burden is to plead a nexus between the technical violation of the NYLL and a tangible injury. *See, e.g.,* S*udilovskiy v. City WAV Corp., 22 Civ. 469 (DG)*, 2022 U.S. Dist. LEXIS 177621, 2022 WL 4586307, at *5 (E.D.N.Y. Sept. 29, 2022) (granting motion to dismiss WTPA claims when plaintiffs did not allege "that the wage underpayment would not have occurred, or would have been reduced, had plaintiffs received a proper wage notice or wage statements" and also failed to link any injury in fact to the WTPA violation); *Pastrana v. Mr Taco L.L.C.*, No. 18 Civ. 9374 (GBD) (SN), 2022 U.S. Dist. LEXIS 172937, 2022 WL 16857111 (S.D.N.Y. Sept. 23, 2022) ("Plaintiffs [have not] identified an informational injury with consequences beyond this lawsuit.").

Here, Plaintiff claims that he was paid "at the same rate of pay regardless of how many hours he worked per week." (Compl. ¶ 39).[4] Fixed compensation which is not subject to variation by hours worked means "salary." *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC),

---

[4] There is a seemingly contradictory claim that he was not paid a "fixed amount" but that instead "Defendants supplemented Plaintiff's wages with 'under the table' cash[.]" 62. However, the Plaintiff offers no factual detail whatsoever regarding the alleged cash payment of wages, such as frequency, amounts or dates of payment. He does not say what the payments were for or who paid him. These are the type of barebones claims which may be disregarded by the Court because they lack sufficient factual detail.

5

2006 U.S. Dist. LEXIS 74039, at *43 (S.D.N.Y. Sept. 28, 2006); *see also* 29 C.F.R. § 541.602 (the payment of a "predetermined amount" which "is not subject to reduction because of variations in the. . .quantity of the work performed" constitutes payment on a "salary basis.").

The Plaintiff's claim is essentially that he was "misclassified" as exempt beginning in 2019. From 1998 through 2019 he was "involved in all facets of the Rolling Lawns business, including architectural design, inventory work, supervision of staff, maintenance of company vehicles and operational oversight[.]" (Compl. ¶ 46). "The Complaint [further] alleges that from 2019 (when Defendants demoted Plaintiff and he became overtime eligible under relevant law) through 2023, Defendants failed to pay Plaintiff overtime wages." Plaintiff's letter to the Court dated November 1, 2023 (ECF No. 14, at 1).

Once conceding the payment of a salary, the Plaintiff also alleges that "despite the fact that Plaintiff always worked approximately sixty (60) hours per week, Plaintiff's pay stubs incorrectly reported that Plaintiff worked only forty (40) hours per week." (Compl. ¶ 39). However, the simple fact that the paycheck of a salaried employee states a certain number of hours is not relevant to determining whether the employee has been properly classified as exempt and therefore *does not affect* whether the employee is entitled to overtime. A payroll system that uses an hourly rate to compute a fixed weekly amount "does not indicate that the employee was not salaried[.]" *Anani v. CVS RX Servs.*, 788 F. Supp. 2d 55 (E.D.N.Y. 2011); *McGuire v. City of Portland*, 159 F.3d 460, 464 (9th Cir. 1998) (City payroll accounting system, which calculated battalion chiefs' pay on an hour-by-hour basis, did not indicate that the chiefs were not salaried).

Here, the Plaintiff has alleged no injury arising from the wage statement claims. He does not claim that "the wage underpayment would not have occurred" had the hours on his check reflected his actual hours worked. Indeed he claims that he was paid *a salary* irrespective of any

6

variation in the hours worked.  Therefore, providing the "missing information" (i.e. the number of hours) would not have affected his compensation whatsoever.

The plaintiff must allege "downstream consequences" from failing to receive information that show an interest in using the information "*beyond bringing [this] lawsuit*" *Pastrana v. Mr Taco L.L.C.*, No. 18-CV-09374 (GBD)(SN), 2022 U.S. Dist. LEXIS 172937, at *18-19 (S.D.N.Y. Sept. 23, 2022) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022) (first quoting TransUnion, 141 S. Ct. at 2214, then Laufer v. Looper, 22 F.4th 871, 881 (10th Cir. 2022))). Plaintiff has not explained such downstream consequences and therefore the 10th cause of action should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Plaintiff's 3rd, 9th and 10th claims be dismissed with prejudice.

Dated: Huntington, New York
       December 20, 2023

                                      Respectfully Submitted,
                                      Moser Law Firm, P.C.

                                      By: Steven John Moser