**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEPAMUCENO GALVAN,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROLLING LAWNS, INC., DAVID FERRARO and<br>EVAN FERRARO,<br><br>　　　　　　　　　　　　　Defendant. | ANSWER TO THE COMPLAINT<br><br>23-cv-06724 (CS) |

Defendants Rolling Lawns, Inc. ("RLI"), David Ferraro ("David") and Evan Ferraro ("Evan") (collectively, "Defendants") hereby respond to the allegations contained in Plaintiffs' Complaint ("Complaint") as follows:

## RESPONSE TO NATURE OF CLAIMS

1.　　　Defendants submit that no answer is required, as the paragraph does not contain any statements of fact and merely describes the nature of Plaintiffs' purported claims.  To the extent a response is required, the allegation is Denied.

2.　　　Defendants admit that RLI was an employer, and that the Plaintiff was terminated. The remaining allegations are Denied.

3.　　　Defendants submit that no answer is required, as the paragraph does not contain any statements of fact and merely describes the nature of Plaintiffs' purported claims.  The Plaintiffs' Third Claim (FLSA Recordkeeping), and Tenth Claim (NYLL 195(3) Wage Statements) were discontinued with prejudice.  To the extent that the Plaintiff alleges that he is entitled to relief under the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth claims, this paragraph is Denied.

4.      Defendants submit that no answer is required, as the paragraph does not contain any statements of fact and merely describes the remedies Plaintiff seeks.  The Defendants deny that the Plaintiff is entitled to any of the relief requested.

## RESPONSE TO JURISDICTION AND VENUE

5.      Defendants dispute the Court's jurisdiction under 42 U.S.C. § 2000e-5(f)(3) as the Plaintiffs has not alleged any violation of said statute.  The Defendants admit that the Court has jurisdiction over the Plaintiffs' FLSA Claims.

6.      The Court does not have supplemental jurisdiction over the Plaintiff's claims under the NYSHRL pursuant to 28 U.S.C. § 1367(a) as these claims are unrelated to Plaintiffs' federal claims.

7.      The Defendants do not dispute that the proper venue for the Plaintiffs' FLSA claims is the Southern District of New York.

## RESPONSE TO PARTIES

8.      Admitted.

9.      Admitted.

10.      Defendants admit that David has been the president of RLI since its formation in 2011, and  otherwise deny the allegations contained in this paragraph.

11.      Admitted.

12.      Defendants submit that no answer is required the allegations in this paragraph because it constitutes legal assertions or conclusions. To the extent that an answer is required, this allegation is denied.

13.      Admitted.

14.     Defendants admit that Evan is David's son and otherwise deny the allegations in this paragraph.

15.     Denied.

16.     Denied.

17.     Admitted.

18.     Admitted.

19.     Admitted.

## RESPONSE TO FACTUAL ALLEGATIONS

20.     Defendants admit that RLI has been owned by David since 2011 and otherwise deny the allegations contained in this paragraph.

21.     Defendants submit that no response to the allegation that Defendants' services as "high-end" is required as the allegation is an opinion.  The remaining allegations in this paragraph are admitted.

22.     The Defendants admit that RLI's website contains the words "Luxurious Landscapes, Meticulous Care" and otherwise deny the allegations in this paragraph.

23.     Admitted.

24.     Defendants admit that Mr. Galvan was hired as a manager in 2011 and otherwise deny the allegations in this paragraph.

25.     Denied.

26.     Defendants submit that no answer is required as the allegation is vague.  The terms "relevant time period" and "multiple" are undefined.  As stated, the allegation is denied.

27.     As stated, the allegation is denied.

28.     Defendants submit that no response is required as the allegation is vague.  The terms "Plaintiff's colleagues", "throughout the years" and "proper work authorization" are not defined.  Defendants submit that no response is required as the allegation is immaterial, impertinent and scandalous and should be stricken pursuant to FRCP 12(f).  To the extent that an answer is required, this allegation is denied.

29.     RLI admits that it did not furnish a document titled "New York Wage Theft Form."

30.     RLI submits that no response is required as this allegation is immaterial to the Plaintiffs' claims.  To the extent a response is required RLI admits that it did not furnish a document titled "New York Wage Theft Form."

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     RLI admits that it implemented an electronic timekeeping system in 2019 and that the Plaintiff was required to record the beginning of his workday and the end of his workday.  The remaining allegations are denied.

38.     RLI admits that at times its payroll system used an hourly rate and a stated number of hours (40) to compute a fixed weekly amount.  The allegation is otherwise denied.

39.     RLI admits that since 2011 the Plaintiff was paid a salary intended to cover all hours worked, and otherwise deny the allegations contained in this paragraph.

40.     RLI admits that since 2011 the Plaintiff was paid a salary intended to cover all hours worked, and otherwise deny the allegations contained in this paragraph.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendants admit that when RLI was formed in 2011, Galvan was hired and paid a salary of approximately $98,000.00 per year.  The remaining allegations are denied.

46.     The Defendants admit that as salaried manager from 2011 until the Plaintiff stopped working for RLI, the Plaintiff supervised employees, had operational oversight over projects, and was responsible for tracking inventory and the maintenance of company vehicles.  The remaining allegations are denied.

47.     Defendants submit that no response is required as the allegation is vague and contains numerous opinions and undefined terms.  To the extent and response is required, the allegation  as states is denied.

48.     Defendants submit that no response is required as the allegation is vague and contains numerous opinions and undefined terms.  To the extent and response is required, the allegation  as states is denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     RLI admits that Plaintiff's salary was reduced, and otherwise denies the allegations in this paragraph.

61.     RLI admits that Plaintiff was paid gross compensation of $97,879.19 in 2019 and $61,240.00 in 2022 and otherwise denies the allegations in this paragraph.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Defendants admit that Plaintiff was called "papi" and otherwise denies the allegations in this paragraph.

66.     Denied.

67.     Admitted.

68.     Defendants admit that the Plaintiff was injured when Plaintiff dropped an object on his foot.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "suffered two (2) broken bones in his foot" and otherwise denies the remaining allegations in this paragraph.

69.     Defendants admit that David witnessed the accident and deny all remaining allegations.

70.     Defendants deny that the Plaintiff was "told" what to say to his physician or insurer. Defendants lack knowledge or information sufficient to form a belief as to what Mr. Galvan told his physician or insurer.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Defendants admit that David terminated the Plaintiff in late March 2023 and otherwise deny the allegations in this paragraph.

81.     Denied.

82.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' state of mind and this allegation is therefore denied.

83.     Denied.

84.     Denied.

85.     Defendants admit that the Plaintiff was terminated and deny all remaining allegations in this paragraph.

86.     Denied.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and these allegations are therefore denied.

### RESPONSE TO FIRST CLAIM FOR RELIEF

(Failure to Pay Overtime Wages in Violation of 29 USC 207)

88.     Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

89.     Defendants deny that Plaintiff was a non-exempt employee.  Defendants submit that no answer is required to the remaining allegations because the Paragraph constitutes legal assertions or conclusions. To the extent that the Plaintiff alleges that the Defendants violated the overtime provisions of the FLSA, this allegation is denied.

90.     Defendants submit that no answer to the allegations in this paragraph is required as they constitute legal assertions or conclusions. To the extent that the Plaintiff alleges that the Defendants violated the overtime provisions of the FLSA, this allegation is denied.

91.     Defendants submit that no answer to the allegations in this paragraph is required as they constitute legal assertions or conclusions. To the extent that the Plaintiff alleges he was entitled to overtime, this allegation is denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## RESPONSE TO SECOND CLAIM FOR RELIEF

(Failure to Pay Overtime in Violation of NYLL 650)

96.     Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

97.     Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that the Plaintiffs allege that the Defendants violated the overtime provisions of the NYLL, this allegation is denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## RESPONSE TO THIRD CLAIM FOR RELIEF

(Recordkeeping violations under the FLSA)

103.    No response is required, as this claim has been withdrawn with prejudice.

104.    No response is required, as this claim has been withdrawn with prejudice.

105.    No response is required, as this claim has been withdrawn with prejudice.

106.    No response is required, as this claim has been withdrawn with prejudice.

107.    No response is required, as this claim has been withdrawn with prejudice.

108.    No response is required, as this claim has been withdrawn with prejudice.

109.    No response is required, as this claim has been withdrawn with prejudice.

110.    No response is required, as this claim has been withdrawn with prejudice.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

(Age Discrimination in Violation of the NYSHRL)

111.    Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

112.    Defendants admit that the Plaintiff is 59 years old and submit that no response is required to the remaining allegations as they constitute legal assertions or conclusions.

113.    Defendants admit that the Plaintiff was called "papi" and deny the remaining allegations.

114.    Defendants admit that Plaintiff was terminated in March 2023 and otherwise deny the allegations in this paragraph.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

**RESPONSE TO FIFTH CLAIM FOR RELIEF**

(Disability Discrimination in Vi0olation of the NYSHRL)

119.    Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

120.    Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

121.    Denied.

122.    Admitted.

123.     Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

124.     Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

125.     Denied.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

(Failure to Accommodate under the NYSHRL)

126.     Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

127.     Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

128.     Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

129.     Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

130.     Denied.

131.     Admitted.

132.     Denied.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

(For Aiding and Abetting Discrimination under the NYSHRL)

133.    Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

134.    Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

135.    Defendants submit that no answer is required as the allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required this allegation is Denied.

136.    Denied.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF

(Hostile Work Environment under the NYSHRL)

137.    Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

138.    Defendants admit that the Plaintiff is 59 years old and submit that no answer is required as the remaining allegations in this paragraph constitute legal assertions or conclusions. To the extent that a response is required the remaining allegations are Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

## RESPONSE TO NINTH CLAIM FOR RELIEF

### (Failure to Provide Wage Notices)

147.    Defendants incorporate by reference their responses to all foregoing paragraphs as if fully restated herein.

148.    Denied.

149.    Denied.

## RESPONSE TO TENTH CLAIM FOR RELIEF

### (Wage Statements)

150.    No response is required, as this claim has been withdrawn with prejudice.

151.    No response is required, as this claim has been withdrawn with prejudice.

152.    No response is required, as this claim has been withdrawn with prejudice.

## RESPONSE TO PRRYER FOR RELIEF

1.    Defendants deny that the Plaintiff is entitled to the relief sought.

2.    Defendants deny that the Plaintiff is entitled to the relief sought.

3.    Defendants deny that the Plaintiff is entitled to the relief sought.

4.    Defendants deny that the Plaintiff is entitled to the relief sought.

5.    Defendants deny that the Plaintiff is entitled to the relief sought.

6.    Defendants deny that the Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

By way of separate, additional and/or distinct defenses to the Complaint and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant asserts the following defenses:

**FIRST DEFENSE.**   The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE.**       Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE.**   The claims of Plaintiff are barred in whole or in part by the doctrines of waiver, release, estoppel, unclean hands, avoidable consequences, and laches.

**FOURTH DEFENSE.**       The Court lacks subject matter jurisdiction over the Plaintiff's claims under the NYSHRL.

**FIFTH DEFENSE.**   The claims of Plaintiff are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251, et. seq., because actions taken in connection with Plaintiff's were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. section 259.

**SIXTH DEFENSE.**   Any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and the NYLL.  Accordingly, the Plaintiff is not entitled to liquidated damages.

**SEVENTH DEFENSE.**       Plaintiff's claims are barred, in whole or in part, because any payments for overtime owed, which Defendants denies are owed, must be calculated at no

more than one-half of Plaintiff's regular rate of pay for the workweek in which the time was worked.

**EIGHTH DEFENSE.**        Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked that Defendant did not suffer or permit Plaintiff to work, of which Defendant lacked actual or constructive knowledge, or which Plaintiff deliberately misreported hours by failing to report all hours worked.

**NINTH DEFENSE.** Plaintiff's claims regarding the number of hours he allegedly worked are unreasonable and false, and therefore approximate damages may not be awarded.

**TENTH DEFENSE.** Plaintiff's overtime claims are barred to the extent Plaintiff is exempt from overtime requirements of the FLSA or New York State laws.

**ELEVENTH DEFENSE.**    All decisions made by Defendant with respect to the Plaintiff's employment were made for legitimate, non-discriminatory and non-retaliatory reasons.

**TWELFTH DEFENSE.**    Defendant would have made the same employment decisions and taken the same actions in relation to Plaintiff regardless of whether any impermissible consideration was a motivating factor.

**THIRTEENTH DEFENSE.** Plaintiff engaged in wrongdoing or misconduct during his employment, which was of such severity that if then known by Defendants would have resulted in his discharge.

**FOURTEENTH DEFENSE.**        Punitive damages are unavailable as a form of relief for some or all of Plaintiff's claims.

**FIFTEENTH DEFENSE.**   Punitive damages, if available, would be inappropriate because the conduct complained of by Plaintiff did not rise to the level of culpability that would justify an award of punitive damages.

**SIXTEENTH DEFENSE.**    Some or all of the relief requested by Plaintiff is not available under the applicable law, statutes and causes of action.

**SEVENTEENTH DEFENSE.**    The Complaint fails to allege an adequate basis  upon which Plaintiff could receive declaratory or injunctive relief.

**EIGHTEENTH DEFENSE.** Plaintiff's claims for damages are barred to the extent he has failed to mitigate his damages.

**NINETEENTH DEFENSE.** Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all administrative remedies and/or to perform all conditions precedent to filing suit.

Dated:  Huntington, New York
        February 16, 2024

                            Respectfully submitted,


                            *Steven John Moser*
                            Steven John Moser (SM1133)
                            MOSER LAW FIRM, P.C.
                            5 East Main Street
                            Huntington, NY 11743
                            (516) 671-1150
                             smoser@moseremploymentlaw.com
                            *Attorneys for Defendants*