

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 15, 2024

**VIA ECF**

Hon. Cathy Seibel, USDJ
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 1001

      Re:    *Galvan v Rolling Lawns, Inc et al.,* Case No. 7:23-cv-06724(CS)

Dear Judge Seibel:

      I represent the Defendants in the above referenced action. By this letter Defendants respectfully request an order staying the service of six (6) non-party subpoenas by Plaintiff pending resolution of Defendants' anticipated motion for a protective order/motion to quash.

      **Introduction.** The complaint asserts that Rolling Lawns, Inc. provides landscaping services in New York and Connecticut[1] and has been a "family -owned business" since 1955."[2] Rolling Lawns is operated by David Ferraro and his son, Evan Ferraro.[3] Plaintiff alleges that the was terminated because of his age and disability, and that he is entitled to unpaid overtime for the period during which he was non-exempt.

      **Facts.** On July 12, 2024 the Plaintiff served, via email, six (6) non-party subpoenas, REDACTED copies of which are annexed hereto. These subpoenas are addressed to homeowners for whom Rolling Lawns, Inc. provides landscaping services. The Plaintiff seeks to take the deposition of these homeowners on six consecutive days: August 19, 20, 21, 22, 23 and 26, 2024.

      These clients of Rolling Lawns include (in no specific order):

- An 86-year-old widow;
- The founder and managing partner of a hedge fund living in Connecticut;
- A former head of ESPN, presently with Sixth Street Partners, an investment company that manages $75 billion in assets;
- The longest-tenured client of Rolling Lawns, for whom David Ferraro's father (Evan Ferraro's grandfather) worked;
- A client who's son went to school with Evan Ferraro;

---

[1] Complaint ¶ 21.
[2] Complaint ¶ 20.
[3] ¶¶ 9-15.

Hon. Cathy Seibel, USDJ 
Re: *Galvan v Rolling Lawns, Inc et al.*, Case No. 7:23-cv-06724(CS)
Page 2

MOSER LAW FIRM, PC

- A client who is deceased;

On July 12, 2024 we asked counsel for the Plaintiff to hold-off on serving these subpoenas until we filed a request with the Court for a protective order and/or to quash as the service thereof could cause unnecessary damage to the business reputation of the Defendants.  Plaintiff's counsel declined.  *Plaintiff's counsel further indicated that these subpoenas had already been sent to the process server for service this week.*

**Conclusion.**  We will furnish a letter motion to quash and/or for a protective order this week.  However, such motion will not act as a stay of the subpoenas. *See Concepts NREC, LLC v. Xuwen Qiu*, No. 5:20-cv-133, 2021 U.S. Dist. LEXIS 252822, at *14 (D. Vt. Sep. 20, 2021).  In light of the potential damage to the reputation and business of Rolling Lawns, Inc. we respectfully request that *service* of these subpoenas be stayed pending further order of the Court.  In light of the present deadline for fact discovery of October 31, 2024 there is no urgency to take these depositions.  A brief delay to give the Court time to rule on the propriety of these subpoenas *before they are served* will protect the Defendants and *will not* prejudice the Plaintiff.  We only ask that the Defendants be spared *unnecessary* embarrassment and damage to reputation, and that a *tailored stay* be issued regarding service of the subpoenas until their propriety can be addressed by the Court.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC:   All counsel of record via ECF