

Randi M. Cohen
PARTNER

c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

July 16, 2024

**Via ECF**
The Honorable Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    <u>Galvan v. Rolling Lawns, Inc. et al.</u>, Case No. 7:23-cv-06724(CS)

Dear Judge Seibel,

      We represent the Plaintiff Nepamuceno Galvan in the above-captioned action against his former employer of 30 years, for age and disability discrimination and failure to pay overtime. We respectfully submit this letter in response to Defendants' letter motion to stay the service of several third-party subpoenas filed yesterday, and in accordance with the Court's Order relating to the same.

      Defendants' letter motion is nothing but the latest in a series of transparent attempts to slow the prosecution of this case and thwart Plaintiff's collection of relevant and discoverable information. At issue are six (6) subpoenas that are narrowly-tailored in scope and specifically calculated to lead to the discovery of admissible evidence. In advance of service, Plaintiff sent a copy of the subpoenas to Defendants, complying with his obligations under Fed. R. Civ. P. 45. In response, Defendants have moved by letter to stay the service of the third-party subpoenas (an improper form of motion under the relevant rules). The motion is meritless. The subpoenas are proper, and Defendants lack standing for a motion to quash or a temporary restraining order, as set forth more fully below. Because Defendants have no basis for a motion to quash, the motion to stay should be denied.

Background

      Plaintiff has issued subpoenas to a small subset of clients for whom he long provided service, and whom he reasonably believes would have relevant and discoverable information.[1]

---

[1] Defendants take care to give biographical information to the Court as if to suggest that these particular clients are unreasonable. Plaintiff could have issued subpoenas to any number of other of Defendants' clients, however, selected these non-party witnesses due to the length and nature of the relationships. We posit that had different non-party witnesses been selected, Defendants would have complained that some other basis prevents the issuance of the subpoenas. In short, Defendants are merely concerned what clients would think if they learned Defendants were being sued by a longstanding employee. That is of no moment to Plaintiff and is not a legitimate basis for the Court to prohibit third-party discovery.

The subpoenas seek four, narrow categories of documents that are directly related to Plaintiff's claims for unpaid overtime: all documents and communications that reflect 1) the hours Rolling Lawns performed work or services between January 2019 and March 2023; 2) the hours that Galvan worked on behalf of Rolling Lawns between January 2019 and March 2023; 3) cash payments to Galvan or other Rolling Lawns employees and 4) communications about or with Galvan from January 2019 and the present.

Defendants claim that the discovery process is ongoing, and there would be no prejudice to Plaintiff in delaying the service.  Not so.  As an initial matter, Plaintiff provided notice of the subpoenas to comply with Fed. R. Civ. P. 45.  Defendants have used it as an opportunity to delay and attempt to forestall service.  Plaintiff has sincere concerns that additional delay will give Defendants an opportunity to taint the proverbial well with the third-parties, interfering with their legal obligations.  What's more, fact discovery is set to conclude in October 2024, and Defendants have thus far have only produced a paltry and woefully deficient set of documents.  Defendants have failed and refused to produce a host of relevant documents—including the specific documents requested by the subpoenas, despite the fact that Plaintiff's document requests squarely called for their production.  While Plaintiff has sent a deficiency notice to Defendants on the basis of the same, and hopes to resolve that issue in good faith, Plaintiff need not sit on his proverbial hands in collecting relevant data from third-parties while Defendants refuse to produce relevant documents.

Accordingly, to afford sufficient time to collect and review documents, and depose the witnesses, service of the subpoenas now is important.  This is particularly true in light of the motion to quash that Defendants have represented that they intend to make.

Defendants Have No Grounds to Stay Service of the Subpoenas

The notice requirement set forth in Fed. R. Civ. P. 45 is not intended to allow Defendants an opportunity to challenge service of a subpoena, but rather to limit surprises and offer opposing parties an opportunity to monitor the requests.  "The requirement that prior notice must be given has important underpinnings of fairness and efficiency."  *Cootes Drive L.L.C. v. Internet Law Library, Inc.,* 01 Civ. 0877 (RLC), 2002 U.S. Dist. LEXIS 4529, at *4 (S.D.N.Y. Mar. 18, 2002)  The notice provides "an opportunity to object to the production or inspection, or to serve a demand for additional documents or things . . . to monitor the discovery and in order to pursue access to any information that may or should be produced."  *Id.* (quoting Rule 45 advisory notes).  Here, notice was provided on Friday July 12, 2024 within hours of being sent to the process server.  Such notice is proper under the statute, and should not provide Defendants with an avenue, on meritless grounds, to halt Plaintiff's proper efforts to conduct discovery.

### Defendant Does Not Have Standing to Quash the Subpoenas

Fatal to Defendants' motion to stay service of the subpoenas, Defendants do not have standing to quash a subpoena directed at a non-party. Fed. R. Civ. P. 45 provides the mechanism to challenge the subpoena by the party "commanded to produce documents or tangible things" or testimony. Under federal law, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Major League Baseball Props. v. Corporacion De TV Y Microonda Rafa*, 2023 U.S. Dist. LEXIS 13808, at *2 (S.D.N.Y. Jan. 26, 2023). Defendant could only seek to quash the subpoenas "if it has a privilege, privacy or proprietary interest in the documents sought." *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 1720, at *16 (S.D.N.Y. Jan. 4, 2013). In this case, Defendants' have not even attempted to show that they meet this standard, citing only that the subpoenas will provide potential for "*unnecessary* embarrassment and damage to reputation." That does not warrant quashing subpoenas seeking squarely relevant information.

Nor can Defendants meet this standard. Rolling Lawns is a landscaping business, the requested documents relate to the hours Plaintiff worked for non-parties. There is no privilege relating to this information and there is no "proprietary or other confidentiality-related interest" that Defendant can identify (or, indeed, has identified). *Id.*

Plaintiff has a legitimate right to these documents and depositions from non-parties precisely because Defendants have been unable or unwilling to provide an accurate or detailed accounting of Plaintiff's hours, which is required by law. Under the FLSA it is the employer's responsibility to "'make, keep, and preserve' records of employee wages and conditions of employment." 29 U.S.C. § 211(c); see also 29 C.F.R. § 516.2. 1. Plaintiff requested documents related to the overtime hours and pay and Defendants did not produce the requested documents. The only avenue left to receive even some evidence of the overtime is to ask the clients who were witnesses to the hours that Plaintiff worked. That Defendants proffer that they will suffer embarrassment is not a reason to limit valid discovery requests—let alone to pre-emptively stop service of the subpoenas.

Nor does the fact that the deposition dates fall on six consecutive days or that the subpoenas seek testimony from a variety of customers render the subpoenas improper. While Plaintiff is obviously learning for the first time that one of the witnesses may be deceased, with regard to the remaining witnesses, it is (and has always been) our intention to meet and confer with the witnesses (or their representatives) and Defendants' counsel to find mutually-agreeable dates for the depositions, as is commonplace.

### The Subpoenas are Valid

Even motions to quash by the actual recipients of the subpoenas would fail, because the subpoenas are narrowly-tailored and only seek information directly relevant to Plaintiff's claims.

Fed. R. Civ. P. 26(b)(1).  The limited provisions allowed for a motion to quash a subpoena would not apply in this manner, even if Defendants had standing. Rule 45 (d).  Defendants do not have standing and do not have any legitimate argument to stop the subpoenas from being served.  Accordingly, the Court should deny Defendants' request to stay the subpoenas in its entirety.

<u>The Letter Motion Should be Rejected as an Inappropriate Request</u>

Lastly, a letter-motion is a permissible letter seeking relief only under certain limited circumstances.  Seeking a stay or quashing a subpoena is not one of those circumstances.  Under Your Honor's rules, letter-motions are allowed only if they comply with the S.D.N.Y. Local Rules and S.D.N.Y. ECF Rules and Instructions.[2]

Under the S.D.N.Y. Local Rules, a letter-motion is allowed for, "Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters."  (https://www.nysd.uscourts.gov/sites/default/files/local_rules/2024-07-01%20Joint%20Local%20Rules.pdf).  The ECF provides a list of motions that can be filed as a letter-motion if "permitted by the Local Rules," which does not include filing a Motion to Stay discovery in letter-motion form.[3]

Accordingly, Defendants are seeking a remedy not available to them in a format that is not appropriate.  We respectfully ask the Court to deny Defendants request for a stay and rule that Defendants do not have standing to seek to quash the subpoenas.

We thank the Court for its attention to this matter.  Of course, we can be available for a conference to discuss this matter at the Court's convenience.

Respectfully yours,

*Randi Cohen*

Randi M. Cohen

cc: Stephen Moser, Esq., *via ECF*

---

[2] *See generally,* https://www.nysd.uscourts.gov/sites/default/files/practice_documents/CS%20Seibel%20individual%20practices%20v11%20071024%20final.pdf).
[3] https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%2020240701%20FINAL.pdf (page 16)