

**Randi M. Cohen**
PARTNER

c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

August 1, 2024

**VIA ECF**
Hon. Victoria Reznik, USMJ
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

      Re: *Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik,

We represent the Plaintiff, Nepamuceno Galvan, in the above-captioned action. This case arises out of age and disability discrimination and failure to pay overtime. We respectfully submit this letter in response to Defendants' request for a pre-motion conference relating to a purported motion to compel Plaintiff to respond to Defendants' First Request for the Production of Documents and First Set of Interrogatories. While Plaintiff does not oppose the request, we write to address the substantive allegations and misrepresentations set forth in Defendants' letter.

Since July 15, 2024 Defendants have filed five motions/letter motions, all premature or baseless. Four of those letters relate to discovery disputes that Plaintiff has been actively working to resolve, and each conveniently ignores Defendants' own deficiencies and refusal to cure same. The instant letter is a request for a pre-motion conference relating to motions to compel that Defendants *already filed*, and after receipt of which, the Court already scheduled a discovery conference. As outlined herein, and in the attached timeline, Plaintiff has promptly responded to Defendants and worked to resolve disputes. If any party has obstructed the discovery process, it is Defendants.

**History of This Dispute**. Documents were produced on July 8 and July 9. Since that time, Defendants have fired off a fusillade of baseless and misleading letters and motions—all forcing unnecessary litigation at the expense of substantive progress (working through discovery concerns, reviewing documents, and scheduling and preparing for depositions). Defendants seek to paint Plaintiff as acting in bad faith and obstructionist—but the plain facts demonstrate Plaintiff's good faith efforts to comply with his obligations and move this matter forward.[1] A timeline, critical to understanding the full dispute, is annexed hereto as **Exhibit A**.

---

[1] Plaintiff is loath to burden the Court with *more* motion practice, and so despite believing it warranted, Plaintiff will refrain from seeking costs and fees relating to the flood of frivolous motion practice and misrepresentations put before the Court, but respectfully reserves the right to do so, should Defendants continue to engage in contumacious tactics.

On July 17, 2024, Defendants filed two letter motions seeking to compel production and modifications to Plaintiff's responses and objections, erroneously asserting that Plaintiff had refused to meet and confer (a demonstrable falsehood, as set forth more fully in Plaintiff's letter dated July 18, 2024, attached hereto as **Exhibit B**).  On July 25, 2024, counsel engaged in a meet and confer during which Defendants' counsel threatened Plaintiff with a motion to compel. Plaintiff's counsel admonished Defendants' counsel that he had already filed one, and the Court had already scheduled a conference. Nevertheless, this letter motion followed.

This, despite the fact that both parties left the meet and confer with open deliverables.  The call lasted approximately 20 minutes but ended abruptly after Defendants' counsel began casting aspersions on Plaintiff, and repeating the refrain that his positions are "absurd" instead of providing responses to Plaintiff's arguments. Even after that, in yet ***another*** attempt to resolve the disputes, on July 26, 2024, Plaintiff's counsel sent an email (annexed hereto as **Exhibit C**), outlining certain proposed resolutions and the expected deliverables from both sides. In that email, in the interest of compromise, Plaintiff also agreed to provide an authorization previously withheld – for Plaintiff's unemployment file – despite the fact that Plaintiff *still* believes it is irrelevant to the dispute.  Plaintiff invited Defendants to provide reasoning for the remaining requests that Defendants still seek and agreed to consider that reasoning.  Defendants portended to agree to provide information regarding ESI searches performed by July 31, 2024[2], as well as information regarding redactions on Defendants' files. Defendants never responded to the email and failed to provide the information, choosing instead to file their next letter with the Court.

**The Substantive Dispute.**  Defendants complain about two primary issues: (1) Plaintiff refused to "remove" boilerplate objections from its discovery responses, responses for which Plaintiff did, in fact produce documents, and (2) Plaintiff refused to produce a ***very small*** set of documents and authorizations—all of which are being legitimately withheld.  Plaintiff has also served Defendants with a deficiency notice relating to Defendants' woefully incomplete production but with which it has not yet burdened the Court in deference to the meet and confer process (*see* **Exhibit D**.)

**Plaintiff's Production**. Plaintiff has only refused to provide a few items that are not calculated to lead to the discovery of admissible evidence: (1) tax returns; (2) authorizations for mobile phone records; (3) retainer agreements with counsel (wherein we ***provided*** information that counsel was not engaged prior to Mr. Galvan's termination); and (4) a bevy of Homeland Security records. All of these requests are well beyond the scope of permissible discovery, and in each instance, Plaintiff provided specific objections and/or caselaw for his position.   With respect to Plaintiff's

---

[2] As of this filing, Defendants have not delivered any of the supposed deliverables that were agreed to in the meet and confer.

Interrogatory Responses, Plaintiff responded to all but five of Defendants' Interrogatory Requests, and with respect to those five, provided case law and specific reasons for the objections.[3]

**Defendants' Production is Deficient.** Defendants' document production includes a mere 240 pages for an employee with a 30-year work history. The production does not contain any ESI. Yet, Defendants claimed that the production was complete. Indeed, the production does not include even one email or text message between Defendants Evan and David Ferraro, who, according to Plaintiff, communicate via text on an almost daily basis. This alone demonstrates that Defendants failed to perform a diligent search, and/or are willfully withholding relevant information.

Despite Plaintiff's long tenure working for Defendants, Defendants inconceivably represent that there are NO documents in response to half of Plaintiff's document requests, including basic employment records related to Plaintiff's duties, overtime pay/calculations and/or Plaintiff's termination. It is curious that Defendants' letter fails to mention that counsel for Defendants promised to follow-up with his clients about the manner in which searches were performed by yesterday, July 31—something he has failed to do.[4]

**Improper Redactions.** Defendants blacked out pages of communications with a dubious explanation of "REDACTED." At the meet and confer, Defendants' counsel stated that the redactions were placed on non-responsive information. This is inappropriate, particularly where, as here, there is a protective Order in place. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 185-86 (S.D.N.Y. 2014); *Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592, 2018 U.S. Dist. LEXIS 11584 at *26 (S.D.N.Y. Jan. 24, 2018). Defendants had agreed to provide counsel with information about the redactions by July 31, but failed to do so.

**Conclusion.** For all of the foregoing reasons, Plaintiff does not oppose a conference, but respectfully requests that these matters be addressed by Your Honor at the conference already scheduled for August 14, 2024.

Of course, we are available to discuss at the Court's discretion and convenience.

---

[3] Defendants' table pounding about boilerplate objections is misplaced. The fact that Plaintiff included certain boilerplate objections in order to preserve his rights does not mean that he has not complied with federal and local rules. Plaintiff explained that nothing was withheld on the basis of boilerplate objections and that specific objections were provided for each and every item that Plaintiff views as inappropriate for production or response.

[4] Plaintiff raises this issue now only to provide the Court with the full picture, and to preserve the right to address it at any scheduled conference, because the dispute has now been put before the Court by Defendants.

                          Respectfully submitted,

                          KALMANSON COHEN, PLLC

                          *Randi Cohen*

                          Randi Cohen

cc: Steven Moser, Esq., *via ECF*