# EXHIBIT C



Galvan v. Rolling Lawns - Discovery / Meet and Confer Follow-Up

**Kimberly Kalmanson**

To: Steven Moser <steven.moser@moserlawfirm.com>    Fri 7/26/2024 1:51 PM

Cc: Randi Cohen;  Joni Kletter

Dear Steve,

We were disappointed with the tenor of our conversation yesterday as it was genuinely our intention, and attempt, to have a cordial meet-and-confer and resolve some of the outstanding discovery issues.  However, with you taking an intractable position, repeatedly insisting that our positions are "absurd" (particularly when many are supported by caselaw) and arguing that our client "lied under oath" (which is a mystery to us since you have not deposed him yet), it was impossible for the parties to reach a resolution/compromise or move the ball forward.  We are trying to litigate this in good faith, and we hope that from here, we can take the temperature down.  We have already supplemented our interrogatories in response to your deficiency notice in recognition of having made an error, and intend to—again—supplement them as a result of an inadvertent omission.  This is not our client "lying under oath," and frankly, we hope that in future conversations, you can refrain from such aspersions, and stick to the discrete issues at hand.

In an effort to recap:

First, we will supplement Plaintiff's interrogatory responses and initial disclosure to include the names of the additional third-party clients who had not been listed therein.  You will have this by the end of next week.

Second, with regard to unemployment authorizations, we maintain that this isn't a necessary disclosure. On the call, I asked you to explain your need for the information.  Despite you initially telling me "you know why," when I implored you to break it down for me, you implied that Plaintiff may have lied about his disability because when he applied for unemployment, he would have had to state that he is able to work.  To be clear, this is not relevant.  As you are no doubt aware, under the relevant laws,  the term "disability" does NOT necessarily indicate an inability to work, at all (hence, the accommodation process).  As I tried to explain, this is also not what the complaint alleges.  As alleged in the Complaint, Mr. Galvan fell off a ladder during his employment with Defendants and broke two bones in his foot, rendering him unable to perform certain physical work for a few months. It is this (temporary) injury that constituted a "disability" under the law.  We never alleged Plaintiff was totally disabled.  Rather, the allegation is that:  1. Defendants forced Plaintiff back to work and forced him to perform manual labor before his foot properly healed, without offering an adequate accommodation; 2. Defendants

told Plaintiff not to apply for workers' compensation; and 3. Defendants then terminated Plaintiff shortly after his injury. None of our allegations are inconsistent with the idea that Plaintiff could perform certain work with an accommodation and that his foot may have fully healed a few months later. That being said, in the interest of compromise, we have considered and will provide you with the unemployment authorization. You will have this by the end of next week.

Third, as we explained on the call, authorizations for tax returns are not necessary and are a known intrusion of privacy. Tax returns are generally disallowed as courts in this Circuit "have imposed a heightened standard for the discovery of tax returns." *Babbitt v. Koeppel Nissan, Inc.*, No. 18-cv-5242, 2019 U.S. Dist. LEXIS 122649 at *9 (E.D.N.Y. July 23, 2019); *see also Ellis v. PB Ventilating Sys., Inc.*, No. 23 CV 4629, 2023 U.S. Dist. LEXIS 196326, at *3-4 (E.D.N.Y Nov. 1, 2023); *Hazeldine v. Beverage Media*, Ltd., No. 94-CV-3466, 1997 U.S. Dist. LEXIS 8971, 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997)). Courts require a "compelling need...because the information is not readily obtainable from a less intrusive source." *Id.* You have not shown a compelling need for Plaintiff's tax returns. One invoice from 2015 that you state shows that our client was engaged in other work does not justify the production of nearly ten years' worth of tax returns. We also don't see its relevance to the case. But putting that aside, if there is specific information you need about Galvan's employment earnings, you may supplement your document request or ask about it at Plaintiff's deposition. Short of that, we view this as nothing more than an intimidation tactic.

We stand by our objections to the remaining authorizations given that you failed to set forth any reasons justifying such a broad scope inquiry. We remain open to discussing these, to the extent that you can provide specific reasoning for the need for these documents.

Finally, you have not responded in writing to our deficiency notice sent to you on July 12, and you stated that you do not intend to do so. You did agree to speak to your client about what searches were done, how they were done, and who performed them, and report back to us by this coming Wednesday, July 31.

It is our expectation that Defendants will supplement their document production. As discussed, Defendants did not produce any ESI, at all, and it defies credulity that there is not a single email or text message responsive to our requests. As is customary, we expect that you or a vendor will conduct a fulsome search for all relevant emails, text messages and ESI with respect to: cash payments made to employees; overtime payments or non-payments; policies or discussions related to overtime and breaks; Plaintiff Galvan; Plaintiff's wages; Plaintiff's job duties or promotions; Plaintiff's exclusion from meetings; changes in Plaintiff's job duties; communications about Plaintiff's injury; and Plaintiff's termination.

Further, we also expect that you will report back to us about redactions by Wednesday. As I mentioned on the call, my understanding of the rules was that non-responsiveness is not a proper basis for redaction of information from an otherwise responsive document. We did follow up, as promised, with research on this point, and the research supports our position; the

Southern District does not generally allow for relevancy redactions, particularly where, as here, there is a protective order in place.  See *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 185-86 (S.D.N.Y. 2014); *Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592, 2018 U.S. Dist. LEXIS 11584 at *26 (S.D.N.Y. Jan. 24, 2018).

We look forward to hearing from you on Wednesday.

Regards,

Kim