**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

NEPAMUCENO GALVAN,

Plaintiff,

- against -

23-cv-06724 (CS)(VR)

ROLLING LAWNS, INC., DAVID FERRARO and EVAN FERRARO,

Defendants.

-------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'MOTION FOR A PROTECTIVE ORDER, TO QUASH AND TO RECOVER ATTORNEYS' FEES AND COSTS**

Kalmanson Cohen, PLLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
P: 646.759.3655
F: 646.513.2936

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........ ii, iii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 3

POINT I PLAINTIFF'S SUBPOENAS SEEK RELEVANT INFORMATION AND ARE NOT INTENDED TO CIRCUMVENT PARTY DISCOVERY ........ 3

POINT II DEFENDANTS LACK STANDING, AND THERE IS NO VIABLE CHALLENGE TO THE SUBPOENAS BASED ON RELEVANCE ........ 5

POINT III DEFENDANTS LACK STANDING, AND THERE IS NO VIABLE CHALLENGE TO THE SUBPOENAS UNDER ANY PRIVILEGE ........ 7

POINT IV DEFENDANTS MAY NOT CHALLENGE THE SUBPOENAS UNDER RULE 26(C) ........ 11

POINT V DEFENDANTS ARE NOT ENTITLED TO THEIR FEES AND COSTS INCURRED IN THE MOTION ........ 14

CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**CASES**


*Accusoft Corp. v. Quest Diagnostics, Inc.*, 2012 WL 1358662 (D. Mass. Apr. 18, 2012) ............ 8

*Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc.*, 236 F.R.D. 129 (E.D.N.Y. 2006). 9

*CSC Consulting, Inc. v. Aluminum.com, Inc.*, 2001 WL 546448 (S.D.N.Y. 2001)...................... 12

*Fein v. Numex Corp.*, 92 F.R.D. 94 (S.D.N.Y. 1981)................................................................ 4

*Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004)...................................................... 9

*Harris v. Wells*, B-89-391 (WWE), B-89-482 (WWE) ................................................................ 8

*Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453 (N.D.N.Y.), .................................... 11

*Hasbrouck v. BankAmerica Hous. Servs., Inc.*, 190 F.R.D. 42 (N.D.N.Y. 1999) ....................... 11

In *Bridgestone Americas, Inc. v. IBM*, 2016 WL 11786198 (M.D. Tenn. May 16, 2016) ............ 8

*In re Rapid-Am. Corp.* 2018 WL 882398, at *3 (Bankr. S.D.N.Y. 2018). ................................. 10

*In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220 (S.D.N.Y. 2006)......................... 11

*In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478 (S.D.N.Y. 2021)......................... 7

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184 (S.D.N.Y. 2014).................. 9

*LG Cap. Funding, LLC v. Exeled Hldgs., Inc.*, 2023 WL 3993751 (S.D.N.Y. Jun. 14, 2023) ..... 7

*New Falls Corp. v. Soni*, 2020 WL 2836787 (E.D.N.Y. 2020) .................................................. 11

*Peskoff v. Faber,* 230 F.R.D. 25 (D.D.C. 2005) ........................................................................ 12

*Rivera v. Lettire Constr. Corp.* 2022 WL 14891414 (S.D.N.Y. 2022),...................................... 11

*Rofail v. United States*, 227 F.R.D. 53(E.D.N.Y. 2005). .......................................................... 11

*Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp.3d 199 (S.D.N.Y. 2023)...................................................................................................... 5

*State Farm Mut. Auto. Ins. Co. v. Khait*, 2023 WL 6541583 (E.D.N.Y. 2023) ............................ 5

*Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696 (S.D. Fla. 2008) .................................. 12

*Universitas Educ., LLC v. Nova Group, Inc.*, 11-cv-1590 (LTS)(HBP) ....................................... 7

*US Bank Nat. Ass'n v. PHL Variable Ins. Co.* 2012 WL 5395249, at *2 (S.D.N.Y. 2012).......... 10

*US Bank Nat. Ass'n*, 2012 WL 5395249 (S.D.N.Y. 2012)............................................................. 5

*Peddy v. L'Oreal USA, Inc.*, 2019 WL 3926984 (S.D.N.Y. 2019),............................................ 13

*Carvel v. Franchise Store Realty Corp*, 2011 WL 13269780 (S.D.N.Y. 2011). .......................... 13

*Peddy v. L'Oreal USA, Inc.* 2019 WL 3926984 (S.D.N.Y. 2019),.............................................. 13

**RULES**

Fed. R. Civ. Pro. 4........................................................................................................ 12

**REGULATIONS**

29 C.F.R. § 516.2.......................................................................................................... 4

29 C.F.R. § 516.2.1....................................................................................................... 6

29 U.S.C. § 211(c); ................................................................................................... 4, 6

Plaintiff, Nepamuceno Galvan, by and through his undersigned counsel, Kalmanson Cohen, PLLC, respectfully submits this memorandum of law in opposition to Defendants' Motion for a Protective Order to Quash and to recover attorneys' fees and costs.

**PRELIMINARY STATEMENT**

Defendants, in response to a discovery demand requesting records related to an employee with a 30-year tenure, produced only 240 pages of documents (of which 28 are photo images of identification cards, and 157 pages of which are pay stubs) and failed to provide numerous records relevant to Plaintiff's claims. Declaration of Randi M. Cohen ("Cohen Dec.") ¶6; Exh. B. Thereafter, Plaintiff served narrowly-tailored subpoenas (the "Subpoenas") to six non-parties, customers of Defendants who may have portions of the information Defendants claim not to possess. *Id*. ¶16; Exh. F. In response, Defendants filed a frivolous motion to stay service of the subpoenas—which the Court denied—and then moved to quash the subpoenas. ECF Nos. 29, 38. Defendants' effort to create a single scope discovery track should be seen for what it really is – an effort to keep Plaintiff from relevant information he is entitled to while continuing to delay and frustrate this litigation.

The subpoenas were sent to six of Defendants' customers who witnessed Plaintiff working long shifts at their locations on a regular basis. *See* Cohen Dec. ¶18; Exh. F; Exh. G (Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories). The information that Plaintiff believes that they possess—information about the hours that they witnessed and/or recorded Plaintiff working and/or payments of cash to Defendants' employees—constitutes relevant, admissible information in demonstrating that Plaintiff's overtime claims are meritorious. *See id*.

Defendants' Motion is without merit and should be denied. Defendants fail to demonstrate any legal basis to challenge the subpoenas. Even assuming that Defendants could establish standing to challenge the non-party subpoenas, which they cannot, Defendants failed to establish a substantive basis upon which to challenge the subpoenas or for the entry of a protective order. The subpoenas do not circumvent party discovery, do not seek disclosure of confidential business information, do not seek documents irrelevant to Plaintiff's claims, and do not pose a threat to Defendants' relationships with the six customers at issue. Instead, the subpoenas seek information relevant to the hours that they witnessed, and/or recorded Plaintiff working—information that is squarely relevant to Plaintiff's claims for unpaid overtime.

**STATEMENT OF FACTS**

Plaintiff commenced this lawsuit to recover damages for age and disability discrimination as well as unfair labor practices in which Defendants engaged during the course of Plaintiff's 30-year tenure with Rolling Lawns, Inc. Cohen Dec. ¶3; Complaint. Pursuant to the scheduling order dated April 30, 2024, Plaintiff served his First Set of Document Demands on Defendants on May 31, 2024. *See* Cohen Dec. ¶4; Exh. A. Plaintiff's Demands consisted of 44 discrete requests that sought documents directly related to Plaintiff's claims for unpaid overtime as well as age and disability discrimination. *Id*. ¶4; Exh. A. In response, Defendants (belatedly) produced a mere 240 pages of documents that they claim constitute the full production responsive to Plaintiff's demands. Cohen Dec. ¶6; Exh. B.

On July 12, 2024, just three days after receiving Defendants' response to Plaintiff's Demands, Plaintiff served a letter on Defendants outlining the deficiencies in their response to the Demands. *See* Cohen Dec. ¶10; Exh. D. In the deficiency letter, Plaintiff demanded that Defendants supplement their response to Plaintiff's Demands within 10 days (*i.e.*, no later than

July 22, 2024) and advised Defendants of their availability to meet-and-confer. Cohen Dec. ¶12; Exh. D at 4. Concurrently with Plaintiff's efforts to resolve the deficiencies in Defendants' response to Plaintiff's Demands, Plaintiff prepared the Subpoenas for service and provided notice to Defendants. *See* Cohen Dec. ¶16; Exh. F; *see also* ECF 39-2. The Subpoenas were issued to a very limited number of Defendants' customers whom Plaintiff serviced and whom he believes may have relevant and discoverable information. Cohen Dec. ¶18; Exh. F. Each subpoena seeks testimony, and the same four narrow categories of documents that Defendants failed to produce in response to Plaintiff's Demands:

- The hours Rolling Lawns performed work or services between January 2019 and March 2023;
- The hours that Plaintiff worked on behalf of Rolling Lawns between January 2019 and March 2023;
- Cash payments to Plaintiff or other Rolling Lawns employees;
- Communications about or with Plaintiff from January 2019 and the present.

*Id*.

The Subpoenas are proper, within the appropriate scope of discovery, and Plaintiff is entitled to the information sought therein. The motion to quash should be denied.

## ARGUMENT

### I. Plaintiff's subpoenas seek relevant information and are not intended to circumvent party discovery.

Defendants' assertion that Plaintiff's subpoenas are an attempt to circumvent party discovery (*see* ECF 39 at 8-9) is not only without merit but ignores Defendants' utter lack of compliance with their discovery obligations and refusal to engage in the discovery process they purport to hold so highly in their Motion. Further, there is no basis to restrict Plaintiff to only

party discovery. Rule 26(b) "limits discovery to relevant matters, and makes no distinction in this regard between information in the hands of parties and that held by nonparties." *Fein v. Numex Corp.*, 92 F.R.D. 94, 96 (S.D.N.Y. 1981).

But what's more, the Subpoenas are the result of Defendants' own conduct, conduct Defendants cannot now hide behind to quash the subpoenas. Under the FLSA Defendants must "'make, keep, and preserve' records of employee wages and conditions of employment." 29 U.S.C. § 211(c); *see also* 29 C.F.R. § 516.2. 1. Plaintiff requested from Defendants, in the normal course of discovery, documents related to Plaintiff's overtime hours, overtime pay, compensation policies, and cash payments. *Defendants failed to produce all of these documents.* Defendants cannot now prevent Plaintiff from obtaining the discovery at all by interfering in Plaintiff's proper non-party subpoenas.

Despite scheduling employees for over fifty hours of work each week (*see* Cohen Dec. ¶8; Exhibit C), Defendants claimed that they did not possess any responsive documents to, *inter alia*, cash payments made to Plaintiff (Exh. B at 2); cash payments made to any other Rolling Lawns, Inc. employees (Exh. B at 4); overtime payments made to Plaintiff (Exh. B at 3); cash payments made to any other Rolling Lawns, Inc. employees (Exh. B at 4); and any and all policies related to overtime, breaks and compensation (Exh. B at 4). Cohen Dec. ¶8; Exh. B. Defendants' assertion that the information sought in the non-party subpoenas was "not sought from Defendants" and is "irrelevant to the litigation" is demonstrably false (and also irrelevant to the standard for discovery). *See* ECF 39 at 9.

Plaintiff tried to obtain the information sought in the Subpoenas from Defendants. Defendants refused to produce the information. Cohen Dec. ¶¶13, 20. Plaintiff is not

circumventing discovery. Plaintiff, in the face of Defendants' obstinance and failure to produce records, is properly attempting to discover relevant information, to which it is entitled.

**II. Defendants lack standing, and there is no viable challenge to the subpoenas based on relevance.**

A non-recipient of a subpoena may not raise an independent challenge to a subpoena based on relevancy or burden. *See Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp.3d 199, 202 (S.D.N.Y. 2023); *State Farm Mut. Auto. Ins. Co. v. Khait*, 21-cv-6690 (FB)(VMS), 2023 WL 6541583 (E.D.N.Y. 2023); *US Bank Nat. Ass'n*, No. 12 CIV. 6811 CM JCF, 2012 WL 5395249 (S.D.N.Y. 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party"). Defendants appear to argue that they have standing to challenge the subpoenas and that the subpoenas should be quashed because they purportedly seek irrelevant information. *See* ECF 39 at 9-10, 12-14.

Even if Rule 26 were applicable, which it is not, there is no basis upon which the Court should exercise its discretion to limit the scope of the Subpoenas here. The information sought in the Subpoenas is relevant to Plaintiff's claims against Defendants for their violations of the FLSA and New York Labor Law. Defendants' argument that the subpoenas are not relevant is based on their microscopic interpretation of discovery in this action. As the Motion makes clear, Defendants' position is based on the fact that neither Plaintiff nor Defendants identified the six subpoenaed individuals as potentially having relevant information in their initial disclosures or Interrogatories. Cohen Dec. ¶16; *see also Exh.* G at 3-5, ECF 39 at 9-10. First, Plaintiff served Supplemental Responses addressing the identification of the non-parties. Cohen Dec. ¶14; *Exh.* G at 3-5. Second, Defendants offer no support for their argument that the identification of a non-party – or the lack thereof – is an indication of whether a non-party has relevant information. Notably, Defendants offer no evidence, such as invoices, timecards, or other records, to support

their statements. Defendants similarly fail to offer any legal authority for their argument that not identifying a non-party in an interrogatory requires the exclusion of any discovery from that individual.

Further, Defendants' argument that the subpoenaed information is not relevant to Plaintiff's claims because they have conceded the FLSA applies, and thus records related to whether Defendants meet the FLSA income threshold are irrelevant, is a distortion of the facts. *See* ECF 39 at 13.

First, the Subpoenas plainly do not seek the income derived from the customers; they seek ***only*** information about (1) Plaintiff's hours worked—a material fact in dispute in the case; (2) cash payments made to Plaintiff and/or other employees—another material fact in the case; and (3) communications ***relating to Plaintiff***. Cohen Dec. ¶8; *see* Exh. F.

Second, Plaintiff has a legitimate right to the subpoenaed information in no small part because Defendants have been either unable or unwilling to provide an accurate or detailed accounting of Plaintiff's hours, which is required by law. Under the FLSA it is the employer's responsibility to "'make, keep, and preserve' records of employee wages and conditions of employment." *See* 29 U.S.C. § 211(c); *see also* 29 C.F.R. § 516.2.1. As noted above, Defendants have completely failed to provide adequate responses to Plaintiff's discovery demands, leaving Plaintiff no option but to seek relevant information from other sources: the subpoenaed individuals. Defendants' position—that Plaintiff simply did not work overtime, and that is the reason for the lack of the records—is similarly insufficient to defeat Plaintiff's efforts to obtain relevant information. Plaintiff alleges that he worked in excess of 40 hours per week, and Defendants, in fact, have produced 2 pages of documents (Bates stamped DEF_000210 and DEF_000211) demonstrating that, in fact, employees ***did*** work overtime. *See* Cohen Dec. ¶9; Exh. C.

Accordingly, Plaintiff is entitled to explore appropriate avenues to demonstrate that he worked overtime, particularly where, as here, Defendants' deny having any records relating to the same. *See In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 489 (S.D.N.Y. 2021) (Holding Rule 45 subpoenas "are subject to Rule 26(b)(1)'s overriding relevance requirement" and courts will consider several factors, including whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").

Of course that's the case, because Defendants' position would lead to an absurd result wherein all a party would have to do to avoid discovery of matters inconvenient to them is deny the facts.

**III. Defendants lack standing, and there is no viable challenge to the subpoenas under any privilege.**

Defendants argue that they have standing to challenge the Subpoenas under some theory of privilege because they seek information from Defendants' customers, and that disclosure of such information would harm Defendants' business relationships. *See* ECF 39 at 6-7, 10-12. However, Defendants fail to establish any privilege upon which to challenge the subpoenas and, moreover, do not offer anything more than the mere conclusory statement the information sought by the subpoenas is confidential or a "trade secret."

A party may challenge a subpoena issued to a non-party only under a claim of privilege or a proprietary interest in the information sought in the subpoena. *See Universitas Educ., LLC v. Nova Group, Inc.*, 11-cv-1590 (LTS)(HBP), 2013 WL 57892 (S.D.N.Y. Jan. 4, 2013). To be successful on a challenge based on a privilege, "there must be more than a conclusory assertion that the subpoenas seek documents that are private, confidential, and commercially sensitive." *See LG Cap. Funding, LLC v. Exeled Hldgs., Inc.*, 17-cv-4006 (LFL), 2023 WL 3993751 (S.D.N.Y. Jun. 14, 2023). Separately, the court should make a determination as to whether the information is

"private, confidential, privilege[d], or highly sensitive." *Id*. Thus, the District Court in *Universitas* denied the motion to quash the non-party subpoenas where the defendant merely relied on its conclusory assertion the documents were "private, confidential, and commercially sensitive." *See Universitas*, 2013 WL 57892.

First, none of the cases cited by Defendants are binding or even instructive on this Court. But even more so, the cases cited by Defendants do not support quashing Plaintiff's subpoenas. For example, in *Harris v. Wells*, B-89-391 (WWE), B-89-482 (WWE), 1990 U.S. Dist. LEXIS 13215 (D. Conn. Sep. 4, 1990), the District Court's decision was based on the "constant attempts" to bring the non-parties into the litigation. In *Bridgestone Americas, Inc. v. IBM*, 3:13-cv-1196, 2016 WL 11786198 (M.D. Tenn. May 16, 2016), the District Court's decision to quash the subpoenas was based on a finding that the subpoenas were overbroad – not, as Defendants suggest, due to the mere fact that they sought information from IBM's customers. Likewise, the District Court in *Accusoft Corp. v. Quest Diagnostics, Inc.*, CA 12-40007-FDS, 2012 WL 1358662 (D. Mass. Apr. 18, 2012), found that quashing the subpoenas was appropriate not simply because they were served on the defendants' customers; rather, the District Court's decision was based on the determination that the subpoenas were over-broad and that the information sought in the subpoenas could be obtained from "a more convenient source."

Here, Defendants make the conclusory assertion that the information sought in the subpoenas is "protected financial information and trade secrets." *See* ECF 39 at 13. In determining whether information constitutes a trade secret, courts consider:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the measures taken to guard the information's secrecy; (4) the value of the information to the business or to its competitors; (5) the amount of time, money, and

> effort expended in development of the information; and (6) the ease or difficulty or duplicating or properly acquiring the information.

*Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc.*, 236 F.R.D. 129, 136 (E.D.N.Y. 2006). Defendants have not met their burden to demonstrate the information sought is a trade secret. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("To the extent a party seeks a protective order under Rule 26(c), that party 'has the burden of showing that good cause exists for issuance of that order.'"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Defendants proffer no support for the idea that the information should be and is so protected. Defendants fail to identify or explain what "trade secrets" they, a landscaping company, must protect by quashing subpoenas seeking information only about Plaintiff's hours worked, payments made to him and other employees in cash, or communications about him. Defendants may want to keep these matters "secret" to avoid their own liability, but they are certainly not "trade secrets." But even if they were (which they are not) there is a So-Ordered Confidentiality Stipulation and Proposed Order in place in the case protecting confidential information. *See* ECF 28; *Chembio Diagnostic Sys., Inc.*, 236 F.R.D. at 136 ("It is undisputed that the sought after discovery is confidential trade secret material, but [movant] has failed to demonstrate why the protective order in place is insufficient to protect the sensitive nature of the discovery"). Likewise, Defendants merely claim the information should not be disclosed to Plaintiff because he is now a competitor of Rolling Lawns. *Id.* Again, no details about the customers' businesses are requested—only limited information about Plaintiff. Defendants do not cite a single case to support the assertion that a party's status as a competitor warrants quashing otherwise valid subpoenas.

Defendants erroneously focus on an irrelevant series of arguments regarding subpoenas to a current employer in a dispute between an employee and the former employer, which has nothing

to do with this case. ECF 39 at 11. Defendants' suggestion that the analysis in this situation "appl[ies] with equal force" for Plaintiff's subpoenas is meritless and unsupported by their cited cases, as discussed *supra*. *See id*. A key component of Defendants' argument is the claim the information sought by the subpoenas is available from "less intrusive sources." *Id*. However, as discussed above, Plaintiff's efforts to obtain the information from those "less intrusive sources," *i.e.* Defendants, failed as a result of Defendants' lack of production of responsive documents.

**IV. Defendants may not challenge the subpoenas under Rule 26(c).**

In addition to the arguments raised under Rule 45, Defendants also request the Court issue a protective order against the subpoenas. *See* ECF 39 at 6. Defendants' assertion that they have standing under Rule 45 to quash, or Rule 26 to obtain a protective order, has already been considered and explicitly rejected by this Court. *See US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 CIV. 6811 CM JCF, 2012 WL 5395249, at *2 (S.D.N.Y. 2012). Standing under Rule 26 for a protective order without standing under Rule 45 to quash subpoenas "is not a distinction recognized in this circuit." *Id.* In denying the motion to quash and/or for a protective order, the court held that "it would be peculiar indeed if a party could circumvent the well-established standing requirements under Rule 45 simply by styling what is effectively a motion to quash as a motion for a protective order." *Id.*; *see also In re Rapid-Am. Corp.*, No. 13-10687 (SMB), 2018 WL 882398, at *3 (Bankr. S.D.N.Y. 2018).[1]

Defendants have failed to demonstrate "good cause" to issue a protective order under Rule 26. It is the movant's burden to establish good cause through "particular and specific facts," as

[1] As a technical matter, to seek a protective order under Rule 26 of the Federal Rules of Civil Procedure, the motion "must include a certification that . . . the movant has in good faith conferred or attempted to confer with the affected parties in an effort to resolve the dispute without court action. *See* Fed. R. Civ. P. 26(c)(1). Defendants failed to include such a certification with their Motion.

opposed to "conclusory assertions." *Rivera v. Lettire Constr. Corp.*, No. 21CIV6006KPFKHP, 2022 WL 14891414, at *3 (S.D.N.Y. 2022), quoting *Rofail v. United States*, 227 F.R.D. 53, 54 (E.D.N.Y. 2005). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *New Falls Corp. v. Soni*, No. CV166805ADSAKT, 2020 WL 2836787, at *11 (E.D.N.Y. 2020), quoting *In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006). In *New Falls Corp.*, the defendants alleged that the disclosures at issue contained, in part, commercial and proprietary information. The Court found no good cause was demonstrated by "conclusory assertions" where the defendants failed to describe with any specificity the nature of the information and did not explain the specific and serious injury that would result if the information were to be disclosed. *New Falls Corp.*, 2020 WL 2836787, at *11. In *John Wiley & Sons, Inc.,* the Court denied a motion for a protective order where the movant argued disclosure might cause harm to his business or cause customers to "circumvent him." *John Wiley & Sons, Inc.*, 298 F.R.D. at 188 ("We are doubtful that these conjectures satisfy the exacting standard applicable here that the party seeking protection demonstrate a 'clearly defined and serious injury' that would result from disclosure").

Even "if the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 455 (N.D.N.Y.), *aff'd sub nom. Hasbrouck v. BankAmerica Hous. Servs., Inc.*, 190 F.R.D. 42 (N.D.N.Y. 1999). Here, there are no "particular and specific facts" set forth by Defendants in support of their request for a protective order. *See Rivera*, 2022 WL 14891414, at *3. As in other portions of their Motion, Defendants' arguments are hollow, stating only that the Subpoenas "can have negative effects on [Defendants] and constitute[] harassment." *See* ECF 39 at 11. Defendants (1) do not outline what those negative

effects are, (2) do not submit an affidavit relating to the same, (3) do not outline how narrowly-tailored subpoenas to only 6 of Rolling Lawns' many customers,[2] who Plaintiff has a reason to believe have relevant information ***not*** provided by Defendants somehow constitutes "harassment." This is not sufficient. *See CSC Consulting, Inc. v. Aluminum.com, Inc.*, 00-cv-9513(LMM)(KNF), 2001 WL 546448 (S.D.N.Y. 2001) (denying motion for protective order "[i]n the absence of particular and specific facts demonstrating good cause"); *Peskoff v. Faber*, 230 F.R.D. 25, 32 (D.D.C. 2005) (denying protective order where movant "made only general claims of potential harassment and embarrassment, unsupported by evidence of specific harm" caused by compliance with a subpoena); *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008) (denying motion for a protective order without supporting affidavit or evidence of purported harm). It is well settled that Defendants' challenge of the subpoenas under Rule 26 is improper in the Second Circuit and the Motion should be denied.

**V. Defendants are not entitled to their fees and costs incurred in the Motion.**

Defendants contend that they are entitled to recover the costs incurred in the Motion. *See* ECF 39 at 14-15. Contrary to Defendants' argument, they are not entitled to recover their fees and costs. Rule 45(d)(1) applies to the party that is "subject to the subpoena." *See* Fed. R. Civ. Pro. 45(d)(1). Defendants are not subject to the subpoenas at issue. Rather, Defendants are – at most – "affected by" the subpoenas and, therefore, not entitled to see a recovery of fees and costs associated with the Motion. *See Silverstone Holding Grp.*, 650 F. Supp.3d at 204.

[2] As outlined in Plaintiff's Supplemental Responses and Objections to Defendants' interrogatories, Plaintiff has, in fact, identified approximately 15 customers with potentially responsive information. Plaintiff, nevertheless, sought information from only 6 of those customers—the customers that he, in good faith, believed witnessed his working hours and potentially have relevant documentation.

Even if the Court addressed the substance of Defendants' arguments, the same conclusion is warranted. For the Court to award attorneys' fees and cost in connection with a motion to quash a subpoena, there must be evidence the subpoena was issued in bad faith, *Peddy v. L'Oreal USA, Inc.*, 18-cv-7499 (RA)(JLC), 2019 WL 3926984 (S.D.N.Y. 2019), or where there is "clear evidence" that the subpoena was issued solely to delay or harass. *Carvel v. Franchise Store Realty Corp.*, 08-cv-8938 (JGK)(DF), 2011 WL 13269780 (S.D.N.Y. 2011). As set forth above, the Subpoenas seek relevant and responsive information, were issued after Defendants' failed to produced the documents requested therein, and Defendants failed to demonstrate the Subpoenas lack a proper purpose. Therefore, there is no basis upon which Defendants may recover fees and costs incurred in the Motion.

New York, New York
Dated: August 7, 2024

KALMANSON COHEN, PLLC

*Randi Cohen*

Randi M. Cohen (RC4448)
Kimberly Kalmanson (KK2618)
One Liberty Plaza
165 Broadway, 23rd Floor
New York, NY 10006
T: (646) 759 3655
F: (646) 513 2936
E: randi@kalmansoncohen.com
E: kim@kalmansoncohen.com
*Attorneys for Plaintiff,*
*Nepamuceno Galvan*