UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
NEPAMUCENO GALVAN,

                            Plaintiff,

             - against -                                     23-cv-06724 (CS)(VR)

ROLLING LAWNS, INC., DAVID FERRARO and
EVAN FERRARO,

                            Defendants.
----------------------------------------------------------------------X

## DECLARATION OF RANDI M. COHEN
## IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER, TO QUASH AND TO RECOVER ATTOREYS' FEES AND COSTS

      **RANDI M. COHEN**, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury that the following is true and correct:

      1.     I am an attorney with Kalmanson Cohen PLLC, attorneys for Plaintiff Nepamuceno Galvan ("Plaintiff").

      2.     I submit this Declaration in opposition to Defendants' Motion for a protective order, to quash, and for attorneys' fees and costs. I am fully familiar with the facts and circumstances in this action, and the source of my knowledge is the file maintained by my office.

      3.     This is an action to recover damages for age and disability discrimination as well as unfair labor practices which Defendants engaged in over the course of Plaintiff's 30-year tenure as their employee.

      4.     Pursuant to the scheduling order dated April 30, 2024, Plaintiff served his First Set of Document Demands ("Demands") on Defendants on May 31, 2024. A true and accurate copy of Plaintiff's Document Demands is attached hereto as Exhibit A.

5. Plaintiff's Demands consisted of 44 discrete requests that sought documents directly related to Plaintiff's claims for unpaid overtime as well as age and disability discrimination. *Id*.

6. In response to Plaintiff's Demands, Defendants belatedly produced only 240 pages of documents, including 28 photo images of identification cards and 157 pages of pay stubs, and failed to provide numerous other demanded, relevant employment records. A true and accurate copy of Defendants' response to Plaintiff's request for production of documents is attached hereto as Exhibit B.

7. Defendants claimed their 240-page response constitutes the full production responsive to Plaintiff's Demands. *See* Exhibit B.

8. Despite scheduling employees for over fifty hours of work each week (*See* Exhibit C hereto), Defendants, in their response, claimed that they did not possess any responsive documents related to, *inter alia*: (1) cash payments made to Plaintiff (Exh. B at 2); (2) cash payments made to any other Rolling Lawns, Inc. employees (Exh. B at 4); (3) overtime payments made to Plaintiff (Exh. B at 3); (4) cash payments made to any other Rolling Lawns, Inc. employees (Exh. B at 4) and (5) any and all policies related to overtime, breaks and compensation (Exh. B at 3).

9. Exhibit C hereto is a true and correct copy of two documents produced by Defendants bearing Bates Numbers DEF_000210-DEF_000211.

10. On July 12, 2024, three days after receiving Defendants' response to Plaintiff's Demands, Plaintiff served a letter on Defendants outlining the deficiencies in their response to the Demands.

11. A true and accurate copy of Plaintiff's deficiency letter is attached hereto as Exhibit D.

12. In the deficiency letter, Plaintiff demanded that Defendants supplement their response to Plaintiff's Demands within 10 days (by July 22, 2024) and advised Defendants of their availability to meet-and-confer. *See id*.

13. To date, Defendants have failed to supplement their response to Plaintiff's Demands or otherwise address the deficiencies raised by Plaintiff.

14. Also on July 12, 2024, Plaintiff served Defendants with Supplemental Interrogatories addressing issues raised by Defendants in Plaintiff's previous discovery responses.

15. A true and accurate copy of Plaintiff's Supplemental Interrogatories is attached hereto as Exhibit E.

16. That same day, Plaintiff gave Defendants notice of their intention to serve narrowly-tailored subpoenas (the "Subpoenas") to six non-parties identified in Plaintiff's Supplemental Interrogatories, customers of Defendants who Plaintiff believes have some of the information Defendants claim not to possess.

17. True and accurate copies of the Subpoenas are attached hereto as Exhibit F.

18. Specifically, the Subpoenas were served on six of Defendants' customers who regularly witnessed Plaintiff working long shifts at their locations. This information, including the hours they witnessed and/or recorded Plaintiff working and/or payments of cash to Defendants' employees, is relevant, discoverable information in Plaintiff's overtime claims. *See* Exhibit F.

19. A meet-and-confer held on July 25, 2024 was ended abruptly by Defendants' counsel accusing Plaintiff and Plaintiff's counsel of acting in bad faith.

20. Defendants have not provided any additional information or responses following the meet-and-confer.

21. On August 2, 2024, as promised during the July 25, 2024 meet and confer, Plaintiff again supplemented their interrogatory responses to add multiple non-party witnesses who Plaintiff believes may possess information relevant to Plaintiff's claim—including the subpoenaed witnesses.

22. A true and correct copy of the its Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories is attached hereto as Exhibit G.

Dated: New York, New York
August 7, 2024

                               KALMANSON COHEN, PLLC

By: /s/ Randi Cohen
Kalmanson Cohen, PLLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
P: 646.759.3655
F: 646.513.2936
E: randi@kalmansoncohen.com
*Attorneys for Plaintiff*