

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 516-671-1150
steven.moser@moserlawfirm.com

August 7, 2024

Via Email to

Randi Cohen (randi@kalmansoncohen.com)
Joni Kletter (joni@kalmansoncohen.com)
Kimberly Kalmanson (kim@kalmansoncohen.com)

KALMANSON COHEN PLLC
165 Broadway, 23rd Floor
New York, NY 10006

      Re:    *Galvan v Rolling Lawns, Inc et al.*, 7:23-cv-06724(CS)
             Our File No.23-00018

Dear Counselors:

      We are in receipt of your letter dated August 6, 2024 responding to our request for details regarding the information allegedly possessed by Rolling Lawns' customers that serve as a basis for taking their depositions. We write in response to your request for legal support for our position.

      "It has long been the case that discovery obligations exist on both sides to avoid ambush and unfair surprise." *Bryant v. Norde,* No. 16-CV-1428-RRM-SJB, 2018 U.S. Dist. LEXIS 52103, at *4 (E.D.N.Y. Mar.ew 28, 2018). In this case, Mr. Galvan surprised the Defendants when he attempted to subpoena customers of Rolling Lawns to testify even though he never identified these individuals as having discoverable information. Moreover, the subpoenas themselves did not provide significant detail regarding the information that the customers allegedly possess, stating that the customers would testify "regarding Nepamuceno Galvan's [] *work* at Rolling Lawns, Inc."[1]

      Then, even after the subpoenas were prepared, Mr. Galvan stated under oath that these customers did not possess discoverable information.

      Now that the Defendants' motion to quash has been filed, Plaintiff serves a supplemental interrogatory response which is vague, stating that the customers have knowledge of Plaintiff's "overtime" and "receiving cash payments." We noted that the interrogatory sought details regarding the information allegedly possessed by these customers and asked Galvan to provide further details. Plaintiff categorically refuses because he does not "believe" that Defendants' are entitled to such information.

      Discovery may be limited where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 limits the scope of discovery to

---

[1] See Riders to Subpoenas.

Letter re: Interrogatory No. 1                       M<small>OSER</small> L<small>AW</small> F<small>IRM</small>, PC 
Re:    *Galvan v. Rolling Lawns*
Page 2

matters that are "proportional to the needs of the case." Here, the Plaintiff has refused to provide details necessary to determine the benefit of the non-party depositions, and therefore whether they are proportional to the needs of the case.

Instead, Plaintiff boldly states that he is "aware of no obligation to provide the level of detail that [Defendants] are now requesting" and insists that the nature of the information in the customers' possession "can be obtained at the. . .depositions of these customers[.]" In other words, Plaintiff will not furnish any details sufficient to evaluate the need for the depositions before the depositions.

Plaintiff's request for a citation to a specific case which requires a party to furnish the details we requested is misplaced. "The objecting party bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 167 (D. Conn. 2005)(citing *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petrol. Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (internal citations and quotation marks omitted); *see Kimbro v. I.C. Sys.,* 01-CV-1676 (DJS), 2002 U.S. Dist. LEXIS 14599, at *2 (D. Conn. July 22, 2002)(stating that "the objecting party . . . bears the burden of showing why discovery should be denied.").

Despite Plaintiff's categorical refusal to furnish the information requested, I will call you in an attempt to resolve the issue.

                                                       Respectfully,

                                                       *Steven J. Moser*
                                                       Steven J. Moser