**KALMANSON COHEN**

Randi M. Cohen
PARTNER

c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

September 23, 2024

**VIA ECF**

The Honorable Victoria Reznik, USMJ
United States District Court
for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

    Re: *Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik,

    We represent Plaintiff Nepamuceno Galvan in the above-captioned action against his former employer of thirty (30) years, for age and disability discrimination and failure to pay overtime. We respectfully submit this letter—as a belt and suspenders measure—to request that a pre-motion conference be added to the Court Conference scheduled for September 25, 2024, to compel Defendants to respond to Plaintiff's First Request for Production of Documents, and for other such relief that this Court deems just and proper.

    As your Honor is aware, Plaintiff has been trying for three months to compel Defendants to make a production of ESI. This was first discussed with your Honor on August 15, 2024, and again on September 4, 2024. Pursuant to your Honor's September 4th post-status conference directive, the parties met and conferred on this issue on September 12, 2024. During the meet and confer, Defendants agreed to produce ESI by September 20, 2024. The parties then submitted a joint letter to your Honor, dated September 17, 2024, where Defendants again agreed to produce ESI by September 20, 2024. To date, *Defendants have provided no ESI despite these repeated promises to do so.*

    On Thursday, September 19, 2024, counsel for Defendants emailed counsel for Plaintiff stating that "Galvan's brother recently returned from two weeks abroad. However, upon his return my client realized that they do not own Galvan's Brother's cell phone although they pay for his service," in an effort to explain a delay in collecting and producing those particular documents.

    Counsel for Plaintiff responded, in an effort to resolve the issue without further dispute:

> Hi Steve, Thanks for letting us know. We assume you would have had to undertake the same efforts with Carmen's device as well. Has that already been

completed? **So long as we have the bulk of the ESI tomorrow, it shouldn't be too big of a problem to get the final cell phone contents afterwards.** How long do you expect to need? We look forward to seeing the **Ferraro ESI tomorrow**. Thanks. (emphasis added)

Defendants' counsel never responded, and never produced any other documents or communications. Document requests were served on May 30, 2024--Defendants have had ample time to identify custodians/ searches to be conducted (and so even Mr. Galvan's brother's phone should have long since been searched). However, there is simply *no excuse* for the failure to produce documents and communications from Defendants Evan and David Ferraro's devices.

On September 23, 2024 at 9:59 a.m., counsel for Plaintiff emailed counsel for Defendants asking whether the ESI from the Ferraros would be produced that day. Counsel for Defendants failed to respond.

This is unacceptable. Courts in the Southern District have held that Federal Rules of Civil Procedure 26 and 34 impose independent and inherent obligations on parties to conduct reasonable searches for documents that are relevant to the litigation and determine the sources (both custodians and locations) of such documents and information; ESI is not exempt from this obligation. *Raine Grp. LLC v. Reign Cap., LLC*, No. 21-cv-1898, 2022 U.S. Dist. LEXIS 31282, 2022 WL 538336, at *1 (S.D.N.Y. Feb. 22, 2022).

Defendants' willful delays and failures to produce ESI have required Plaintiff to spend time and resources litigating a discovery matter which should have been resolved months ago. It has delayed depositions and unnecessarily prevented this case from proceeding to trial. For the foregoing reasons, we ask the Court for a pre-motion conference in order to compel production and/or for an "adverse-inference instruction" at trial. *See Valenti v. Penn Mut. Life Ins. Co.*, 850 F. Supp. 2d 445, 452 (S.D.N.Y. 2012), *aff'd*, 511 F. App'x 57 (2d Cir. 2013) (District courts have broad discretion in determining whether to grant an adverse inference).

        Respectfully submitted,

        /s/Randi Cohen

        Randi Cohen