**KC | KALMANSON COHEN**

Randi M. Cohen
PARTNER
c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

October 7, 2024

**VIA ECF**
The Honorable Victoria Reznik, USMJ
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik,

Pursuant to Your Honor's September 26, 2024 Order, Defendants were directed to produce all ESI on or before October 4, 2024 (a date proposed by Defendants' counsel), and the parties were directed to submit a joint status letter, no later than October 7, 2024 confirming whether Defendants had produced the ESI. They have not, and Defendants have declined to submit language to be provided in this letter. Accordingly, Plaintiff respectfully submits this letter unilaterally outlining the current state of discovery in this matter.

To date, Defendants have not produced *any ESI*. As Your Honor is aware, Defendants have recounted a myriad of excuses for failing to make a production containing ESI. This was first addressed with the Court on August 15, 2024, and then again on September 4, 2024. Pursuant to Your Honor's September 4, 2024 directive, the parties met and conferred on this issue on September 12, 2024. At that time, Defendants agreed to produce ESI by September 20, 2024—which was then encompassed in a joint letter to the Court dated September 17, 2024.

Prior to, and at the September 26, 2024 conference, however, Defendants offered an excuse for not producing ESI on the agreed-upon deadline, September 20, 2024. Namely, Defendants stated that one of the cell phones of the custodians still needed to be searched. No rationale was provided for why the data from the Defendants' cell phones themselves (Evan and David Ferraro) had not been produced, nor why it could not be, for another week. Of note, this material was first requested on May 31, 2024, and again, via letter, on July 12, 2024.

Nevertheless, more recently, Defendants agreed to produce their ESI by October 4, 2024. Then, on October 4, 2024, Defendants did not produce ESI, and instead offered a different excuse (their fourth excuse to date), for their refusal to do so. Defendants stated that they did not realize that it was Rosh Hashana on the date of production. But Defendants never notified Plaintiff of this conflict at any time prior to October 4th itself—late into the holiday. What's more, the bulk of the ESI should have already been reviewed, given that it was purportedly only *one* outstanding cell phone from which data had to be collected. The shifting excuses do not even make sense.

We beseech the Court to find this conduct unacceptable. The ESI should have been produced on July 1, 2024 and it is now over three months late. Defendants' conduct leaves Plaintiff unable to prosecute his case, all the while needlessly forcing the wasteful expenditure of Judicial and party resources to address Defendants' conduct.  Plaintiff respectfully requests leave to file a motion to compel and to seek sanctions. *See In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179, 192 (S.D.N.Y. 2007) ("Where the alleged discovery misconduct consists of the non-production of evidence, a district court has broad discretion to fashion appropriate sanctions on a case-by-case basis.").

## **Defendants Have Declined to Submit Language for this Letter**

Plaintiff's counsel sent a draft of this letter to Defendants' counsel at 1:28pm today, October 7, 2024, reminding him that the joint status letter was due today, and asked him to add Defendants' position to the letter.[1] In response, Defendants' counsel stated: "As I indicated to you on Friday, we have the ESI but no assurances that the Plaintiff will honor the confidentiality agreement" – a new (and invalid) excuse for the failure to produce documents.  Defendants' counsel did not add his position to the letter.  Plaintiff's counsel then responded at 2:23pm, advising Defendants' counsel that Plaintiff's counsel would submit the letter unilaterally if Defendants' position was not received by 5pm, and advise the Court as to the same.

Of course, we are available at Your Honor's convenience to conference this matter.

Respectfully submitted,

/s/Randi Cohen
Randi Cohen

---

[1] In fact, the version of this letter sent to Defendants' counsel stated: "Defendants' Position" which we expected Mr. Moser to fill in.