# MOSER LAW FIRM, PC



**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 7, 2024

**VIA ECF**

Hon. Victoria Reznik, USMJ
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 1001

      Re:    *Galvan v Rolling Lawns, Inc et al.,* Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik:

Please accept this letter in response to Plaintiff's request for leave to file a motion for sanctions, which was filed as a "status report."

What was expected to be a routine status report to the Court has again devolved into unnecessary finger pointing. Plaintiff's letter omits relevant facts and mischaracterizes the Defendants' actions. More specifically, I have reviewed and we are ready to produce hundreds of text messages, but have only asked for the Plaintiff's assurances that he will maintain the confidentiality thereof.

On Friday, October 4, 2024, *at 9:00 AM* I wrote to Plaintiffs' counsel as follows:

> I have the text messages but I am still doing a privilege review. We did not anticipate the holiday when suggesting today as the exchange date. How do you propose we address the confidentiality/protective order issue? I reviewed our signed protective order yesterday and it seems to be verbatim from Judge Reznik's proposed protective order.

Plaintiff's counsel did *not* respond to the above email, despite assurances at the most recent conference with the Court that Plaintiff's counsel they would be able to work amicably with the undersigned to resolve the Defendants' confidentiality concerns. Instead, on Monday, October 7, 2024 at 1:30 PM Plaintiff's counsel sent me an email containing Plaintiffs' proposed "status report." I advised Plaintiff's counsel as follows:

> As I indicated to you on Friday, we have the ESI but [we have] no assurances that the Plaintiff will honor the confidentiality agreement. It's disappointing that rather than litigate the merits of the case, you choose to throw darts.



**Hon. Victoria Reznik, USMJ**                                   MOSER LAW FIRM, PC
**Re:** *Galvan v Rolling Lawns, Inc et al.*, **Case No. 7:23-cv-06724(CS)(VR)**
Page 2

       **Background.**  On May 21, 2024 the Court issued a protective order governing the use of documents designated as "CONFIDENTIAL."  *See* ECF No. 28. Under the terms of the Order:

> Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:
> a. The requesting party and counsel, including in-house counsel;
> b. Employees of such counsel assigned to and necessary to assist in the litigation;
> c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
> d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).[1]

The Order further states:

> All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.[2]

       On August 7, 2024, Plaintiff's counsel filed an affidavit in opposition to Defendants' motion to quash to which she annexed copies "of two documents produced by Defendants bearing Bates Numbers DEF000210-DEF000211."  *See* ECF No. 45, ¶ 9, and Exhibit C thereto.  The documents on the public docket had been clearly marked by the Defendants as "CONFIDENTIAL" and were subject to the Confidantiality Order.  Before filing the confidential documents, Plaintiff's counsel did not meet and confer with the undersigned. The confidential documents were not germane to Plaintiff's opposition to the motion to quash.  Plaintiff did not file the Court's procedures for filing the documents under seal.

       We approached the Plaintiff in an attempt to resolve the foregoing issue without Court intervention.  According to Plaintiffs' Counsel, the Confidentiality Order permits them to file any document marked as "CONFIDENTIAL" on the public docket without notice because "there is no presumption that such information shall be filed with the Court under seal."  *See* ECF No. 28, at ¶ 9.[3] Under the Plaintiff's reading, the Plaintiff is not required to meet and confer before filing CONFIDENTIAL documents on the public docket, does not have to establish any legitimate need for filing CONFIDENTIAL documents on the public docket, and does not need to follow the Court's procedures for filing CONFIDENTIAL documents under seal.  At the same time Plaintiff's counsel has raised the specter of lawsuits by other employees in order to extract a settlement from the defendants in this action.

---

[1] *See* ECF No. 28, at ¶ 4.
[2] *See* ECF No. 28, at ¶ 12.
[3] The Plaintiff conveniently ignore the next sentence of the order which states that "[t]he parties shall follow the Court's procedures for requests for filing under seal."

**Hon. Victoria Reznik, USMJ**                                    MOSER LAW FIRM, PC 
**Re:** *Galvan v Rolling Lawns, Inc et al.*, **Case No. 7:23-cv-06724(CS)(VR)**
Page 3

      **Conclusion.**  I was optimistic to hear at the last conference that Plaintiff's counsel was open to an amicable resolution of the confidentiality issue so that we have the assurance that documents produced in this lawsuit would not be made public or used for other purposes. Unfortunately that optimism was unfounded.  Rather than working in good faith to resolve the confidentiality issue as stated at the most recent conference, Plaintiff has ignored Defendants' requests for assurances.

      We are ready to exchange hundreds of text messages, and ask only that the Plaintiff confer with us so that we can have assurances of confidentiality.  As the Plaintiff did not respond to our request for clarification on its position on the Confidentiality Order we proposed specific amendments to the Confidentiality Order to eliminate any confusion.

      Rather than resorting to motion practice on both sides of the aisle, we respectfully request that the parties be directed to meet and confer via telephone regarding the amendment of the confidentiality order and to provide a further status report to the Court no later than 10/9/2024.

                        Respectfully submitted,

                        *Steven J. Moser*

                        Steven J. Moser

CC:    To all counsel of record (via ECF)