**KALMANSON COHEN**

**Kimberly Kalmanson**
PARTNER

w (646) 759-3655
c (718) 974-4500
f (646) 513-2936
e kim@kalmansoncohen.com

Admitted in NY Only

October 8, 2024

**VIA ECF**
The Honorable Victoria Reznik, USMJ
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

      Re: *Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik,

  We are counsel to Nepamuceno Galvan. We write this brief response to Mr. Moser's October 7, 2024 letter in order to correct the numerous misrepresentations made therein.

  Defendants' reliance on confidentiality concerns, despite the issuance of a previously negotiated and agreed-to Protective Order is but the latest in Defendants' attempts to avoid their discovery obligations. It is true that in August 2024, the parties discussed the procedures set forth in the Protective Order. At that time, Plaintiff invited Defendants to propose revisions for their comfort. They did not do so, until it became a convenient new excuse to avoid producing ESI.

  A true historical recitation of the issue follows:

  On August 7, 2024, counsel for Plaintiff publicly filed an innocuous document marked "Confidential." Prior to doing so, Plaintiff's counsel undertook a close review of the Protective Order, which, in our view, does not require a filing under seal in the initial instance.

  Mr. Moser first raised concerns about this, six days later, on August 13, 2024, in a memorandum of law in reply to Defendants' motion to quash—rather than moving to seal, or addressing it directly with Plaintiff. If Mr. Moser truly had been concerned about confidentiality issues, this certainly would have been his first step. In fact, despite the posturing, Defendants *never* moved to seal the document—it remains publicly available on the docket.

  After filing his reply papers, Mr. Moser stated, in an email to counsel: "Please advise whether you will be filing a motion to seal Exhibit C to Randi's declaration."

Counsel for Plaintiff responded the same day: "Regarding Exhibit C – the Confidentiality Order specifically states that marking documents as Confidential does not mean there is a presumption that such information shall be filed with the Court under seal. There is nothing in those 2 pages that would require a filing under seal. (You also didn't mention this as an issue on our meet and confer on Friday)."

See Exhibit A hereto.

It became apparent—that day—that there was a genuine dispute between the parties relating to the procedures required by the Protective Order—a dispute that Plaintiff's counsel tried to resolve in communications that followed.

Two days later, Mr. Moser emailed again: "I left a telephone message for you. We haven't seen any application to strike Exhibit C. I did not think that raising the issue with Judge Reznik yesterday was appropriate as we had not spoken personally about the issue. I'm hoping that Plaintiff will move to strike and/or seal Exhibit C. Please let me know."

Within the hour, counsel for Plaintiff responded, stating our position, but *also* stating that we would take no position on a motion by Defendants to seal the document, as a compromise position:

> "Got your voicemail. We do not read the Protective Order and rules as requiring us to file under seal, particularly given the content of the material and the public policy favoring open dockets in wage and hour cases. That being said, in the interest of working this out, we are doing some research about whether or not we should have followed a different procedure and will get back to you with a more fulsome response by tomorrow. **Alternatively, if you would like to move to have the document sealed, we won't oppose the application, and we are comfortable with you noting in the motion that we take no position**."

(emphasis added).

Counsel for Plaintiff performed the promised research and *again* followed up, *expressly stating to Mr. Moser that <u>we would consider revisions he proposed to the Protective Order to clarify the procedures</u>:*

> We've done some research, and we stand by the position that we didn't have an obligation to file under seal. Our stip, unlike others (see attached) doesn't include a procedure for providing notice in advance of filing – and like in those cases – there isn't a presumption or affirmative obligation to file under seal on the part of the non-designating party. That's the designating party's burden. Further, we maintain that there is nothing confidential about Exhibit C and we reserve the right

to challenge the confidentiality designation of these documents or any other similar documents so designated.

> **Having said that, if you would like to propose revisions to our stip to agree upon a procedure in the future, we are happy to consider those revisions.**

(emphasis added).

Mr. Moser did not respond to this overture, nor did he raise the issue again until the Court conference over *one month later* on September 25, 2024, when counsel for Plaintiff, again, stated that we would try to work together to amend the Protective Order.

After the conference, as has now become predictable, Mr. Moser did not follow up about this issue (an issue that *he* wanted addressed) until October 4, 2024, the date that Defendants' ESI production was due. At that time, he asked the undersigned to propose revisions. He did not state that documents could not be produced without an agreed-upon revision.

On October 7, 2024 (the next business day), counsel for Plaintiff told Mr. Moser that he should propose revisions if he wants to amend the Protective Order. He did so, later that day, at 4:52pm. The undersigned responded with a counter proposal at 5:16pm. Mr. Moser then responded at 5:26pm, and the undersigned responded with another counterproposal at 5:48pm. At 6:13pm, Mr. Moser responded stating that the presumption should be one of filing under seal, and not the reverse.

Mr. Moser's letter to the Court followed, which was filed at approximately 7:30pm, in which he misrepresented that Plaintiff was not acting in good faith. As the timeline indicates, this is patently false.

Mr. Moser's continued excuses for Defendants' failure to produce ESI must be rejected, and Plaintiff respectfully asks this Court for leave to file a Motion to Compel and to seek sanctions.

Respectfully submitted,

/s/ Kimberly Kalmanson
Kimberly Kalmanson

cc: Steven Moser, Esq., via ECF