# EXHIBIT A



### Fw: Galvan Housekeeping Details

| | |
|---|---|
| **From** | Kimberly Kalmanson <kim@kalmansoncohen.com> |
| **Date** | Fri 8/16/2024 2:55 PM |
| **To** | Steven Moser <steven.moser@moserlawfirm.com>; Shirley Navarro-Losito <shirleylosito@moserlawfirm.com> |
| **Cc** | Randi Cohen <randi@kalmansoncohen.com>; Joni Kletter <joni@kalmansoncohen.com> |

📎 1 attachments (15 KB)
stips.docx;

Steve,

We've done some research, and we stand by the position that we didn't have an obligation to file under seal. Our stip, unlike others (see attached) doesn't include a procedure for providing notice in advance of filing – and like in those cases – there isn't a presumption or affirmative obligation to file under seal on the part of the non-designating party. That's the designating party's burden. Further, we maintain that there is nothing confidential about Exhibit C and we reserve the right to challenge the confidentiality designation of these documents or any other similar documents so designated.

Having said that, if you would like to propose revisions to our stip to agree upon a procedure in the future, we are happy to consider those revisions.

Regards,
Kim

**From:** Kimberly Kalmanson <kim@kalmansoncohen.com>
**Sent:** Thursday, August 15, 2024 3:40 PM
**To:** Steven Moser <steven.moser@moserlawfirm.com>; Randi Cohen <randi@kalmansoncohen.com>; Joni Kletter <joni@kalmansoncohen.com>
**Cc:** Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>
**Subject:** Re: Galvan Housekeeping Details

Hi Steve:

Got your voicemail. We do not read the Protective Order and rules as requiring us to file under seal, particularly given the content of the material and the public policy favoring open dockets in wage and hour cases. That being said, in the interest of working this out, we are doing some research about whether or not we should have followed a different procedure and will get back to you with a more fulsome response by tomorrow. Alternatively, if you would like to move to have the document sealed, we won't oppose the application, and we are comfortable with you noting in the motion that we take no position.

Regards,
Kim

**From:** Steven Moser <steven.moser@moserlawfirm.com>
**Sent:** Thursday, August 15, 2024 3:08 PM
**To:** Kimberly Kalmanson <kim@kalmansoncohen.com>; Randi Cohen <randi@kalmansoncohen.com>; Joni Kletter <joni@kalmansoncohen.com>
**Cc:** Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>
**Subject:** Re: Galvan Housekeeping Details

Kim

I left a telephone message for you. We haven't seen any application to strike Exhibit C. I did not think that raising the issue with Judge Reznik yesterday was appropriate as we had not spoken personally about the issue.

I'm hoping that Plaintiff will move to strike and/or seal Exhibit C. Please let me know.

Steven Moser
MOSER LAW FIRM PC
133C New York Ave
PO Box 710
Huntington NY 11743
516-671-1150

**From:** Kimberly Kalmanson <kim@kalmansoncohen.com>
**Sent:** Tuesday, August 13, 2024 8:35:01 PM
**To:** Steven Moser <steven.moser@moserlawfirm.com>; Randi Cohen <randi@kalmansoncohen.com>; Joni Kletter <joni@kalmansoncohen.com>
**Cc:** Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>
**Subject:** Re: Galvan Housekeeping Details

Hi Steve:

Our conference is tomorrow morning and we can deal with scheduling matters at that time. As we stated last week, it is our position that no depositions should proceed until document discovery concludes, and we are still waiting for a host of documents from your side (which you promised to provide updates about on 7/31 and then 8/12—neither of which came), and you are actively moving to compel additional materials from our side. It makes no sense for you to take Mr. Galvan's deposition at this time. We can address this at the conference if you disagree.

Similarly, it is not our intent to bring your clients or non-parties to the table before document discovery is completed, and as we mentioned, we will work with you and the non-parties regarding their availability. We have no objection to providing you with the affidavits of service, and the communications with the witnesses (to the extent any exist) provided that you demanded them in your requests, which we will check. If not, go ahead and send a demand, and we'll send the docs in due course.

Regarding Exhibit C – the Confidentiality Order specifically states that marking documents as Confidential does not mean there is a presumption that such information shall be filed with the Court under seal. There is nothing in those 2 pages that would require a filing under seal. (You also didn't mention this as an issue on our meet and confer on Friday).

We look forward to hearing about the status of Defendants' discovery, and addressing the rest of these matters tomorrow.

Regards,
Kim

---

**From:** Steven Moser <steven.moser@moserlawfirm.com>
**Sent:** Tuesday, August 13, 2024 12:49 PM
**To:** Randi Cohen <randi@kalmansoncohen.com>; Joni Kletter <joni@kalmansoncohen.com>; Kimberly Kalmanson <kim@kalmansoncohen.com>
**Cc:** Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>
**Subject:** Galvan Housekeeping Details

All

1. Galvan's deposition was noticed for Friday.  Please let us know if he needs a spanish interpreter.
2. Pursuant to Judge Seibel's order, regardless of whether the motion to quash is denied, party depositions *must* precede non-party depositions. In light of the fact Defendant's depositions are noticed for early September, please let us know when you intend on taking the non-party depositions so we can avoid inconveniencing the non-parties.
3. Please provide copies of all communications, emails, and documents to or from the non-party customers.
4. Please provide affidavits of service of the subpoenas.
5. Please advise whether you will be filing a motion to seal Exhibit C to Randi's declaration.
6. I spent all day yesterday drafting the reply and have not had a chance to discuss with my client regarding your request for emails/texts.
7. Defendants hereby designate their Responses to Plaintiff's First Set of Interrogatories as "CONFIDENTIAL" and subject to the Confidentiality Order of 5/21/2024.



### Steven J. Moser
**Managing Attorney, Moser Law Firm, PC**

📞 631.759.4054

📱 516.671.2776

📍 133C New York Avenue, Huntington, NY 11743

▷ PO Box 710, Huntington, NY 11743

🌐 www.moserlawfirm.com

✉ steven.moser@moserlawfirm.com