UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Nepamuceno Galvan,

                            Plaintiff,                        23-cv-6724

              -against-                        **ORDER**

Rolling Lawns, Inc., David Ferraro, and Evan Ferraro,

                            Defendants.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

      Before the Court are the parties' dueling letters about the production of ESI. Plaintiff asks for leave to file a motion to compel Defendants to produce ESI that Defendant has agreed to produce. (ECF No. 58). Defendants say they are ready to produce the ESI but want assurances that Plaintiff will not violate the parties' confidentiality order, which both parties have signed and the Court has ordered. (ECF No. 59). Thus, on its face, the real dispute seems to relate back to the parties' disagreement about the terms of their confidentiality order, which came to light after Plaintiff made a public filing that contained documents marked confidential by Defendants. Plaintiff appears to take the position that although Defendants marked documents as "confidential," that designation does not require them to file those documents under seal. Instead, Plaintiff relies on language under the confidentiality order that "there is no presumption that such information [which has been marked confidential by the parties] shall be filed with the Court under seal." (ECF No. 28). The Court will resolve this dispute by, first, clarifying the

1

proper reading of the parties' confidentiality order, and second, addressing the ESI production.

### **The Parties' Confidentiality Order**

Although the Court agrees that a confidentiality designation does not entitle a document to be automatically sealed by the Court, it does not follow that a party may then publicly file that document on the docket without resolving a potential challenge to the confidentiality designation or filing a motion to seal. The Court recognizes the potential confusion caused by the language of the confidentiality order cited by the Plaintiff. But Plaintiff's reading of that language frustrates the very purpose of the confidentiality order. Under Plaintiff's reading, a receiving party may decide whether the other party's produced document is confidential (without challenging the designation or resolving any disputes with the Court) and then file it publicly without any notice or warning to the other side. Indeed, the confidentiality order provides that any designated document shall not be disclosed to any person, which includes the public. (ECF No. 28 at 2). Should the parties wish to challenge such a designation, then the order lays out the procedure to do so. (*Id.* at 1). In the interim, if a party wants to file documents marked confidential in a public filing, then they must abide by the provisions of the parties' confidentiality order, which requires that they maintain the presumed confidentiality of that document unless the parties agree otherwise, or any disputes are resolved by the Court.

While it is true that a confidential document is not automatically entitled to sealing, the Court is charged with determining what document will be sealed, not the parties. As such, the parties' confidentiality order is modified in accordance with this ruling. Relatedly, Plaintiff is prohibited from publicly filing any documents that Defendants mark confidential without following the procedure outlined above.

**The Disputed ESI**

Now that the Court has clarified the parties' confidentiality order, Defendants are ORDERED to produce the ESI, subject to the confidentiality order, by no later than October 22, 2024, or risk sanctions. Given Defendants' position that they are ready to produce the ESI, subject to resolving the confidentiality order issue, the Court assumes this should not be a problem.

**SO ORDERED.**

DATED:  White Plains, New York
        10/15/2024

_____
VICTORIA REZNIK
United States Magistrate Judge