

**Randi M. Cohen**
PARTNER

c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

October 25, 2024

**VIA EMAIL** (Steven.moser@moserlawfirm.com)
Moser Law Firm
Steven Moser
5 E. Main St.
Huntington, NY 11743

    Re:    *Galvan v. Rolling Lawns, Inc., et al.,* 23 CV 06724 (CS)
            Spoliation and Ongoing Discovery Deficiencies

Dear Steve:

    We write on behalf of Plaintiff, Nepamuceno Galvan ("Nepa" or "Plaintiff"), regarding alarming concerns raised after reviewing Defendants' belated ESI Production. This is our good faith attempt to resolve these issues in accordance with the Federal Rules of Civil Procedure 26 and 34, Local Rule 26.4 and Judge Seibel's Order. Given the tight timeframes set forth in Judge Reznik's Supplemental Case Management Plan, it is critical that these matters be addressed promptly.

## Background to This Dispute

    As you know, for months, Plaintiff has been pressing Defendants to produce ESI. Despite promise after promise to produce, it was only on October 22, 2024, under the threat of sanctions from Judge Reznik, that Defendants produced about 700 pages of text messages between Defendants and various employees of Rolling Lawns. The production, however, reveals a host of disturbing issues—not the least of which is that there appears to have been significant spoliation by your clients.

## Spoliation Related to Plaintiff's Injury, Medical Leave and Termination

    As an initial matter, the texts are produced in a hodgepodge fashion—there is no set order and no clarity as to custodian of the messages. What is clear is that, at least some of the messages start in 2018 and end in September 2024, however within each thread, the dates are disjointed, with no delineation between conversations with different people. What is more, there is a huge glaring omission: There are almost no text messages during the *critical time frame*, January 2023 through April 2023.

    It is inconceivable that there are little to no texts that **discuss Nepa's injury, Nepa's medical leave and/or Nepa's termination**. It is not credible that there was not a single message about Nepa's termination. This is particularly evidenced by the hundreds of text messages between

Evan Ferraro and Carmen Vazquez (DEF 000333-425; 000426-549; 000660-687; 000767-862; 000863-934). The two messaged nearly every day for years about the schedules and projects of the Rolling Lawns' employees. In fact, the pair mentioned Nepa at least two or three times a week in the daily text streams from 2022. However, no messages were produced between January 19, 2023 through February 20, 2023 and between March 19, 2023 through April 10, 2023—the time period when Nepa broke his foot, and the time period of his termination. Defendants produced <u>*not a single message* *during this critical time period, between any custodians*</u>. It strains credulity: (a) that there was no message then, when the pair messaged nearly every day; and (b) that Evan never had a single communication with Carmen—who handled scheduling—about the fact that Nepa is no longer on the schedule.

This, combined with the fact that the text threads between Evan and David Ferraro mysteriously stop after January 23, 2023 (right when Nepa broke his foot) constitute transparent evidence of either intentional withholding of relevant material, or worse, spoliation. It is inconceivable that Evan and David Ferraro would not have discussed Nepa's accident, medical leave, and termination, at all.

Defendants **must** produce responsive text messages from the critical time period of January through April 2023. To the extent that none exist, then it is clear that Defendants have improperly altered the evidence, and we will immediately bring this to the Court's attention.

Of note, an initial demand letter in this case was sent on May 18, 2023--putting Defendants on notice of the claims as early as that date. Please advise as to when Defendants were informed of their preservation obligations, including, when a litigation hold notice was sent to Defendants. Please provide a copy of the same.

## Custodians

More, we need to see the metadata from the text messages. It is unclear who each custodian is, and therefore, between whom the messages are being exchanged. While in some cases this can be deciphered, it is not our obligation to operate as sleuths to figure out who is communicating in these messages. Please send the metadata immediately.

It is also unclear if any messages from the phones of David Ferraro and/or Alfonso Galvan were searched and/or produced. To the extent that the texts of those custodians were not produced—we demand that Defendants produce them immediately.

## Schedules and Wage Payments

On numerous text threads, Defendants and Carmen make reference to employee schedules being entered into "jobber" and "the tablet" (*see, e.g.* DEF 000359, 362, 364, 376 and 418). Any and all documents relating to scheduling were demanded in Plaintiff's Document Demands (*see*

*e.g.* Request No. 23), and also, are **squarely relevant** to Plaintiff's wage and hour claims. Yet, Defendants' production is devoid of even a single document from Jobber or the Tablet. Defendants must produce all responsive documents from those platforms, including information related to employee schedules, wages, cash payments and clients.[1]

### Moser as Client

The text messages further reveal that someone named "Moser" was a client of Rolling Lawns from at least 2019 through 2021 (*see* DEF 000448, 454 and 691), if not longer. Please identify whether you or a family member were or are a Rolling Lawns' Client. If it was a family member, please identify which family member. This is concerning, because, as you know from our subpoenas served in July, we view Rolling Lawns' customers to be material witnesses in this case. Accordingly, if in fact, you or a close relative were a customer of Rolling Laws, then we are concerned that you may be a material witness which would warrant your disqualification from this matter. Attached please find a supplemental interrogatory relating to this matter.

### Redactions

Finally, we see redactions that appear to be improper. The schedule or payroll was redacted in DEF 000354. Why? Please remove any and all redactions for non-responsiveness from DEF 000354 and the documents from the initial production that were previously produced with redactions. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 185-86 (S.D.N.Y. 2014); *Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592, 2018 U.S. Dist. LEXIS 11584 at *26 (S.D.N.Y. Jan. 24, 2018), which we have already cited to you, and further, immediately produce a privilege log.

### Conclusion

Of course, we are available to meet and confer regarding the above-mentioned subjects, but we request that any meet and confer occur early next week, given the delays to date and the

---

[1] As referenced in DEF 000687, the "standard" number of hours a day for Rolling Lawns' employees was "8.75" in 2022 and "9 hrs" in 2023—evidence enough to demonstrate that Nepa worked overtime. The assignments given to him, as evidenced by the text messages further demonstrate that he was, in fact, a laborer between 2019 and 2023, and therefore overtime eligible. Similarly, the "standard schedules" in DEF 0000210 and DEF 000211 clearly evidence a schedule of over 50 hours of work per week. Even with the breadth of discovery still outstanding, we are confident that what discovery has been produced demonstrates a *prima facie* case of failure to pay overtime and we intend to move for summary judgment accordingly. As you know, it is the employer's burden to keep time records. These records demonstrate that the "time records," produced earlier are incomplete and incorrect. Accordingly, Defendants are stuck: either they produce records showing the actual hours worked entitling Plaintiff to overtime, or they don't, in which case, Plaintiff will be entitled to a presumption that his records/ testimony of the hours he worked is true and correct.

current scheduling Order. Should we fail to hear from you, we will expect your supplemental production, interrogatory response, unredacted documents, and privilege log next week.

Very truly yours,

**/s/ Randi M. Cohen**