**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

# MOSER LAW FIRM, PC



October 31, 2024

**VIA ECF**

Hon. Victoria Reznik, USMJ
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 1001

      Re:    *Galvan v Rolling Lawns, Inc et al.,* Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik:

Please accept this letter in response to Plaintiff's accusations of "Continuing Discovery Violations" *See* ECF No. 67, at 1, and requesting clarification regarding Defendants' anticipated motion for contempt and to dismiss the complaint due to Plaintiff's second violation of the Confidentiality Order.

**Plaintiff has not complied with the Court's Individual Practices.** According to the Court's Individual Practices, "[a]ny party wishing to raise a discovery dispute with the Court must first meet-and-confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Plaintiff did not "meet-and-confer in good faith with [the undersigned], in person or by telephone, in an effort to resolve the dispute."

**Plaintiff has, for the second time, violated the Court's Confidentiality Order dated May 21, 2024 (ECF No. 28).** On May 21, 2024, Judge Seibel so-ordered the parties' confidentiality stipulation. According to the order "Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action." *See* ECF No. 28, at 2. Both documents and information marked as Confidential are protected. *See* ECF No. 28 ¶¶ 4-5. Nevertheless, on August 7, 2024, Plaintiff's counsel publicly filed documents marked by Defendants as "Confidential." *See* ECF No. 45-3 (DEF000210-DEF000211).

On October 15, 2024 in the Court clarified the terms of the Confidentiality Order in order to assure that the parties would honor the confidentiality order. *See* ECF No. 65. That order states,

> Plaintiff appears to take the position that although Defendants marked documents as "confidential," that designation does not require them to file those documents under seal. Instead, Plaintiff relies on language under the confidentiality order that "there is no presumption that such information [which has been marked confidential by the parties] shall be filed with the Court under seal." (ECF No. 28).

Hon. Victoria Reznik, USMJ    MOSER LAW FIRM, PC
**Re:** *Galvan v Rolling Lawns, Inc et al.*, Case No. 7:23-cv-06724(CS)(VR)
Page 2

\* \* \*

The Court recognizes the potential confusion caused by the language of the confidentiality order cited by the Plaintiff. But Plaintiff's reading of that language frustrates the very purpose of the confidentiality order. Under Plaintiff's reading, a receiving party may decide whether the other party's produced document is confidential (without challenging the designation or resolving any disputes with the Court) and then file it publicly without any notice or warning to the other side. Indeed, the confidentiality order provides that any designated document shall not be disclosed to any person, which includes the public. (ECF No. 28 at 2).

On October 29, 2024, less than two weeks later, Plaintiff's Counsel publicly filed a letter once again disclosing the contents of documents marked as "Confidential" by the Defendants. *See* ECF No. 67-1, FN 1, at 3 (quoting directly from DEF000210, DEF000211 and DEF000687)[1], and ECF No. 67-1 at 3 (discussing the contents of DEF000448, DEF000454 and DEF000691, all marked as "Confidential").

To make matters worse, Plaintiff's counsel has used threats of potential overtime lawsuits by other employees in an attempt to extract a settlement. The public disclosures made in direct violation of the Confidentiality Order relate to overtime.

Based upon the foregoing, we intend to file a motion to stay discovery and for contempt sanctions, including dismissal. However, Judge Seibel signed the confidentiality order (ECF No. 28) and the order clarifying the terms thereof was issued by Your Honor. Under these unusual circumstances, it is unclear whether said should be made to Judge Seibel or to Your Honor.

**Plaintiff's claims of spoliation are unfounded.** The Plaintiff's most recent letter to the Court follows a pattern. Plaintiff acknowledges the fact that Defendants have furnished 700 pages of text messages. Plaintiff's counsel did not schedule a meet and confer regarding their questions. Instead, Plaintiff's counsel issued a written ultimatum containing threats. In this instance, Plaintiff's ultimatum claims that there are a "host of disturbing issues" with Defendants' document production "not the least of which is that there appears to have been significant spoliation." *See* ECF No. 67-1. According to Plaintiff's counsel, the letter "is [Plaintiff's] good faith attempt to resolve these issues in accordance with the Federal Rules of Civil Procedure 26 and 34, Local Rule 26.4 and Judge Seibel's Order."[2]

Back on August 22, 2024, *Plaintiff's counsel specifically requested that the following search terms be used to identify relevant text messages.*

    Nepa!
    Galvan

---

[1] This is the second time that Plaintiff's counsel disclosed the contents of DEF000210 and DEF000211. The first was on August 7, 2024, which led to the Court's admonition that any document marked as "Confidential" should not be disclosed by Plaintiff.
[2] Plaintiff conveniently omits any reference to Your Honor's Individual Rules.

Case 7:23-cv-06724-CS-VR   Document 68   Filed 10/31/24   Page 3 of 4

Hon. Victoria Reznik, USMJ						MOSER LAW FIRM, PC
**Re:** *Galvan v Rolling Lawns, Inc et al.*, Case No. 7:23-cv-06724(CS)(VR)
Page 3

> Papi
> Cash AND (pay! Or comp!)
> Schedul! AND employee!
> Schedul! AND work
> Hours AND employee!
> Hours AND work
> Policies
> Policy
> Overtime
> OT

We requested a meet and confer regarding the search terms and method of retrieval and production of the ESI. Our concern was that we did not want to go through the ESI retrieval, review, and production process more than once. *Plaintiff's counsel declined.*

Now, *even though the Plaintiff never requested that texts containing the words* "injury", "medical leave" or "termination" be searched for, Plaintiff's counsel complains that "[t]here are little to no texts that discuss" the plaintiff's "injury", "medical leave" or "termination." *See* Plaintiff's Letter (ECF No. 67, at 2). Similarly, despite Plaintiff never asking that the defendants search for texts containing the word "accident", Plaintiff complains that texts containing the word "accident" have not been produced. *See* Plaintiff's Letter (ECF No. 67 at 2).

Plaintiff never asked for all text messages between specific individuals, regardless of content, for the period from January 19, 2023, through February 20, 2023, or from March 19, 2023, through April 10, 2023. Nevertheless, the Plaintiff now complains that "no [text] messages were produced during the[se] two critical time periods." *See* Plaintiff's Letter, at 2.

**The plaintiff has failed to produce the relevant ESI requested from him.** The Plaintiff has produced several text messages, most of which are from 2022. The Plaintiff has not produced a single text message concerning his communication with Carmen Vasquez, the office manager and subordinate with whom he had an affair. He has not produced a single text message concerning his alleged injury or the reasons for his termination. In short, Plaintiff claims that prior to his termination, he never sent or received a text message regarding his on-the-job injury or his claim that he wasn't properly paid. He claims that he never sent or received any text message from anyone at or about the time he claimed he was injured or he was fired concerning his employment. At the same time, he levels unsubstantiated claims of spoliation, which he has not even taken the time to explore.

**Proposed basis for disqualification of Defendants' Counsel.** Finally, Plaintiff's counsel's ultimatum letter states to the undersigned: "if you or a close relative were a customer of Rolling Lawns, then we are concerned that you may be a material witness which would warrant your disqualification from this matter" (*See* ECF No. 67-1), and asks whether any of my family members were customers of Rolling Lawns, Inc. However, Plaintiff has not designated any customer of Rolling Lawns as a material witness. I am not a material witness, nor have I or my known family members ever been a customer of Rolling Lawns, Inc.

**Hon. Victoria Reznik, USMJ**                                                                              M<small>OSER</small> L<small>AW</small> F<small>IRM</small>, PC 
**Re:** *Galvan v Rolling Lawns, Inc et al.*, **Case No. 7:23-cv-06724(CS)(VR)**
Page 4

**Conclusion.** Plaintiff's request for a pre-motion conference regarding his claims of "spoliation" should be denied, as he has not taken the time to investigate these unfounded claims, has not engaged in a good-faith discussion, and has continued to violate the Court's Confidentiality Order.

                                          Respectfully submitted,

                                          *Steven J. Moser*
                                          Steven J. Moser

CC:    To all counsel of record (via ECF)

133 C N<small>EW</small> Y<small>ORK</small> A<small>VENUE</small>, H<small>UNTINGTON</small>, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM