

**Randi M. Cohen**
PARTNER

c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

November 6, 2024

**VIA ECF**
Hon. Victoria Reznik, USMJ
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

      Re: *Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik,

      This case arises out of age and disability discrimination and failure to pay overtime. We write on behalf of Plaintiff, Nepamuceno Galvan ("Plaintiff"), in the above-captioned action and in response to Defendants' letter dated October 31, 2024. Rather than address Plaintiff's very real concerns about potential spoliation and a deficient production, Defendants again deploy the now tiresome strategy of "the best defense is a good offense." Defendants' letter contains baseless accusations and seeks to cast aspersions on Plaintiff's counsel based on misrepresentations and what are—at worst—errors which have since been remedied. Accordingly, we respectfully request that the relief sought in Defendants' motion be denied and that the Court hold a pre-motion conference relating to Plaintiff's requested motion to compel and for sanctions.

## Defendants Refused to Meet and Confer

      Contrary to Defendants' assertion, Plaintiff sought to meet and confer with Defendants prior to bringing this matter before the Court. On Friday, October 25, 2024, Plaintiff transmitted a letter to Defendants' counsel which concluded with "[o]f course, we are available to meet and confer regarding the above-mentioned subjects, but we request that any meet and confer occur early next week, given the delays to date and the current scheduling order." The following business day (a Monday), the undersigned emailed: "Steve, Given the short deadlines in Judge Reznik's Order, we will need a response from you by tomorrow or we will have to take these matters directly to the Judge. Please advise if we can expect to learn your position in the next 24 hours."

      Defendants responded, via email, the following day, dismissing the concerns and closing with: "[w]e suggest that the parties schedule depositions." Defendants did not entertain a meet and confer. It was only then that Plaintiff proceeded to bring the matter to the Court.

## Plaintiff Did Not Violate the Confidentiality Order

      Plaintiff disagrees with Defendants' position that he violated the Confidentiality Order by making vague references to pieces of the contents of documents—largely in a footnote in an exhibit to our letter. Moreover, Defendants' claim that Plaintiff violated the parties' Confidentiality Order

by referencing DEF 000210, 000211 is belied by the fact that those documents have been on the public docket since August. Defendants have not moved to seal the documents. Plaintiff filed no confidential documents, as barred by the Court's most recent Order. ECF Docket No. 65.

Nevertheless, out of an abundance of caution, and to remove any distraction from the substantive issues at hand, Plaintiff immediately took steps to remediate any theoretical issue by removing the exhibit about which Defendants complained (ECF No. 67-1) from the public docket within 24 hours of receiving Defendants' letter. Accordingly, even if Plaintiff did innocently misconstrue the parameters of the Confidentiality Order, Defendants can identify no harm flowing from any such error—certainly none warranting contempt.

To avoid any future obstacles to properly bringing issues to the Court, Plaintiff intends to challenge Defendants' over designation of these materials and a variety of other documents because they are *not confidential* as defined by the Protective Order and Defendants' marking of them as such is against public policy. Defendants appear significantly concerned about "potential overtime lawsuits by other employees," an issue not mentioned *anywhere* in Plaintiff's papers. Plaintiff can only glean that Defendants intentionally seek to hide evidence of wage violations.

To wit, a central allegation in this dispute is that Defendants required Plaintiff to work over forty (40) hours every week and failed to pay him overtime under the Fair Labor Standards Act ("FLSA"). **Under the FLSA, there is a strong presumption for public access to the very types of documents that Defendants seek to shield under a false designation of confidentiality, even settlement agreements**. Under the FLSA, the public "has an independent interest in assuring that employees' wages are fair and thus do not endanger the national health and wellbeing." *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 645 (S.D.N.Y. 2011) (internal citations and quotations omitted). There is a strong public policy against employers seeking to silence employees talking about wage and hour violations. As the court noted in *Hens v. ClientLogic Operating Corp.*, No. 05-cv-3815, 2010 U.S. Dist. LEXIS 116635, at *4 (W.D.N.Y. Nov. 2, 2010), "vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA. . . . Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal." (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010)).

Mr. Moser is well aware of the strong policy favoring public access to information in FLSA cases; indeed the majority of Mr. Moser's career has been dedicated to advocating for plaintiffs in FLSA cases, including *Moreno v. Nassau Country Club*, 12 CV 5324, 2013 U.S. Dist. LEXIS 157288, at *3 (E.D.N.Y. Sep. 26, 2013), wherein the court held that "confidentiality *contravenes* the legislative intent of the FLSA" (citations omitted)(emphasis in original).

## Plaintiff Has Not Threatened Defendants' Counsel

Defendants' assertion that Plaintiff has issued an "ultimatum containing threats" is puzzling, and Plaintiff has no idea to what that allegation refers. Plaintiff wrote that there are a "host of disturbing issues" with respect to the ESI production. This is true. Defendants' counsel opted *not* to engage on that point. After waiting four (4) months for ESI discovery, Defendants produced hundreds of texts, but nothing around the time of Plaintiff's termination. Rather than address Defendants' potential spoliation, Defendants are obfuscating. The fact remains that there are virtually no texts that **discuss Plaintiff's injury, medical leave and/or termination**. The search terms that Plaintiff provided, including "Nepa" and "Galvan," should have covered the text messages related to the above topics. But *more importantly*—the glaring void of text messages during the critical time periods (despite years of continuous texts) is highly suspicious. It's not just that the messages do not contain information about the allegations in the complaint—it's that—despite 700 pages of texts—virtually none fall during those periods. These are not "threats" and there is nothing improper about Plaintiff pursuing his rights to discovery.

### Plaintiff Has Produced All Responsive Documents

Plaintiff has produced all responsive documents within his possession. Defendants once again gratuitously mention an alleged "affair" between Plaintiff and employee Carmen Vasquez, purportedly as "proof" that he has not produced his own ESI. Yet, Defendants have not identified any relevance to Plaintiff's claims and this attempt to embarrass or dissuade Plaintiff is unworthy of a response. Defendants' transparent attempts to use this to attack Plaintiff's character must be rejected. Furthermore, Defendants have control over Ms. Vasquez's phone (which she uses every day for work for Defendants) and Defendants were to have produced responsive text messages from her phone, a request that Plaintiff believes Defendants have repeatedly ignored.[1]

### Moser as Client

Finally, Plaintiff is entitled to inquire as to whether Mr. Moser is a material witness. Counsel could have easily informed Plaintiff that he is not, but instead, chose to do so only in his filing on the public docket (further proof that the texts are not confidential despite being so marked).

### Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests a pre-motion conference in order to seek sanctions based upon his letter dated October 29, 2024, and that all relief sought by Defendants be denied.

---

[1] It is impossible to tell, for sure, from whom texts were produced. It appears that Ms. Vasquez's phone is not an iphone, because her messages with Evan Ferraro are green—an indication that an iphone user (which Mr. Ferraro appears to be) is communicating with a non-apple phone. There are no messages that appear—in look and feel—to be from a non-apple phone, and therefore, no messages from Ms. Vasquez's phone. Of course, this level of "sleuthing" should not be a burden borne by Plaintiff.

Very truly yours,

**/s/ Randi M. Cohen**

4