UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Nepamuceno Galvan,

                        Plaintiff,

                -against-

Rolling Lawns, Inc., David Ferraro, and Evan Ferraro,

                       Defendants.
------------------------------------------------------------------X

23-cv-6724

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Before the Court are the parties' dueling letters concerning various discovery issues. First, Plaintiff writes to request a pre-motion conference concerning potential spoliation charges in light of purported gaps in Defendant's ESI production. In support of their request, Plaintiff alleges that Defendant did not produce text messages during "*critical time frames* [between] January 2023 through April 2023" (ECF No. 67), in large part because there are no texts that relate to Plaintiff's injury, medical leave, or termination. (*Id.*). Additionally, Plaintiff complains that Defendants failed to produce certain requested documents and made improper redactions on others. Plaintiff thus requests a pre-motion conference in anticipation of filing a motion to compel and to seek spoliation sanctions against Defendants.

      For their part, Defendants seek clarification regarding the parties' confidentiality order, as they seek to file a motion for contempt and to dismiss the complaint. (ECF No. 68). According to Defendants, Plaintiff has again violated the confidentiality order by filing confidential materials on the public docket. Defendants also claim that Plaintiff's spoliation claims are unfounded, as the terms

the Defendants searched were unlikely to produce the documents Plaintiff now seeks.

For the following reasons, both parties' requests for a pre-motion conference to seek sanctions and/or contempt are **DENIED** without prejudice. But the Court will schedule an in-person discovery conference to address the other discovery issues raised by the parties. In the meantime, Defendants must conduct supplemental ESI searches regarding Plaintiff's injury, medical leave, and termination, as described below.

A. **Defendants' Alleged Spoliation**

Under Rule 37(e) of the Federal Rules of Civil Procedure, when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Courts in this Circuit have recognized a three-part test to evaluate claims under this rule. First, courts must assess whether "a party failed to take reasonable steps to preserve [ESI] that should have been preserved in the anticipation or conduct of litigation." *Kosher Ski Tours Inc. v. Okemo Ltd. Liab. Co.*, No. 20 CV 9815 (VB), 2024 WL 3905742, at *2 (S.D.N.Y. Aug. 22, 2024) (citing *Coan v. Dunne*, 602 B.R. 429, 438 (D. Conn. 2019)). Second, courts must determine if there has been prejudice to another party from loss of the information, in which case the court may order measures no greater than necessary to cure the prejudice. *Kosher Ski Tours Inc.,* 2024 WL 9305742, at *2. And finally, regardless of prejudice, the court must

determine whether the destroying party acted with the intent to deprive another party of the information's use in litigation. (*Id.*)

Here, Plaintiff does not even make it past the first step of the test. At no point does either party claim that the contested information—namely, text messages between January and April 2023—are lost. Plaintiff asserts that it is "not credible" that there are no text messages among the parties and witnesses during this time period. (ECF No. 67 at 2). Defendant argues that documents relating to Plaintiff's injury, medical leave, or termination likely did not come up because these terms were not among the search terms the parties agreed upon. This is distinct from claiming that the documents no longer exist. Indeed, neither party has either demonstrated or admitted that these messages at one point existed and have since vanished. The Court thus finds that Plaintiff's request for spoliation sanctions is premature, as the Court is not sufficiently persuaded that the desired evidence is in fact "lost."

But the Court shares Plaintiff's concern about the gap in Defendants' ESI production. Although Defendants assert that the gap can be explained by a failure to use certain key search terms, the Plaintiff rightfully points out that the agreed-upon search terms (which include Plaintiff's name as a stand-alone term) should have captured any responsive documents relating to Plaintiff's injury, medical leave, or termination. To address this issue, Defendants are directed to renew their search for ESI for the period January 1, 2023, through April 30, 2023, inclusive of search terms relating to Plaintiff's injury, medical leave, and termination. Within one week of this Order, the parties must meet-and-confer and submit a proposed list of search terms in a joint letter to the Court, and identify which, if any, terms are

3

disputed. After receiving this letter, the Court will "so order" the search terms and provide a deadline for Defendants' search and production. If after Defendants conduct their supplemental search, they do not uncover any documents, the same should be filed in an affidavit with the Court.

B. **Plaintiff's Alleged Violation of the Confidentiality Order**

Defendants claim that Plaintiff publicly filed a confidential letter not two weeks after this Court clarified the terms of the parties' Confidentiality Order. In response, Plaintiff's counsel writes that they did not violate the parties' Confidentiality Order because they only made "vague references to pieces of the contents of documents" (ECF No. 70 at 1) and that Defendants' assertions of confidentiality are belied by the fact that they never moved to seal the purportedly confidential documents on the public docket. (*Id.*) In any case, Plaintiff's counsel says that they have since removed the complained-of exhibit from the public docket and intend to challenge Defendants' confidentiality designations, as outlined in the Confidentiality Order.

A review of the docket reveals that the disputed exhibit is now sealed. And any prejudice resulting from Plaintiff's public disclosure appears minimal, as Plaintiff's counsel says they removed the exhibit from the public docket within 24 hours of receiving Defendants' letter. Although Defendants are rightfully protective of their confidential information, the Court finds their request to seek contempt sanctions, including dismissal, to be unwarranted under the circumstances. But the Court puts Plaintiff's counsel on notice that any future lapses in publicly filing documents marked confidential (without resolution of any challenges to Defendants' confidentiality designations) may result in Court sanctions.

## Conclusion

Thus, both parties' requests for a pre-motion conference to seek sanctions and/or contempt are **DENIED without prejudice.** Defendants are directed to renew their search for ESI as outlined above. Within one week of this Order, the parties must meet-and-confer and submit a proposed list of search terms in a joint letter to the Court and identify which, if any, terms are disputed. Finally, by separate order, the Court will schedule an in-person conference to cover the remaining discovery issues.

**SO ORDERED.**

DATED:   White Plains, New York
         11/18/2024

_____
VICTORIA REZNIK
United States Magistrate Judge