

November 22, 2024

**VIA ECF**
The Honorable Victoria Reznik, USMJ
United States District Court for the
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Galvan v. Rolling Lawns, Inc., et al.,* 23 CV 06724 (CS)

Dear Judge Reznik:

      We represent the Plaintiff, Nepamuceno Galvan in the above-captioned action. We are in receipt of the Court's Order directing the parties to appear before Your Honor on December 6, 2024, to discuss the myriad discovery issues that plague this dispute. We write to inform the Court of an additional discovery item which we respectfully request that the Court address at the upcoming conference.

Plaintiff Challenges Defendants' Confidentiality Designations

      Defendants have designated their entire document production as "Confidential" pursuant to the May 21, 2024 Stipulated Confidentiality Order ("SCO"). This has led to significant challenges for Plaintiff in prosecuting his case and in seeking assistance from the Court. Thus, Plaintiff sought to work cooperatively with Defendants to de-designate those materials which are not properly designated as "Confidential," in accordance with the SCO. To start, Plaintiff re-reviewed of all of Defendants' documents to determine whether and which documents were properly classified as Confidential.

      Then, on November 12, 2024, Plaintiff sent a letter to Defendants confirming our agreement that documents bearing Bates Nos. DEF_0000213-DEF0000240 are properly marked as Confidential and should remain so (along with any personally identifiable information ("PII") subject to the ordinary E-filing redaction rules) but requesting that Defendants de-designate certain categories of documents listed in the letter.

A Meet and Confer Was Unsuccessful

      The parties then engaged in a telephonic meet and confer about the same on November 14, 2024. On that call, Defendants initially agreed to de-designate some of the documents (documents relating solely to Plaintiff) but refused to discuss the other categories of documents without Bates numbers for individual documents. Plaintiff's counsel noted that that demand was burdensome given that, within the categories, the documents are all substantially similar and are easily disposed of as non-confidential. So, counsel for Plaintiff requested that the parties commence the



conversation by discussing the categories of documents—the basis for the confidentiality designation generally—and then, if need be, narrowing it to documents within those categories. Defendants refused to engage unless Bates numbers were provided.

Plaintiff then emailed Defendants' counsel outlining the Bates Nos. for the categories of documents Plaintiff wanted to discuss and asking Defendants to (1) confirm in writing which documents they agreed to de-designate (which Defendants had offered to do on the phone call); and (2) provide a justification for the balance of the designations for the categories listed. In response, Defendants did neither, instead, accusing Plaintiff of seeking de-designation for improper purposes. Of course, we are not.

Accordingly, on November 21, 2024, counsel for Plaintiff again emailed counsel for Defendants asking, with the "hope that we can work this out," for confirmation of the Bates numbers that Defendants had agreed telephonically to de-designate, and requesting that the parties schedule a time to go through the text messages document by document, to address Defendants' position that they are properly marked as confidential. The following day, Defendants responded: "I was out sick yesterday. We do not agree to de-designation of documents at this time."

<u>Plaintiff Respectfully Requests the Court Consider the De-Designation Request</u>

Therefore, Plaintiff, respectfully, now seeks to have the Court de-designate documents bearing Bates Nos. DEF_0000001-DEF_0000212 (non-ESI documents relating to Plaintiff), and DEF_0000241-DEF_0000951 (text messages).[1]

The documents do not meet the standard for confidentiality, as they lack sensitive or proprietary content that would warrant the designation. The SCO defines Confidential Information as "necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non- public information." ECF No. 28; Protective Order at ¶1. The subject documents do not meet this standard, and Defendants cannot show how they do.

An initial designation of "Confidentiality" is not dispositive as to whether a document is properly shielded from public disclosure. *Schiller v. City of New*, 2007 U.S. Dist. LEXIS 4285 (S.D.N.Y. Jan. 19, 2007). Per Fed. R. Civ Pro. 26(c), the party making the confidentiality

---

[1] Plaintiff sent more specific categories of documents, both by bates number and description to Mr. Moser, but out of an abundance of caution is not including those details here, because while Plaintiff does not believe summaries of categories of documents to be Confidential as provided for in the SCO, Plaintiff nevertheless seeks to avoid any further disputes or motion practice over confidentiality. Of course, we are prepared to present the specific categories of documents to the Court at the conference or in advance in a manner of the Court's choosing.



designation has the burden of showing "good cause" for the designation, notwithstanding that initial designation. *Id*.  A showing of "good cause" typically requires a demonstrating party show that "disclosure will result in a clearly defined, specific and serious injury." *Id*. *See also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 243 (S.D.N.Y. 2009) (striking confidential designation, explaining that a "blanket protective order temporarily postpones the good cause showing," while the "burden of establishing good cause then lies with the party seeking to prevent the disclosure of documents").

Plaintiff does not seek de-designation for improper purposes.  Rather, the burden of being forced to seek sealing of every produced, improperly designated, document when filing with the Court (in a case where there has already been an inordinate amount of motion practice relating to discovery), is a tremendous and inappropriate waste of Judicial and party resources.

As Defendants' counsel acknowledged on the meet and confer, documents relating to Plaintiff, specifically contain *Plaintiff's information*—so if Plaintiff wants them de-designated Defendants have no interest in protecting their contents from confidentiality.  At a minimum, this should not be in dispute.

With regard to the text messages, not only is there nothing sensitive or proprietary in them, but many of them relate to Plaintiff's wage and hour claims, and as Defendants are well aware, under the FLSA, there is a strong presumption favoring public access to these documents. Under the FLSA, the public "has an independent interest in assuring that employees' wages are fair and thus do not endanger the national health and wellbeing." *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 645 (S.D.N.Y. 2011) (internal citations and quotations omitted). There is a strong public policy against employers silencing employees' ability to discuss wage and hour violations. As the court noted in *Hens v. ClientLogic Operating Corp.*, No. 05-cv-3815, 2010 U.S. Dist. LEXIS 116635, at *4 (W.D.N.Y. Nov. 2, 2010), "vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA. . . . Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal." (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010)).

Because Defendants have failed to meet their burden, Plaintiff seeks to have the documents de-designated, and respectfully requests that the Court address this issue at the December 6, 2024 conference.  We would be happy to submit the documents for an *in camera* review, or otherwise provide more detailed information about the documents in a manner convenient for the Court.



Respectfully,

**/s/ Randi M. Cohen**

Randi M. Cohen