# MOSER LAW FIRM, PC 

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

January 8, 2025

**VIA ECF**

Hon. Cathy Seibel, USDJ
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 1001

  Re: *Galvan v Rolling Lawns, Inc et al.,* Case No. 7:23-cv-06724(CS)

Dear Judge Seibel:

  I represent the Defendants in the above-referenced action. Pursuant to the Court's Individual Practices, the Defendants respectfully request a pre-motion conference regarding an anticipated motion to dismiss the Plaintiff's claims for age and disability discrimination arising under New York State law for lack of subject matter jurisdiction.

  **Introduction.** The complaint alleges one cause of action ("COA") over which the Court has original jurisdiction – the first, for overtime under the Fair Labor Standards Act (FLSA). The second cause of action is for overtime under the New York Labor Law (NYLL). The remaining causes of action which have not been dismissed or withdrawn by stipulation between the parties include:

| | |
|---|---|
| COA 4: | Age Discrimination in Violation of the NYSHRL |
| COA 5: | Disability Discrimination in Violation of the NYSHRL |
| COA 6: | Failure to Accommodate under the NYSHRL |
| COA 7: | Aiding and Abetting Discrimination Under the NYSHRL |
| COA 8: | Hostile Work Environment Claim Under the NYSHRL |

  **Overtime claim facts.** According to the complaint, the Plaintiff worked 60 hours each week[1] and was paid a salary.[2]

  **Age discrimination claim facts.** According to the complaint, the Plaintiff was a 59-year-old landscaping employee[3] who "endured jokes that he should be 'put out to pasture in the river,' was greeted as 'old man' and referred to as 'papi.'"[4] The plaintiff alleges that he was terminated in March 2023 and replaced with a younger employee.[5] The plaintiff also claims that when he was

---

[1] Compl., para. 35.
[2] Compl., para. 39.
[3] Compl., para. 112.
[4] Compl., para. 113.
[5] Compl., para. 114.

Hon. Cathy Seibel, USDJ  
Re: *Galvan v Rolling Lawns, Inc et al.*, Case No. 7:23-cv-06724(CS)  
Page 2

MOSER LAW FIRM, PC 

terminated, his boss, David Ferraro, told him, "Although there is nothing wrong with your performance, we are getting older, and we need new blood in the Company."[6]

**Disability discrimination claim facts.** The plaintiff claims that he injured his foot at work in January 2023[7], that he was "forced" to return to work before his food had fully healed[8], that upon his return to work, he required, but was not given an accommodation[9], and that he was terminated in March 2023.[10]

**Procedural history.** The parties actively engaged in pre-trial discovery, including serving and responding to interrogatories and document requests, searching for and producing ESI, and serving subpoenas. On December 19, 2024, upon a review of the entire file, I wrote an email to Plaintiff's counsel which stated:

> We are concerned about the basis for the Court's alleged jurisdiction over the Plaintiffs' state discrimination claims and want to raise the potential jurisdictional issue before depositions are conducted. The complaint alleges only that "[t]he Court has supplemental jurisdiction over Plaintiff's claims brought under the NYSHRL pursuant to 28 U.S.C. §1367(a)." Compl. Para. 5. I have reviewed all of the documents produced by the parties and the docket and cannot see the connection between the state discrimination claims and the wage claims.

That same day, counsel for Plaintiff responded by email: "So make a motion. Happy holidays."

**The Discrimination Claims Do Not Form Part of The Same Case Or Controversy As The Federal Claims**. In a case where there is no diversity jurisdiction, a federal court may exercise supplemental jurisdiction over state law claims only if they are so related to claims in the action over which the Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, L.L.P.*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation omitted).

Claims derive from a common nucleus of operative fact "where the facts underlying [them] substantially overlap[ ]. . . or where presentation of the federal claim necessarily br[ings] the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (citations omitted). Courts have held there is no "common nucleus of operative fact" where "the employment relationship . . . is the sole fact" connecting the federal claims to the state claims. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468-69 (S.D.N.Y. 2008); *Noriko Ozawa v. Orsini Design Assocs.*, No. 13-CV-1282 (JPO), 2015 WL

---

[6] Compl., para. 115.  
[7] Compl., para. 67.  
[8] Compl., para. 73-74.  
[9] Compl., para. 75.  
[10] Compl., para. 122.



MOSER LAW FIRM, PC

1055902, at *12 (S.D.N.Y. Mar. 11, 2015) (dismissing state counterclaim for lack of subject matter jurisdiction where "there is little beyond the employment relationship that joins the [state law claim] with [plaintiffs] overtime claims").

**The federal overtime claims will likely not survive summary judgment, leaving only the state claims for trial.** Under the motor carrier exemption, the FLSA's overtime provision does not apply "to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 U.S. Dist. LEXIS 85697, 2013 WL 3010810, at *6 (E.D.N.Y. June 18, 2013) (citing 29 U.S.C. § 213(b)(1)).

Rolling Lawns, Inc. ("RLI") is a landscaping company. It is located only 6 miles Connecticut and regularly transports materials, supplies, workers and equipment between New York and Connecticut. It is a "motor private carrier" under the Motor Carrier Act ("MCA"). *See* 49 U.S.C. § 13102(15). The Plaintiff regularly drove people and property between New York and Connecticut. Therefore, the Plaintiff is subject to the jurisdiction of the Secretary of Transportation. *See* 49 U.S.C. § 13501; *Gonzalez v. Dom's Lawnmaker, Inc.*, No. 17-CV-3519 (JMA) (SIL), 2022 U.S. Dist. LEXIS 220899, at *2 (E.D.N.Y. Dec. 7, 2022) (finding motor carrier exemption applicable to employee of tree and landscaping company).

**The Court Should Decline to Exercise Supplemental Jurisdiction under 28 U.S.C. § 1367(c).** "The district courts may decline to exercise supplemental jurisdiction over a claim ... if. . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* "Nonfederal claims may 'substantially predominate' in terms 'of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Thomas v. Eony L.L.C.*, No. 13-CV-8512 (JPO), 2015 WL 1809085, at *7 (S.D.N.Y. Apr. 21, 2015) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Courts have declined to exercise supplemental jurisdiction over a plaintiff's discrimination claims in a wage-and-hour action under 28 U.S.C. § 1367 on the basis that the discrimination claims would require a "substantial amount of additional evidence and involve much broader issues than Plaintiff's straightforward FLSA overtime claim." *Figurowski v. Marbil Invs., L.L.C.*, No. 14-CV-7034(JS)(GRB), 2015 WL 4000500, at *4 n.3 (E.D.N.Y. July 1, 2015); *Hernandez v. Mauzone Home Kosher Prod. of Queens, Inc.*, 2013 WL 5460196, at *6 (E.D.N.Y. Sept. 30, 2013)

Here, the Plaintiffs' discrimination claims are more complex than the federal overtime claim. The federal overtime claims are relatively straightforward, requiring evidence of hours worked and wages paid and evidence concerning the motor carrier exemption. On the other hand, the discrimination claims are more complex and involve the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)[11], including plaintiff's initial burden of establishing an inference of discriminatory intent, RLI's legitimate non-discriminatory reason for the employment decisions, and whether Plaintiff can prove that the reason is pretextual.

---

[11] *Ferraro v. Kellwood Co*, 440 F.3d 96, 99 (2d Cir. 2006) ("In discrimination claims brought under the [NYSHRL], the burden-shifting framework established by the Supreme Court in [*McDonnell Douglas*] applies.").

Hon. Cathy Seibel, USDJ  MOSER LAW FIRM, PC
Re: *Galvan v Rolling Lawns, Inc et al.*, Case No. 7:23-cv-06724(CS)
Page 4

  The damages sought by Plaintiff in the state claims are also much more complex than those sought in the federal overtime claim. The federal overtime claim is subject to a mathematical computation once the regular rate, overtime rate, and hours worked are established. The damages sought by Plaintiff in the state discrimination claims include determinations of "back pay, front pay, and other compensatory and punitive damages [including] damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, injury to reputation, and other non-pecuniary losses[.]." Complaint, at 19.

                Respectfully submitted,

                *Steven J. Moser*
                Steven J. Moser

CC: All counsel of record via ECF