

**KALMANSON COHEN**

Randi M. Cohen
PARTNER

c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

January 28, 2025

**VIA ECF**
The Honorable Cathy Seibel, USDJ
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 1001

Re: <u>Galvan v. Rolling Lawns, Inc. et al., Case No. 7:23-cv-06724(CS)</u>

Dear Judge Seibel:

     We represent Plaintiff Nepamuceno Galvan ("Galvan" or "Plaintiff") in the above-captioned action alleging age and disability discrimination as well as failure to pay overtime against Defendants Rollings Lawns, Inc., David Ferraro and Evan Ferraro (collectively, "Defendants"). Pursuant to your Honor's January 9, 2025 Order, we respectfully submit this letter in response to Defendants' pre-motion conference letter seeking dismissal of Plaintiff's claims for purported lack of subject matter jurisdiction. For the reasons outlined below, we respectfully request that Your Honor deny Defendants' request to file a motion as it would be futile.

<u><b>The Court Has Properly Exercised Supplemental Jurisdiction<br>Over Plaintiff's State Law Claims</b></u>

     Pursuant to 28 U.S.C. § 1367, federal district courts are empowered to exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the asserted federal claims that confer subject matter jurisdiction. *See* 28 U.S.C. § 1367(a). To be considered part of the same case or controversy, the claims "must stem from the same 'common nucleus of operative fact'; in other words, they must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966)). In fact, *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006), upon which Defendants rely, actually demonstrates the broad scope of supplemental jurisdiction ("In determining whether two disputes arise from a 'common nucleus of operative fact,' we have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" *Achtman*, 464 F.3d at 335 (quoting *Lydonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).

     In *Achtman*, the Second Circuit noted that while "there would surely be some facts at issue in the asserted malpractice claim that were not directly implicated in the [underlying] securities litigation itself [the basis for federal jurisdiction]," the Court nonetheless had jurisdiction over the separate malpractice action. *Id.* at 336. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468-69 (S.D.N.Y. 2008), also relied on by Defendants, similarly found that the court had supplemental jurisdiction over state law claims, where, as here, the claims arose from the same

operative facts (in that case, FLSA and New York Labor Law claims). *See Torres v. Gristede's Operating Corp.*, 04-cv-3316, 2006 U.S. Dist. LEXIS 74039, at *37-38 (S.D.N.Y. Sep. 28, 2006).

Federal courts routinely exercise supplemental jurisdiction over the combination of discrimination and wage and hour disputes such as this. Supplemental jurisdiction may lie over a state employment discrimination claim when it is "intricately connected" to the FLSA claim. *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007). For that to be the case, there must be some "overlap" between the wage-and-hour claims and the alleged employment discrimination—for instance (like here), that the plaintiff's wages were decreased because of unlawful discrimination. *Cf. Dervisevic v. Wolfgang's Steakhouse, Inc.*, 19-cv-814, 2019 U.S. Dist. LEXIS 203616, at *6-7 (S.D.N.Y. Nov. 22, 2019) (finding no supplemental jurisdiction because the discrimination claims <u>preceded</u> the FLSA claims <u>by three (3) years</u>).

Here, like in *Rivera*, this precise overlap exists and it is proper for the Court to exercise supplemental jurisdiction over Plaintiff's discrimination claims. Plaintiff alleges that (1) David Ferraro, the President of Rollings Lawns, Inc., promoted his twenty-two (22) year old son Evan Ferraro to Operations Manager in 2019; (2) Evan Ferraro then proceeded to deploy a younger workforce and discriminated against Plaintiff, an older man by, *inter alia*, demoting him from an exempt role to a non-exempt role of Laborer; and (3) Defendants then refused to pay Plaintiff overtime once he was demoted to Laborer. Complaint ¶¶ 47-59. Plaintiff's discrimination claims are contemporaneous to, and inextricably linked with, Plaintiff's overtime claims. In *Rivera*, the Court found supplemental jurisdiction where the defendant had reduced the plaintiff's pay on account of sexual harassment. 497 F. Supp.2d at 393. The same is true here—Defendants demoted Galvan and denied him overtime as a direct result of discrimination (here, based on age). The facts supporting Galvan's discrimination claims are intricately connected to his FLSA claim. *See also Munguia v. Bhuiyan*, 11-cv-3581, 2012 U.S. Dist. LEXIS 19885, at *8-9 (E.D.N.Y. Feb. 16, 2012) (the court permitted the plaintiff to plead a state law race discrimination claim when doing so was "relevant to the issue of plaintiff's wages because [he] alleges that [defendants] decreased [his] wages" as a result of that racial discrimination and Defendants do not argue that they would suffer any prejudice by this amendment) (internal citations and quotations omitted).

## **Plaintiff Will Easily Prevail on the Federal Overtime Claims**

Discovery in this case supports Plaintiff's wage claims. Rather than address the merits of the case, Defendants now feebly attempt to claim that because Plaintiff worked at a landscaping company, he is subject to the jurisdiction of the Secretary of Transportation and the Motor Carrier Act ("MCA") Exemption to the FLSA. *See* 49 U.S.C. § 13501. This is laughable; the statute deals with individuals who work on motor vehicles—not gardeners. However, even assuming this exemption could apply to Rolling Lawns, Inc. (a local landscaping company), most, if not all, landscape employees are **not** subject to the Secretary's jurisdiction: *See* [DOL Fact Sheet #19](): Motor Carrier Exemption Under FLSA. And, in fact, the case cited by Defendants makes clear that Plaintiff's work is not subject to the MCA:

> There are four broad categories of workers whose duties are said to directly affect the safety of vehicle operation: drivers, mechanics, loaders, and helpers of the first three. Covered mechanic duties include, inter alia: (1) repairing, adjusting, and maintaining brakes, windshield wipers, lights, wheels, and axles; and (2) and changing tires. 29 C.F.R. §

2

> 782.6(a). If only part of an employee's duties affect the safety of operations of motor vehicles in interstate commerce, courts consider the character of those activities rather than the proportion of either the employee's time or his activities in determining whether the employee comes within the scope of the Secretary of Transportation's authority to regulate qualifications and maximum hours of service.

*Gonzalez v. Dom's Lawnmaker, Inc.*, 17-cv-3519, 2022 U.S. Dist. LEXIS 220899, at *15-16 (E.D.N.Y. Dec. 7, 2022) (internal citations and quotations omitted). Plaintiff was a Laborer who performed yard work for Defendants' clients in New York; claiming he was a "driver" to/from Connecticut does not even come close to meeting the standard.[1] Defendants' argument that this Court lacks jurisdiction over Plaintiff's federal FLSA claims must be rejected.

### Judicial Economy Favors Exercise of Jurisdiction

Defendants also urge the Court to decline to exercise supplemental jurisdiction over the state law claims as a matter of discretion under 28 U.S.C. § 1367(c)(2) because those claims will "substantially predominate" over the FLSA claims. Defendants ignore well-established case law: "When similar evidence and witnesses will be required to adjudicate state and federal claims, principles of judicial economy dictate that trying the state law claims in state court and the FLSA claim in federal court would require duplication of efforts and would be a waste of judicial resources." *Thomas v. EONY, LLC*, No. 13-cv-8512 (JPO), 2015 U.S. Dist. LEXIS 52290, at *21-22 (S.D.N.Y. Apr. 21, 2015) (citation omitted). Here, Plaintiff's discrimination claims involve wrongdoing by the same two bad actors who violated the FLSA. Adjudicating Plaintiff's discrimination claims is intricately connected to his wage claims, require overlapping discovery, witnesses and damages. What's more, at this juncture—1.5 years into the case—at nearly the end of document discovery (which has and continues to involve many disputes) judicial economy weighs heavily in favor of exercising supplemental jurisdiction.[2]

For all of the foregoing reasons, we respectfully request that Defendants' request to make a motion for lack of subject matter jurisdiction be denied.

Respectfully submitted,

*/s/ Randi M. Cohen*
Randi M. Cohen

---

[1] Pursuant to a 2008 legislative amendment, the overtime requirements of Section 207 of FLSA apply notwithstanding the MCA exemption if the employee's "work, in whole or in part" affects "the safety of operation of motor vehicles weighing 10,000 pounds or less" and involves "perform[ing] duties on" such smaller vehicles. Defendants' vehicles do not meet the MCA requirements. *Orbetta v. Dairyland USA Corp.*, 20-cv-9000, 2023 U.S. Dist. LEXIS 177511, fn. 10 (S.D.N.Y. Sept. 20, 2023).

[2] Defendants have erected excuse after excuse to the production of responsive documents—particularly text messages. Then, when Defendants ultimately produced text messages, they were suspiciously devoid of messages from the periods of time during which Plaintiff was injured and terminated. Accordingly, in November 2024, Judge Reznick Ordered Defendants to run searches and produce documents from that time frame—a three-month period. Defendants ultimately made a production pursuant to a different Order of Judge Reznick on January 21, 2025 which only serves to deepen our concerns about spoliation. A motion on that matter is forthcoming. Defendants now-futile motion to dismiss on jurisdictional grounds appears to be nothing more than another attempt to distract from these issues.