

MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

January 31, 2025

**VIA ECF**

Hon. Cathy Seibel, USDJ
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 1001

   Re: *Galvan v Rolling Lawns, Inc et al.,* Case No. 7:23-cv-06724(CS)

Dear Judge Seibel:

   I represent the Defendants in the above referenced action. There is a pre-motion conference scheduled for February 4, 2025. We respectfully advise the Court that the Plaintiff, in his most recent letter (D.E. 186), makes factual statements which are either flatly incorrect or contradicted by other previous statements.[1]

   Mr. Galvan claims that Rolling Lawns, Inc. is just a "landscaping company", not a motor carrier. However,

- According to the Secretary of Transportation, Rolling Lawns, Inc. ("RLI") is a Motor Carrier. *See* Exhibit 1 (US DOT Company Snapshot for Rolling Lawns, Inc.);

- In Paragraph 18 of the complaint, plaintiff admits that Rolling Lawns, Inc. "made use of instrumentalities, including motor vehicles, goods and mails, of interstate commerce[.]"[2]

- Mr. Galvan is well aware that Rolling Lawns, Inc. is a motor carrier because the vehicles he drove bore the DOT Motor Carrier Number. *See* Exhibit 3 (photograph of an RLI vehicle).

   Mr. Galvan also claims that RLI was not engaged in interstate commerce, and that he "performed yard work for Defendants' clients in New York[.]" However,

- In Paragraph 21 of the complaint, plaintiff admits that RLI provided "landscaping services to residential and commercial clients in Westchester, NY and Fairfield, CT."[3]

---

[1] By filing his letter, Mr. Galvan has certified that "the factual contentions" made therein "have evidentiary support" and that "the denials of factual contentions are warranted on the evidence[.]" FRCP 11.
[2] See excerpt from Complaint, annexed hereto as Exhibit 2.
[3] See excerpt from Complaint, annexed hereto as Exhibit 4.

Hon. Cathy Seibel, USDJ                                        MOSER LAW FIRM, PC

Re: *Galvan v Rolling Lawns, Inc et al.*, Case No. 7:23-cv-06724(CS)

Page 2



- Mr. Galvan served subpoenas upon the RLI clients for whom he provided services, claiming that they had knowledge of the hours he worked.[4]

- Mr. Galvan's attorney stated under oath that Galvan "regularly" worked at the locations where the subpoenas were served.[5]

- One of those subpoenas was served at a location in Connecticut.  The subpoena specifically seeks documents concerning "the hours that Galvan…performed work or services" at the Connecticut location from January 2019 to March 2023.[6]

- Mr. Galvan is well aware that RLI's major supplier is located in Connecticut, and that he picked up materials from this location and transported them into New York State.

Next, Mr. Galvan claims that the vehicles he drove "do not meet the MCA requirements" because they had a Gross Vehicle Weight Rating (GVWR) of 10,000 lbs. or less. DE 186, Page 3, FN 1. However, Mr. Galvan has himself produced photos of a vehicle with a GVWR of 15,995 lbs.[7]

Mr. Galvan also claims that his "wages were decreased because of unlawful discrimination[.]"  However,

- According to Mr. Galvan's damages calculation, his wages were never reduced, but in fact remained at $97,879.19 after 2019.

- Mr. Galvan stated in his interrogatory responses that the amount of cash he received in addition to his payroll check "increased each year and is believed to have been approximately $800 per week in 2022 and 2023."[8]

**Conclusion.**  For the reasons stated in the Defendants' most recent letter to the Court, the Plaintiff should not be permitted to bootstrap his state discrimination claims to his fatally flawed FLSA claim.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC:    All counsel of record via ECF

---

[4] *See* DE 31 (July 16, 2024).

[5] "Declaration of Randi M. Cohen in Opposition to Defendants' Motion for a Protective Order [and] to Quash." D.E. 45, para. 18.

[6] A copy of the Connecticut subpoena is annexed hereto as Exhibit 5.

[7] Said photos, bates stamped PL00013, have been designated as Confidential by Plaintiff.

[8] *See* Snapshot of Interrogatory Response annexed hereto as Exhibit 6.