UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Nepamuceno Galvan,

                          Plaintiff,

        -against-

Rolling Lawns, Inc. et al.,

                         Defendants.
-------------------------------------------------------------------X

23-cv-6724-CS-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

On January 31, 2025, Plaintiff filed a motion for discovery, seeking supplemental ESI from Defendants. (ECF No. 91). Plaintiff seeks text messages from the personal phones of Carmen Vazquez and Alfonso Galvan, two of Defendants' employees. (*Id.* at 4-5). Defendants filed their opposition on February 7, 2025, arguing that they cannot take possession and search their employees' personal devices and instead must request that these employees conduct their own search and then rely on their representations. (ECF No. 92). To this end, Defendants request that they be permitted to file affidavits confirming that such searches took place. (*Id.* at 8). For the reasons stated below, Plaintiff's request is **GRANTED in part and DENIED in part**, and Defendants' request is **GRANTED in part.**

1

## BACKGROUND

On December 11, 2024, the Court conducted a telephonic status conference with the parties about Defendants procuring an ESI vendor to comply with their discovery obligations, among other things. (ECF No. 81). At the end of the conference, the Court ordered the Defendants to file a letter detailing their efforts in doing so. (*Id.*). The Defendants did as much, indicating on December 20, 2024, that they had "obtained all text messages from the cell phones of David Ferraro and Evan Ferraro." (ECF No. 82). They also indicated they had "retained a third party consultant to retrieve responsive text messages based upon the proposed additional search terms." (*Id.*). As alluded to in later filings, these text messages were produced to Plaintiff in accordance with the Court's order.

But discovery issues persisted. At a status conference on January 17, 2025, Plaintiff complained that they did not have text messages between certain parties during a key time period in early 2023 (January to April 2023), the focus of this present dispute. (ECF No. 85). They seek text messages from two witnesses, Carmen Vazquez and Alfonso Galvan. Plaintiff contends that text messages during this key period likely exist between Defendants and these two witnesses because the parties had communicated with each other on a regular basis during time periods leading up to Plaintiff's injury and subsequent termination. (ECF No. 91 at 7 and 8).

Defendants do not explicitly object to producing text messages from these witnesses. Instead, Defendants contend that they cannot take possession of the

2

witnesses' personal devices, even if they are Defendants' current employees and used the phone to conduct business. (ECF No. 92 at 6). Instead, citing privacy and logistical concerns, Defendants propose that they be permitted to request that the witnesses conduct their own search and—in the event there are no responsive messages—be permitted to file an affidavit indicating as much. (*Id.* at 8).

The Court deals with the parties' argument in turn.

## **DISCUSSION**

Under the federal rules, a party may obtain discovery of documents or other items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Courts in this circuit have interpreted control broadly and not limited it to instances when a party has "legal ownership or actual physical possession" of items at issue. *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 334 F.R.D. 68, 72 (S.D.N.Y. 2020); *see also Smith v. Pergola 36 LLC*, No. 1:22-CV-4052 (LJL), 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022). Indeed, a "party is deemed to control documents that it has the legal right or the practical ability to obtain — even where those documents are in the physical possession of non-parties." *Smith*, 2022 WL 17832506, at *4 (quoting *Waite v. UMG Recordings, Inc.*, No. 19-CV-1091 (LAK), 2020 WL 3959185, at *3 (S.D.N.Y. July 13, 2020)) (internal quotation marks omitted). And as it relates to an employer's relationship with their employees, courts have found that employers have control over their employees and can be required to produce documents in their employees' possession. *Smith*, 2022 WL 17832506, at *4 (collecting cases).

3

It seems undisputed here that Defendants have "control" over these witnesses for discovery purposes. As the Court understands it, Defendants still employ these witnesses. And as Plaintiff points out—which Defendants do not contest—these witnesses used their personal cell phones to communicate with the named defendants about business matters like scheduling, absences, and project updates. (ECF No. 91 at 8). According to Plaintiff, the discovery they received indicates that these witnesses communicated with the named defendants almost daily while using their personal phones. (*Id.*). So even though Defendants appear to lack any formal policy that otherwise governs cell phone use at work, the nature of the relationship between these employees, their phones, and the content on them is sufficient to deem Defendants to have "control" over relevant content on these cell phones.

It is also not as though Plaintiff is without justification for his "suspicion that relevant messages may be contained on the employees' personal devices." *Smith*, 2022 WL 17832506, at *4 (quoting *Precision Med. Grp., LLC v. Blue Matter, LLC*, No. 20CIV2974PGGSLC, 2020 WL 7352509, at *3 (S.D.N.Y. Dec. 15, 2020)); *see also In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-CV-8585 (LJL), 2025 WL 27487, at *1 (S.D.N.Y. Jan. 3, 2025). Defendants have not represented that they issue separate company phones for work-related communications. Indeed, Defendants appear to have already produced text messages between the witnesses' personal phones and the named defendants about work-related matters. Thus, there is

4

reason to suspect that similar relevant communications may exist on these witnesses' devices between them and other pertinent parties.

Nor does the Court find Defendants' concerns about potentially invading their employees' privacy sufficient to overcome Plaintiff's right to relevant discovery. First, it is not obvious to the Court that such a search by defense counsel would constitute an invasion into the employees' privacy. As the Court understands it, if the cellphone searches are run against the tailored set of search terms already agreed upon and limited by date range to the disputed time period, then there should "be no greater invasion of privacy by counsel conducting the review than if the employees themselves ran the search and then shared the responsive documents with counsel." *Smith*, 2022 WL 17832506, at *5. Thus, the Court finds that Defendants have a discovery obligation to produce all responsive ESI from the personal cell phones of Carmen Vasquez and Alfonso Galvan, their current employees.

But the real dispute is not whether Defendants have a discovery obligation to produce this responsive ESI; it is whether Defendants must take possession of their employees' cellphones and conduct the searches themselves as opposed to directing their employees to do it. Although the Court finds no prohibition on Defendants' ability to take possession of the cell phones of Carmen Vasquez and Alfonso Galvan for a limited time and for the limited purpose of retrieving responsive ESI, the Court is generally not in the business of instructing counsel on how to conduct its discovery review. Rule 26(g) of the Federal Rules of Civil Procedure recognizes that

5

an attorney must certify that after a "reasonable inquiry," a disclosure is "complete and correct." Fed. R. Civ. P. 26(g)(1)(A). The Advisory Committee Notes to the 1983 Amendment also explain that in satisfying the "duty to make a reasonable inquiry," the attorney "may rely on assertions by the client . . . as long as that reliance is appropriate under the circumstances." *Id.* Courts in this circuit have recognized that compliance with this rule often requires more than just that, though. *Smith*, 2022 WL 17832506, at *5 (citing *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 435 (S.D.N.Y. 2004)). Counsel is ultimately responsible for ensuring their client's compliance with their discovery obligations. And failure to do so in accordance with Rule 26(g) has its own set of consequences, including mandatory sanctions, which should ordinarily be sufficient to ensure a party's production is complete. *See* Fed. R. Civ. P. 26(g)(3).

The Court thus grants Plaintiff's motion to compel responsive supplemental ESI from the cell phones of Carmen Vasquez and Alfonso Galvan, using the targeted search terms agreed upon by the parties and restricted to the date range of January 1, 2023, through April 30, 2023. But the Court will not direct Defendants on how to conduct that search.

Instead, Defendants' counsel must (1) supervise the supplemental searches of ESI from the cellphones of Carmen Vasquez and Alfonso Galvan to ensure compliance with this Court's Order; (2) identify the efforts which were and have been taken from the outset of this case by Defendants to preserve responsive ESI, including texts from the cellphones of Carmen Vasquez and Alfonso Galvan; and (3)

6

submit an affidavit from counsel, Carmen Vasquez, and Alfonso Galvan detailing the efforts made to preserve and produce responsive ESI from the Vasquez and Galvan cellphones, including any statement about whether no responsive documents were located between the time period January and April 2023, and why. Any supplemental production must be produced by **March 21, 2025**. And the affidavits referred to above must be submitted to Plaintiffs and to this Court by no later than **March 28, 2025**. Any lack of compliance with these directives will result in further remedial action by the Court.

***

Finally, Plaintiff filed a letter motion requesting leave to file under seal their brief concerning this dispute. (ECF No. 87). To overcome the presumption of public access afforded to filed documents, the Court must make specific, on the record findings that sealing is (1) necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

Here, Plaintiff argues that they should be permitted to file their brief under seal because it "references discovery documents that have been marked Confidential

by Defendants."[1] (*Id.*). Defendants do not address this request in their opposition to Plaintiff's motion. Upon reviewing the sealed filing, the Court does not see how keeping sealed any of the information cited in Plaintiff's submission would preserve higher values. None of the information seems to concern confidential business interests or financial information. Nor is there any personal identifying information that Courts ordinarily protect, either.

Thus, the Clerk of Court is respectfully directed to change the viewing level of ECF No. 91 to public. The Clerk of Court is also respectfully directed to close out the gavel associated with ECF Nos. 87 and 91.

**SO ORDERED.**

DATED: White Plains, New York
February 26, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[1] The Court does not fault Plaintiff for making this argument, as the parties' confidentiality order required it (absent Defendants' agreement to do otherwise). But as the Court has noted in previous orders, a party's confidentiality designation does not dictate whether the Court will find sealing warranted.