

**Randi M. Cohen**
PARTNER

c (631) 806-3762
f (646) 513-2936
e randi@kalmansoncohen.com

May 16, 2025

**VIA ECF**
Hon. Victoria Reznik, USMJ
United States District Court for
the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

      Re: <u>*Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)</u>

Dear Judge Reznik:

      Pursuant to Your Honor's Order, dated April 9, 2025, Plaintiff respectfully submits this status letter in the above-captioned action (the "Action"). In the Action, Plaintiff asserts claims for age and disability discrimination and failure to pay overtime.

      Rather than work in good faith with Plaintiff to submit a joint letter, Defendants unilaterally submitted a letter to Your Honor at 8:33 a.m. this morning, without sharing a version of their letter with Plaintiff, and without even providing notice of their intent to file unilaterally to Plaintiff. Moreover, Defendants letter is laden with false allegations. Plaintiff proposed a joint letter pursuant to Your Honor's Order dated April 9th, which was shared, in draft form with Defendants on Wednesday, May 14, 2025. Contrary to Defendants' assertion, the proposed draft letter does *not contain* any motion to compel. In response to our draft, Defendants responded yesterday afternoon stating: "Joni . . . This is not a status report. It's a motion. Please provide a status report. Steve" *See* Exhibit A, attached hereto. Plaintiff responded right away: "Steve: Our instructions are to advise the court of the current status, which is what we have done. We outlined what we have accomplished and what remains in dispute. Please insert your position on what remains outstanding or we will inform the Judge that you declined to participate in the formulation of a joint letter." *Id*. Defendant never responded; instead, they filed their so-called "status" letter unilaterally. A copy of Plaintiff's draft to Defendants is included herein as Exhibit B. Accordingly, Plaintiff respectfully submits this letter unilaterally.

### I.     <u>Outstanding Document Discovery Issues</u>:

      Plaintiff has sought cell phone authorizations from Defendants, which to date, Defendants have refused to provide to Plaintiff. As Your Honor is aware, Plaintiff has made numerous attempts to obtain responsive communications, *i.e.*, text messages and/or emails, from Defendants and non-parties for critical blocks of time during which text messages (*all* text messages) are mysteriously unavailable. These time periods correlate to Plaintiff's injury and termination. Defendants and non-parties have sworn, under oath, that those messages do not exist. It is highly suspicious that text messages exist, nearly daily, between Defendant Evan Ferraro and non-party Carmen Vasquez

regarding the scheduling of laborers for years, **except** during these two critical time periods. Defendants were on notice of these claims by May 18, 2023, within 60 days of Galvan's termination, and therefore, aware of their obligations to preserve documents by at least that time.

It is for this reason, as outlined in Plaintiff's letter motion to Your Honor, dated January 31, 2025, that Plaintiff continues to believe that spoliation occurred. Accordingly, Plaintiff sent cell phone authorizations to Defendants David and Evan Ferraro on April 7, 2025. Plaintiff seeks the very same authorization that Defendants had previously requested that Plaintiff sign. While Plaintiff still believes the authorizations sought by Defendants to be overbroad, in an effort to work together in good faith, Plaintiff nevertheless signed and returned his cell phone authorization on April 11, 2025. There is no basis for Defendants to refuse to provide the same kind of authorizations and we ask Your Honor to order their production.[1]

Rule 26(b) of the Federal Rules of Civil Procedure provides for a broad scope of discovery, including evidence that is reasonably calculated to lead to the discovery of admissible evidence. There is no question that discovery intended to ascertain why Plaintiff was terminated in February 2023 (after he spent thirty years with Rollings Lawns, Inc.) is well within the scope of relevancy to the main allegations in this matter. This issue remains unresolved.

Since our last conference before Your Honor, Plaintiff invited Defendants to engage in private mediation. Defendants declined, and no further settlement overtures have been made.

## II.    Depositions

Despite the outstanding issues with document discovery, the parties have scheduled the following depositions:

- Non-party Carmen Vazquez on May 27, 2025;
- Plaintiff Nepamuceno Galvan on June 9, 2025;
- Defendant Evan Ferraro on June 11, 2025;
- Defendant David Ferraro on June 16, 2025;
- Non-party Jovani Escobar on June 19, 2025;
- Non-party Delfino Segundo on June 30, 2025;
- Non-party Alfredo Pineda's deposition on July 8, 2025.

---

[1] Defendants also failed, despite requests for the same, to provide Plaintiff with the medical records Defendants obtained via third-party subpoena issued by Defendants. Defendants held these records without production for over 8 months, in one instance, and 4 months in another. Plaintiff has requested an explanation for the same, and Defendants have refused to respond.

Today, for the first time, in their letter, Defendants argue that (1) Ms. Vazquez's deposition should be scheduled for *after* party depositions, and (2) all depositions should be delayed until resolution of Defendants' pending partial motion to dismiss.

As to the first matter, Defendants create an issue where one does not exist. Plaintiff served the subpoena on Ms. Vazquez *prior* to setting the dates for depositions of parties. In fact, beginning on April 7, Plaintiff sought deposition dates for parties from Defendants. Of note, at that time, Plaintiff understood Ms. Vazquez to be a *party* witness, given that she is a current employee of Rolling Lawns. It was only on or about April 18, 2025, that counsel for Defendants advised that he could not accept a deposition notice for Ms. Vazquez and would not be representing her at her deposition. Plaintiff requested deposition dates multiple times over the next several weeks.

Then, on May 6, 2025, Plaintiff sent notice of the subpoena to Ms. Vazquez to Defendants, and sent it to the process server that same day for service. It was the next day, May 7, 2025, that Defendants finally provided deposition dates for Evan and David Ferraro. Defendants never raised the issue of adjourning Ms. Vazquez's deposition with Plaintiff. Had they done so, Plaintiff would have worked to find a mutually-agreeable date for Ms. Vazquez after party depositions. We remain willing to do so.

As to the second matter, there is no stay of discovery in this case, document discovery has continued, and even if Defendants *win* the motion to dismiss (which Plaintiff does not believe will occur), discovery will nevertheless proceed on the remaining claims. Accordingly, we respectfully request that depositions proceed.

Very truly yours,

**/s/ Randi M. Cohen**

cc: Steven Moser, Esq., counsel for Defendants (via ECF)