# EXHIBIT B

May 16, 2025

**VIA ECF**
Hon. Victoria Reznik, USMJ
United States District Court for
the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

      Re: *Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik:

      Pursuant to Your Honor's Order, dated April 9, 2025, the parties respectfully submit this joint status letter in the above-captioned action (the "Action"). In the Action, Plaintiff asserts claims for age and disability discrimination and failure to pay overtime.

      The parties have been attempting to proceed through discovery, though certain document discovery issues remain outstanding. Those issues are outlined below.

### I.    Plaintiff's Position with Respect to Outstanding Discovery Issues:

      Plaintiff has sought cell phone authorizations from Defendants, which to date, Defendants have refused to provide to Plaintiff. As Your Honor is aware, Plaintiff has made numerous attempts to obtain responsive communications, *i.e.*, text messages and/or emails, from Defendants and non-parties for critical blocks of time during which text messages (*all* text messages) are mysteriously unavailable. These time periods correlate to Plaintiff's injury and termination. Defendants and non-parties have sworn, under oath, that those messages do not exist. It is highly suspicious that text messages exist, nearly daily, between Defendant Evan Ferraro and non-party Carmen Vasquez regarding the scheduling of laborers for years, **except** during these two critical time periods. Defendants were on notice of these claims by May 18, 2023, within 60 days of Galvan's termination, and therefore, aware of their obligations to preserve documents by at least that time.

      It is for this reason, as outlined in Plaintiff's letter motion to your Honor, dated January 31, 2025, that Plaintiff continues to believe that spoliation occurred. Accordingly, Plaintiff sent cell phone authorizations to Defendants David and Evan Ferraro on April 7, 2025. Plaintiff seeks the very same authorization that Defendants had previously requested that Plaintiff sign. While Plaintiff still believes the authorizations to be overbroad, in an effort to work together in good faith, Plaintiff nevertheless signed and returned his cell phone authorization on April 11, 2025. There is

no basis for Defendants to refuse to provide the authorizations and we ask Your Honor to order their production.[1]

Rule 26(b) of the Federal Rules of Civil Procedure provides for a broad scope of discovery, including evidence that is reasonably calculated to lead to the discovery of admissible evidence. There is no question that discovery intended to ascertain why Plaintiff was terminated in February 2023 (after he spent thirty years with Rollings Lawns, Inc.) is well within the scope of relevancy to the main allegations in this matter.

Since our last conference before Your Honor, Plaintiff invited Defendants to engage in private mediation. Defendants declined, and no further settlement overtures have been made.

## II. **Defendants' Position with Respect to Outstanding Discovery Issues**: [INSERT]

## III. **Depositions**

Despite the outstanding issues with document discovery, the parties have worked together to schedule depositions, and are thus far scheduled to take the following depositions in this matter:

- Non-party Carmen Vazquez on May 27, 2025;
- Plaintiff Nepamuceno Galvan on June 9, 2025;
- Defendant Evan Ferraro on June 11, 2025;
- Defendant David Ferraro on June 16, 2025;
- Non-party Jovani Escobar on June 19, 2025;
- Non-party Delfino Segundo on June 30, 2025;
- Non-party Alfredo Pineda's deposition on July 8, 2025.

Very truly yours,

**/s/ Randi M. Cohen**

---

[1] Defendants also failed, despite requests for the same, to provide Plaintiff with his medical records, obtained by third-party subpoena issued by Defendants for over 8 months, in one instance, and 4 months in another. Plaintiff has requested an explanation for the same, and Defendants have failed to respond.