USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

Nepamuceno Galvan,                                      7:23-cv-06724-VR

                                    Plaintiff,

                                                        **OPINION & ORDER**

                    -against-

Rolling Lawns, Inc., David Ferraro, Evan
Ferraro,

                                    Defendants.

------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**[1]


        Plaintiff filed this action on August 1, 2023, alleging claims against

Defendants for violating the Fair Labor Standards Act (the "FLSA") and New York

Labor Law (the "NYLL") based on failure to pay overtime wages and failure to

provide wage statements and payroll notices, as well as the New York State Human

Rights Law (the "NYSHRL") for age and disability-based discrimination. (ECF No.

1). Before the Court is the parties' application to approve their settlement

agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199

(2d Cir. 2015). (ECF Nos. 127, 127-1 (FLSA/NYLL Settlement Agreement), 134).[2]

For the reasons below, the application is **DENIED without prejudice**, subject to

---

[1] The parties have consented to the Court's jurisdiction under 28 U.S.C. §636(c). (ECF No. 130).
[2] At the Court's direction, (ECF No. 131), Plaintiff submitted supplemental information regarding (1) an estimate of Plaintiff's maximum recovery if he were to prevail at trial; (2) Plaintiff's counsel's contingency fee; (3) Plaintiff's counsel's direct expenses; (4) the "Joint Stipulation for Dismissal with Prejudice" referenced in the proposed settlement agreement; and (5) Plaintiff's counsel's contemporaneous billing records for this case, (ECF No. 134).

the parties' revised allocation of the settlement proceeds between Plaintiff and his counsel. Although the settlement is fair and reasonable, the current allocation incorrectly calculates counsel's attorneys' fees.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g., Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). In doing so, district courts consider the "totality of circumstances," including the following factors: (1) plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement results from arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Fisher*, 948 F.3d at 600 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In addition, the following factors "weigh against approving a settlement": (1) the existence of other employees situated similarly to a plaintiff; (2) a likelihood that a plaintiff's circumstance will recur; (3) a history of FLSA non-compliance by

2

the same defendant employer or other employers in the same industry or geographic region; and (4) the desirability of a mature record and a demand for the governing factual or legal issue to further the development of the law either generally or in a particular industry or workplace. *Wolinsky*, 900 F. Supp. 2d at 336. "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotation marks and citation omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, No. 14-cv-9063, No. 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (citation omitted).

### A. Settlement Agreement

As a preliminary matter, the Court notes that the parties are simultaneously entering into a separate settlement agreement resolving Plaintiff's employment discrimination claims under the NYSHRL, which the Court dismissed without prejudice. (ECF No. 127 at 1; Minute Entry for proceedings held before Judge Cathy Seibel (ECF 06/25/2025)). A bifurcated settlement of FLSA/NYLL claims, which require approval under *Cheeks*, and NYSHRL claims, which do not, is generally permissible. *See Cronk*, 2021 WL 38264, at *6 (collecting cases).

After reviewing the parties' submissions and considering the totality of the circumstances, the Court finds the proposed settlement agreement fair and

reasonable, except for the payment allocation between Plaintiff and his counsel's

attorneys' fees, discussed in Section B. As explained below, all five *Wolinsky* factors

favor approval of the settlement's remaining terms.

First, the Court considers Plaintiff's "range of possible recovery" and

compares it with the amount he would receive under the settlement. Here, Plaintiff

estimates his total damages, before liquidated damages, at about $30,000 for full

recovery of unpaid overtime wages. (ECF No. 134 at 3). After the Court ordered

supplemental information on Plaintiff's estimated recovery if he prevailed at trial,

Plaintiff's counsel explained that, based on disputed time clock records, Plaintiff's

maximum total recovery on his FLSA claims would be about $30,000. (*Id.*) The

proposed settlement agreement provides for a total settlement payment of $19,000,

inclusive of attorneys' fees and costs. (ECF No. 127-1 at 1–2). That amount is more

than 60% of Plaintiff's maximum total recovery. After deducting $7,035 in costs,

Plaintiff would receive $4,840, and his attorneys would receive $7,125. (*Id.* at 2). As

discussed below, the Court takes issue with counsel's calculation of attorneys' fees.

But even under counsel's proposed allocation, after deducting fees and expenses,

Plaintiff would receive about 16% of his total estimated recovery. Although on the

low end, that percentage falls within the range courts in this District have approved

in FLSA cases. *See, e.g., Soto v. Triumph Constr. Corp.,* No. 21-CV-2449 (VSB),

2023 WL 3483753, at *3 (S.D.N.Y. Apr. 26, 2023) (approving settlement amount to

Plaintiff that "still represents approximately 15% of the total possible recovery");

*Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-CV-9632(AJN), 2019 WL 330631, at *1

(S.D.N.Y. Jan. 25, 2019) (approving settlement where plaintiff received "20 per cent of the total possible" amount recoverable at trial); *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff received "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range") (collecting cases).

Second, the Court considers whether the settlement will allow the parties to avoid further expenses and burdens in proving their claims and defenses. Although the parties already conducted discovery for nearly a year and a half, settlement will spare them substantial costs from motion practice, trial preparation, and trial. *See Perez v. Pearl River Pastry, LLC*, No. 21-CV-1259 (AEK), 2022 WL 14757824, at *2 (finding that the proposed settlement would allow parties to avoid "the expense of motion practice and trial").

Third, the Court evaluates the seriousness of the litigation risks faced by the parties. Both sides face risks here. They sharply dispute whether Plaintiff was misclassified as an exempt employee, a determination that would control his entitlement to overtime pay. Each side's prospects at trial therefore turn on a contested factual issue, which suggests that the settlement reflects a reasonable compromise. *See Palma Flores v. M Culinary Concepts, Inc.*, No 19-CIV-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) ("[T]he adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the

5

settlement, and if the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." (citation modified)). Given Plaintiff's evidentiary challenges, especially in obtaining witness testimony about his hours worked, he faces a real risk of no recovery on his overtime claims. (ECF No. 134 at 3).

As to the fourth and fifth factors, the Court considers whether the settlement agreement was reached through arm's-length bargaining between experienced counsel and whether it appears to be free from fraud or collusion. Here, nothing in the record suggests otherwise. The parties engaged in vigorously contested discovery, several mediation conferences over several months, and further independent settlement negotiations. (*See* Minute Entries for proceedings held before SDNY Mediation (ECF 03/26/2024; 07/30/2024; 09/18/2024; 10/15/2024); Letters (ECF Nos. 119, 121, 123, 125)). *See Almanzar v. Silver Star Properties Corp.*, 699 F. Supp. 3d 253, 256 (S.D.N.Y. 2023) (finding the fourth and fifth *Wolinsky* factors satisfied because plaintiff was represented by experienced counsel, parties participated in mediation with the court's volunteer mediators, and there was no indicia of fraud or collusion).

In addition, none of the *Wolinsky* factors weighs against approval of the settlement agreement. This case involves one plaintiff; the agreement affects only him; and the Court is unaware of similarly situated employees. Because Plaintiff's employment with Defendants has ended, the circumstances giving rise to this lawsuit are unlikely to recur. (ECF No. 1 ¶ 80). The Court is also unaware of any

history of FLSA non-compliance by this employer, and the complaint does not appear to raise novel factual or legal issues that would advance the law in this area.

Finally, the proposed settlement agreement has no problematic provisions that would bar approval. It has no confidentiality or non-disparagement provisions, and its release is properly limited to the wage and hour claims asserted here and related claims that could have been asserted. (ECF No. 127-1 at 2). *See also Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016); *Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).

## B. Attorneys' Fees and Costs

If a proposed FLSA settlement includes attorneys' fees, the court must also assess whether the fee award is reasonable. *See Fisher*, 948 F.3d at 600; *see also* 29 U.S.C. § 216(b) ("The court . . . *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)). In deciding what portion of an FLSA settlement is reasonably allocated to attorneys' fees, a court may use either the "lodestar" method or the "percentage of the fund" method. *Xiao*, 2016 WL 4074444, at *2. Under the latter approach, courts in this District "regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Id.* (collecting cases); *see also Santos*, 2021 WL 431451, at *2; *Nash v. Countywide Carting, LTD,* 19-cv-9138 (AEK), 2022 WL 602998, at *4 (S.D.N.Y. March 1, 2022).

Here, the proposed settlement agreement awards Plaintiff's counsel $14,160 in fees and costs, consisting of $7,125 in attorneys' fees and $7,035 in out-of-pocket expenses. (ECF No. 127-1 at 2). Counsel originally sought a contingency fee of 37.5% under their retainer agreement. (ECF No. 127 at 4). When asked why that fee exceeded the one-third contingency fee typically approved in this Circuit, counsel explained that they inherited this case from predecessor counsel, who had agreed with Plaintiff to a 38% contingency fee. (ECF No. 134 at 3). Counsel has since agreed to reduce the fee to $6,333, or 33.3% of the recovery, while still seeking $7,035 in expenses. (*Id.* at 4). Under that proposal, Plaintiff would receive $5,632, and his counsel would receive $13,368, consisting of $6,333 in attorneys' fees and $7,035 in expenses.

But the issue is less the percentage sought than the denominator used. "[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs." *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (emphasis in original). *See also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 CIV. 6667 PAE, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs." (citation omitted)); *Nash*, 2022 WL 602998, at *4 ("Plaintiffs' counsel has erroneously calculated the fee amount using the total settlement *inclusive* of costs." (emphasis in original)).

Here, Plaintiff's counsel erroneously calculated the fee using the total settlement *inclusive* of costs ($19,000 x 33.3% = $6,333), rather than the settlement *net* of costs ($19,000 less $7,035 in costs = $11,965 x 33.3% = $3,988). As a result, even with counsel's proposed concession, fees and costs would consume about 70% of the total settlement. And after deducting expenses, attorneys' fees alone would take about 53% of the remaining settlement amount. That is well above even the original 37.5% contingency fee. Such a large allocation to counsel, as compared to Plaintiff, is neither reasonable nor fair absent "special circumstances that might justify a fee exceeding the presumptive one-third ceiling." *Minter v. Hess Corp.*, No. 22-CV-1538 (VSB), 2024 WL 4604533, at *1–2 (S.D.N.Y. Oct. 28, 2024) (citation omitted) (declining to approve a request for attorneys' fees and costs that represented approximately 43% of the total recovery because it "awards an unreasonably high portion of the settlement" to plaintiff's attorney); *see also Thornhill v. CVS Pharmacy, Inc.*, No. 13 CIV. 5507 JMF, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (finding the proposed attorney's fee award excessive where "the size of the requested fee in relation to the total settlement—approximately 52%—is unreasonably high").

Correcting that error, and calculating the contingency fee based on the settlement net of costs, Plaintiff's counsel would receive $11,023, consisting of $3,988 in attorneys' fees and $7,035 in expenses. Plaintiff would receive the remaining $7,977. The Court finds that allocation reasonable. *Santos,* 2021 WL

431451, at *2 ("[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." (citation omitted)).

Yet, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id*. (citation omitted). To that end, plaintiff's counsel submitted contemporaneous time records to support the fee request.[3] (ECF Nos. 134-1, 134-2). Applying the lodestar method, counsel explains that they have many years of employment law experience and collectively worked over 500 hours on this matter, about half of which was devoted to the FLSA claims, at hourly rates ranging from $550 to $650. That would produce a lodestar fee of $137,500 to $162,500.[4] (ECF No. 134-1 ¶¶ 28–33). The corrected attorney's fee award of $3,988 is only a small fraction of the lodestar, and is fair and reasonable on these facts. *See Fuentes v. Highgate Cleaners Inc.*, No. 20-cv-3925 (OTW), 2022 WL 14717835, at *2 (S.D.N.Y. Oct. 25, 2022) (finding attorney's fees award reasonable where it is "less than [p]laintiff's counsel's stated lodestar"); *Gervacio*, 2019 WL 330631, at *3 ("The true lodestar amount is [ ] greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

---

[3] Plaintiff's counsel asserts that contemporaneous time records are not required, but the Second Circuit has said that adequate documentation must be provided in support of a request for attorney's fees. *Fisher*, 948 F.3d at 600. Indeed, "[a]ll applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating for each attorney the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983).

[4] Because the Court finds the requested fee—after correction—to be reasonable, it will not separately address whether the rate and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

Counsel also submitted receipts documenting more than $14,000 in costs and expenses, of which they seek only $7,035 attributable to Plaintiff's FLSA/NYLL claims. (ECF No. 134-1 ¶ 32; 134-3). The Court grants this request because counsel may recover reasonable and substantiated out-of-pocket expenses. *See, e.g., Cortes*, 2016 WL 3455383, at *6 ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." (citations omitted)).

## CONCLUSION

For the reasons stated above, the parties' application for approval of the proposed settlement agreement is **DENIED without prejudice**. Within 30 days of entry of this Order, the parties may submit a revised settlement agreement that corrects the payment allocation between Plaintiff and his counsel as described above, along with a short letter motion confirming the changes. If they do so, the Court will promptly review and approve it.

**SO ORDERED.**

DATED:    White Plains, New York
          June 17, 2026

_____
VICTORIA REZNIK
United States Magistrate Judge