

**KALMANSON COHEN**

**Randi M. Cohen**
PARTNER

c  (631) 806-3762
f  (646) 513-2936
e  randi@kalmansoncohen.com

July 14, 2026

**VIA ECF**
Hon. Victoria Reznik, USMJ
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

> Re: *Galvan v. Rolling Lawns, Inc. et al.*, Case No. 7:23-cv-06724(CS)(VR)

Dear Judge Reznik:

We represent Plaintiff, Nepamuceno Galvan in the captioned action, and we respectfully submit this letter and the attached revised FLSA Settlement Agreement, signed by our client, pursuant to the Court's June 17, 2026 Opinion & Order.  To date, Defendants have failed and refused to sign the revised settlement agreement in violation of Your Honor's Order.

In its Order, the Court found the proposed settlement agreement to be fair and reasonable but denied approval of the settlement without prejudice subject to a correction of the payment allocation between Plaintiff and his counsel. Specifically, the Court identified that Plaintiff's counsel had erroneously calculated its fee using the total settlement inclusive of costs, rather than the settlement net of costs.

In accordance with the Court's Order, the parties have revised Paragraph 2 of the Settlement Agreement to correct the allocation as directed by the Court. Under the revised agreement:

- Plaintiff will receive $7,977.00;

- Plaintiff's counsel will receive $11,023.00, consisting of $3,988.00 in attorneys' fees (calculated as 33.3% of the settlement net of costs) and $7,035.00 in expenses.

This allocation complies with the Court's instruction to calculate the contingency fee based on the settlement net of costs ($19,000 less $7,035 in costs = $11,965 x 33.3% = $3,988).

All other terms of the FLSA Settlement Agreement remain unchanged. A copy of the FLSA Settlement Agreement is attached hereto as Exhibit A.

As the Court is aware, at the time that the parties executed the FLSA Settlement Agreement, the parties simultaneously executed a settlement agreement concerning Plaintiff's NYSHRL

claims.  That agreement is attached hereto as Exhibit B.  The NYSHRL Settlement Agreement provides, in relevant part:

> Notwithstanding the foregoing, if the Court determines that the amount allocated to claims arising under the FLSA and/or the NYLL under the annexed FLSA SETTLEMENT AGREEMENT is not fair and reasonable, or otherwise declines to approve the FLSA SETTLEMENT AGREEMENT, the parties agree to cooperate in good faith to re-allocate the settlement funds between this Agreement and the FLSA/NYLL SETTLEMENT AGREEMENT, and make other modifications to the FLSA/NYLL SETTLEMENT AGREEMENT as necessary in order to consummate the FLSA/NYLL SETTLEMENT AGREEMENT and all other remaining claims. Plaintiff's counsel shall be responsible for filing the motion for approval of the FLSA/NYLL SETTLEMENT and renewed motion.

Exhibit B, Section 2(d).

On June 24, 2026, we transmitted an earlier version of this letter, together with the revised settlement agreement to counsel for Defendants, Steven Moser.  Having not received a response, counsel followed up with Mr. Moser on June 26, 2026.  That same day, Mr. Moser responded that he had forwarded the revised agreement and letter to his client and would get us an "answer as soon as possible."  Then, having still not received a signed agreement, on June 30, 2026, we followed up with Mr. Moser again.

On July 1, 2026, Mr. Moser called counsel for Plaintiff and stated that Defendants, in spite of the language agreed upon in the NYSHRL Settlement Agreement were pushing back on signing the revised agreement because they did not want Plaintiff (as opposed to Plaintiff's counsel) receiving additional funds.  Counsel for Plaintiff explained that, not only did counsel not view the Court's decision as discretionary, but Defendants agreed to the settlement amount *without knowing* the allocation of the funds as between counsel and client, and so the Court's decision did not actually change a material provision of the agreement.  Counsel for Defendants agreed with this historical account, and stated that he would discuss with his client.

On Tuesday, July 7, 2026, Mr. Moser wrote to counsel for Plaintiff: "We will provide a copy of the revised agreement with our clients' electronic signatures."  But then, on July 8, 2026, there was a verbal dispute between Plaintiff Nepamuceno Galvan and Defendant, David Ferraro which, according to Mr. Galvan, was incited by Mr. Ferraro following him in his vehicle, and threatening to put Mr. Galvan in jail. That day, the undersigned emailed Mr. Moser noting that there was an altercation between the clients (noting no blame on either party), and asking again that we please receive the signed agreements.  Having again received no response, two days later, on July 10, 2026, Ms. Kalmanson emailed Mr. Moser stating that we only had one week left and would have to file unilaterally should we not receive signed copies.

That same day, Mr. Moser called Ms. Kalmanson.  Defendants, he relayed, were now refusing to sign the agreement because, according to Mr. Moser, *other employees of Rolling Lawns* had supposedly filed claims with the NYS Human Rights Commission in May or June of 2025 that had purportedly *just been served* on Defendants.  Defendants believed that Mr. Galvan had purportedly encouraged these individuals to file claims, and so Defendants were reneging on the deal reached 5-6 months ***after*** those claims had supposedly been filed.  Counsel for Plaintiff explained that not only did she have no knowledge of any of this, but that it is irrelevant to the actual case, and that the parties had a deal to resolve all of the claims between them. Defendants' counsel again suggested that he would work on getting the revised FLSA Settlement Agreement signed.

Later that day, counsel for Plaintiff again reached out to Mr. Moser via email stating:

We've had a chance to circle up on our side, and want to draw your attention to paragraph 2(d) of the NYSHRL settlement agreement which requires the parties to work together to consummate the settlements, in the event of a denial or other issue with FLSA settlement agreement approval.

This was an integral understanding to signing.  Given the time sensitivities at play, if we don't have a signed agreement by Monday, we are going to file and bring the issues to the Court's attention.

Of course, I hope that none of this is necessary.

Both the NYSHRL and FLSA Settlement Agreements were negotiated at arms' length. Defendants did not oppose Plaintiffs' counsel's unilateral decrease in fees submitted to the Court on May 8, 2026, and should not be permitted to take advantage of the Court's Order to renegotiate the terms of the deal based on unrelated events that (supposedly) happened months prior to signing the Agreement.  The parties ***expressly*** agreed to work in good faith to revise the settlement agreements in accordance any Order of the Court.  Defendants are now refused to do so.

The Court has sought a change to *none* of the material terms, and it is Plaintiff's position the Defendants should be bound to the agreements.  Therefore, Plaintiff respectfully requests that the Court approve the revised FLSA Settlement Agreement and enter the attached Joint Stipulation and Order of Dismissal with Prejudice.  In the alternative, Plaintiff respectfully requests a conference with the Court to discuss these issues, and work to resolve the case.  Plaintiff further respectfully requests an extension of time to submit a fully executed revised FLSA Settlement Agreement until such a conference can be schedule.

Thank you for your consideration.

Respectfully submitted,

3

_/s/ Randi M. Cohen_
Randi M. Cohen
KALMANSON COHEN, PLLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, NY 10006
randi@kalmansoncohen.com
*Attorneys for Plaintiff Nepamuceno Galvan*

cc: Steven Moser, Esq., counsel for Defendants
att

4