## <u>FLSA/NYLL SETTLEMENT AGREEMENT</u>

This FLSA/NYLL SETTLEMENT AGREEMENT is made and entered into by and between Nepamuceno Galvan, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), on the one hand, and Rolling Lawns, Inc, David Ferraro and Evan Ferraro (together "Defendants"), on the other hand.

## <u>RECITALS</u>

**WHEREAS**, on August 1, 2023, Galvan caused to be filed a lawsuit captioned *Nepamuceno Galvan v. Rolling Lawns, Inc. et al.,* Civil Docket No. 7:23-cv-06724 in the United States District Court for the Southern District of New York (the "Lawsuit");

**WHEREAS**, in the Lawsuit, Galvan asserted claims for overtime violations of the Fair Labor Standards Act ("FLSA", Count 1), unpaid overtime under the N.Y. Labor Law and the supporting regulations ("NYLL", Count 2), recordkeeping violations under the FLSA (Count 3), discrimination in violation of the New York State Human Rights Law ("NYSHRL", Counts 4-8), an violations of the wage notice and wage statement provisions of the NYLL (Counts 9-10, respectively);

**WHEREAS**, on January 9, 2024, Plaintiff agreed to withdraw his Fair Labor Standards Act ("FLSA") Recordkeeping claim (Count 3) and his claim for Failure to Furnish Wage Statements pursuant to NYLL Section 195(3) (Count 10) with prejudice;

**WHEREAS,** on July 10, 2025 the Court dismissed Plaintiff's NYSHRL Claims (Counts 4-8) without prejudice for lack of subject matter jurisdiction;

**WHEREAS,** Plaintiff's surviving claims in the Lawsuit include unpaid overtime under the FLSA (Count 1), unpaid overtime under the NYLL (Count 2), and statutory damages for wage statement violations under the NYLL (Count 9);

**WHEREAS,** Defendants have denied, and continue to deny, all of Galvan's allegations raised in the Lawsuit and any other allegations of wrongdoing with respect to Galvan; and

**WHEREAS**, the Parties have engaged in substantial arms-length settlement negotiations and now wish to amicably resolve this dispute.

**NOW, THEREFORE**, in consideration of the covenants, conditions, and promises set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The Parties acknowledge that the statements and "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this FLSA/NYLL SETTLEMENT AGREEMENT.

2.      **Consideration**. Defendant shall pay Plaintiff the sum of Nineteen Thousand Dollars and no cents ($19,000.00) (hereinafter, the "FLSA/NYLL Settlement Amount"), payable within 10 days of the Effective Date (as hereinafter defined) as follows:

(a)    One check made payable to "Nepamuceno Galvan" in the amount of $7,977.00 for which Defendants will issue an IRS Form 1099.

(b)    One check made payable to "Kalmanson Cohen, PLLC" in the total amount of $11,023, representing Galvan's claims for attorneys' fees and expenses under the FLSA and the NYLL, for which Defendants will issue an IRS Form 1099 to Kalmanson Cohen, PLLC.

3.    **Stipulation of Dismissal with Prejudice.**   Pursuant to Paragraph 7 below, concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto, which will be filed with the Court along with Plaintiff's Motion for Approval of the Settlement Agreement.

4.    **Release of Claims.** Plaintiff Nepamuceno Galvan, individually and each on behalf of himself and, if any, his estate, spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all claims, known and unknown, asserted or unasserted, which he has or may have against Defendants, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or Former employees, agents, independent contractors, vendors, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities, (collectively, with Defendant, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA, or the NYLL.

5.    **Claims Excluded from the Agreement.** Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiff from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiffs are waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiff's behalf.

6.    **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice.**   Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto, which will be filed with the Court with the request for approval of this Agreement and will not be effective unless and until the Court approves this Agreement.

7.    **Taxes and Withholding.** If, for any reason, it is determined by any federal, state, or local taxing authority that any portion of the payments set forth in Paragraph 2 should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility

for the payment of his share of any employee taxes, interest, and penalties assessed in connection with the portion paid.

8.    **No Admission of Liability.** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.    **Bona Fide Dispute.** This Agreement is in settlement of disputed claims. The Parties agree that there is a *bonafide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims, and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bonafide* dispute.

10.    **Changes to the Agreement.** This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

11.    **Severability.** The Parties agree that, in the event any provision(s) of this Agreement, other than Paragraph 4, is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

12.    **Governing Law.** This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to conflict of laws principles.

13.    **Assignment of Claims.** Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

14.    **Effective Date**. This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiff signs and returns this Agreement and the Settlement Agreement and General Release of Claims to Defendants' Counsel; (b) Plaintiff's Counsel signs and returns the Stipulation of Dismissal with Prejudice to Defendants' Counsel; (c) Defendants' Counsel receives a completed W-9 form from Kalmanson Cohen, PLLC, and Plaintiff; and (d) the Court approves this Agreement and the Stipulation of Dismissal with Prejudice, such that the Stipulation is "so ordered" and the Action is dismissed with prejudice and closed (the "Effective Date").

**IN WITNESS THEREOF**, and intending to be legally bound hereby, each of the Parties hereto has read the foregoing Agreement and accept and agree to the provisions contained herein and caused this Agreement to be executed on the day set forth below their signature.

NEPAMUCENO GALVAN                    ROLLING LAWNS, INC.

_____              By:_____
Signature                            Signature
                                     Title: _____

Date:___7/14/2026_____              Date:_____


                                     DAVID FERRARO

                                     _____

                                     Signature


                                     EVAN FERRARO

                                     _____

                                     Signature

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEPAMUCENO GALVAN,

                    Plaintiff,

          v.

ROLLING LAWNS, INC., DAVID FERRARO,
and EVAN FERRARO,

                    Defendants.

Docket No.: 23-cv-06724

**JOINT STIPULATION AND ORDER
OF DISMISSIAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between Nepamuceno Galvan and Rollings Lawns, Inc., David Ferraro, and Evan Ferraro (the "parties"), and ordered by the Court, that:

(a)      the parties' settlement, including but not limited to the settlement of claims under the Fair Labor Standards Act, and the New York Labor Law is fair and reasonable; and

(b)      all surviving claims, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party.

_____

Randi M. Cohen, Esq.
KALMANSON COHEN, PLLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
T: (646) 759-3655
randi@kalmansoncohen.com
Attorneys for Plaintiff

_____

Steven J. Moser
MOSER LAW FIRM, PC
133C New York Avenue
Huntington, NY 11743
T: 631-759-4054
Steven.moser@moserlawfirm.com
Attorneys for Defendants

Dated:

SO ORDERED:

_____